NOs. 22-1783 and 22-2055

In the

# United States Court of Appeals for the Third Circuit

**THOMAS J. KAIRYS,**
**Appellee**

v.

**SOUTHERN PINES TRUCKING, INC.,**
**Appellant**

---

**BRIEF FOR APPELLANT SOUTHERN PINES TRUCKING, INC.**
**AND JOINT APPENDIX VOLUME I – A.1a-109a**

---

On consolidated appeals from the Final Judgment (ECF 132) entered March 31,
2022 pursuant to the March 31, 2022 Opinion (ECF 131) and Order and Judgment
entered May 9, 2022 (ECF 146), of the United States District Court for the
Western District of Pennsylvania, No. 2:19-cv-1031-NR

---

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
Audrey J. Copeland, Esq.   PA I.D. No. 44291
620 Freedom Business Center, Suite 405
King of Prussia, PA 19406
Ph: (610) 354-8274/Fax: (610) 354-8299

Teresa O. Sirianni, Esq.   PA I.D. 90472
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
Ph:(412) 803-1140  Fax:(412) 803-1188/fax

*Attorneys for Appellant Southern Pines Trucking, Inc.*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Appellant Southern Pines Trucking, Inc. has no parent companies.

There are no publically owned companies that hold 10% or more of

Appellant Southern Pines Trucking, Inc.'s stock.

There is no publically owned company not a party to the proceeding before

this Court that has a financial interest in the outcome of this proceeding.

> MARSHALL DENNEHEY WARNER
> COLEMAN & GOGGIN
> */s/ Audrey Jacobsen Copeland*
> AUDREY JACOBSEN COPELAND, ESQ.
> 620 Freedom Business Ctr., Ste. 405
> King of Prussia, PA  19406
> (610) 354-8274
> *Attorneys for Appellant*
> *Southern Pines Trucking, Inc.*

Date: November 16, 2022

# **TABLE OF CONTENTS**

<u>Page</u>

TABLE OF AUTHORITIES                                              i

STATEMENT OF JURISDICTION                                        1

STATEMENT OF RELATED CASES                                       1

STATEMENT OF ISSUES PRESENTED FOR REVIEW                         2

    I.    PROCEDURAL HISTORY                               4

        A.    Plaintiff's claims for disability, age discrimination and retaliation      4

        B.    Jury trial and defense verdict on discrimination and retaliation claims for ADA, ADEA, PHRA and advisory defense verdict on ERISA      4

        C.    District Court's decision on ERISA claim      5

        D.    The District Court's May 9, 2022 award for attorney fees and costs      8

    II.    STATEMENT OF THE FACTS                          9

    III.    RULINGS UNDER REVIEW                           10

SUMMARY OF THE ARGUMENT                                          11

ARGUMENT                                                         14

    I.    THE DISTRICT COURT ERRED BY ADJUDICATING THE ERISA CLAIM IN KAIRYS' FAVOR, AND SPT IS ENTITLED TO ENTRY OF JUDGMENT IN ITS FAVOR      14

        A.    Scope and Standard of Review      14

B.      The District Court erred by determining that Mr. Kairys proved by a preponderance of the evidence that SPT'S proffered reason for his termination was pretextual and that SPT retaliated against him for exercising his rights to future ERISA-protected benefits and interfered with his right to future benefits, as the evidence of record is insufficient to sustain his ERISA claim, and SPT is entitled to judgment as a matter of law, and as this decision is also against the overwhelming weight of the evidence .......... 14

1.      The evidence was insufficient to support District Court's verdict on the ERISA claim .......... 15

a.      There is no evidence that the elimination of Kairys' position and his termination was anything other than a legitimate, non-discriminatory business decision .......... 17

b.      No evidence connected CEO Pat Gallagher's termination decision to Kairys' use of his medical benefits .......... 21

2.      The alleged conversation between Kairys and Bob Gallagher .......... 22

3.      There was no evidence that Pat Gallagher or SPT knew about Kairys' hip surgery costs through a medical review .......... 24

4.      The District Court's decision on Kairys' ERISA claim is against the overwhelming weight of the evidence .......... 27

5.      The District Court's findings of fact were clearly erroneous as they lacked evidentiary support and were against the weight of the evidence .......... 28

C.    The District Court's rejection of the jury's advisory verdict was independently erroneous, and the court erred by disregarding the jury's prior factual and credibility findings on the overlapping facts in the SPT did not unlawfully discriminate or retaliate against Kairys and by substituting its own factual findings and erroneously adjudicating the ERISA claim in Kairys' favor ................................................................ 34

    1.    The District Court erred by disregarding the jury's binding factual and credibility findings as to the overlapping facts in the intertwined ADA, ADEA and PHRA matters and advisory ERISA verdict .......... 35

        a.    The District Court erred by stating that "the jury made no specific findings of fact" .......... 35

    2.    The jury's explicit and implicit factual findings overlapped all claims, theories and evidence, including ERISA ................................................ 36

    3.    The District Court erred because it decided the ERISA claim based on its own factual findings, which were contrary to and inconsistent with the jury's binding factual findings on the same issues .......... 38

D.    The District Court erred by awarding Kairys front pay, and by assessing a rate of $13,500 per year for a five year period, totaling $67,500 ................................ 43

II.    THE DISTRICT COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING KAIRYS ATTORNEYS FEES AND COSTS IN THE AMOUNT OF $111,981.79, WHICH SHOULD HAVE BEEN FURTHER REDUCED .......... 43

A.    Scope and Standard of Review ................................ 43

B. The District Court erred by awarding "reasonable" attorneys' fees and costs of $111,981.79 as the billing entries were insufficiently specific, were for work not reasonable and necessary to the prosecution of Kairys' limited successful claims, were associated with unnecessary witness Kyle Kunkle's deposition and testimony, represented duplicative work performed by Kairys' two attorneys, and as Kairys' conduct resulted in unnecessary fees when he filed a WPCL claim for reimbursement of expenses that SPT had in fact paid him 44

 1. Reduction required for insufficiently detailed tasks 45

 2. Reduction required for tasks related to unnecessary witness Kunkle, and inadequately documented task which could include Kunkle 45

 3. Reduction required for duplicative tasks 46

 4. Reduction required for withdrawn WPCL claim 47

C. The District Court erred by ordering only an approximate 25% total reduction in pre-verdict fees and by failing to take into account Kairys' lack of significant success, and failure before the jury on every liability and termination claim including the advisory verdict on ERISA 47

D. SPT was entitled to a reduction in post-verdict fees to reflect the additional, unnecessary work in briefing the ERISA claim at Kairys' counsel's insistence 50

E. SPT was entitled to a reduction for inadequately documented litigation costs, and costs relating to unnecessary witness Kunkle 51

CONCLUSION 52

CERTIFICATION OF BAR MEMBERSHIP 53

CERTIFICATE OF COMPLIANCE                                                    53

CERTIFICATE OF SERVICE                                                       54

JOINT APPENDIX- VOLUME I    1a-109a:

Notice of Appeal (ECF 136)..................................................................1a

Notice of Appeal (ECF 158)..................................................................42a

Opinion on ERISA Claim (ECF 131)....................................................64a

Final Judgment (ECF 132).....................................................................87a

Order/Opinion on Attorneys Fees/Costs (ECF 146)............................88a

District Court Docket............................................................................91a

# TABLE OF AUTHORITIES

**Cases:**

*Andreoli v. Gates*, 482 F.3d 641 (3d Cir. 2007) ................................................ 22, 23

*AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213 (3d Cir. 2009) ...............40

*Barnes Found. v. Twp. of Lower Merion,* 242 F.3d 151 (3d Cir. 2001).................14

*Bartee v. Michelin N. Am., Inc.*, 374 F.3d 906 (10th Cir. 2004) ...........................41

*Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 508 (1959)...............................40

*Berguido v. E. Air Lines, Inc.*, 369 F.2d 874 (3d Cir. 1966) ..................................28

*Covington v. Int'l Rehab. Associates, Inc.,* CIV.A. 86-3503, 1986 WL 11703 (E.D. Pa. 1986)....................................................................................................39

*Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962)...........................................40

*Davies By & Through Davies v. Lackawanna Cty.,* 3:15-CV-1183, 2018 WL 924205 (M.D. Pa. Feb. 14, 2018)..........................................................36

*Fogg v. Ashcroft*, 254 F.3d 103 (D.C. Cir. 2001) ...................................................42

*Greenwood v. Greenwood*, 234 F.2d 276 (3d Cir. 1956) .......................................39

*Hahnemann Univ. Hosp. v. All Shore, Inc.,* 514 F.3d 300 (3d Cir. 2008) .............43

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .......................................... 8, 41, 48, 49

*In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d 220 (3d Cir. 2009). ............................................................................... 14, 28

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694 (3d Cir. 2005).... 43, 45

*Kashnicki v. Pets United*, LLC, No. 4:06-cv-0976, 2008 WL 2992165 (M.D. Pa. Aug. 4, 2008) ......................................................................................17

*Kolstad v. American Dental Ass'n*, 108 F.3d 1431, *rev'd in part on other grounds*, 139 F.3d 958 (D.C. Cir. 1998),..............................................................................42

*Kowalski v. L&F Products*, 82 F.3d 1283 (3d Cir. 1996) ....................................15

*Kruse v. Am. Sterilizer Co.*, 126 F.3d 494 (3d Cir. 1997). ...................................16

*LeBoon v. Lancaster Jewish Cmty. Ctr.*, 503 F.3d 217,
   232-33 (3d Cir. 2007) ................................................................... 22, 23

*Lytle v. Household Mfg. Inc.*, 494 U.S. 545 (1990)..................................................41

*Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239 (3d Cir. 2013)..............................34

*Miller v. Fairchild Industries*, Inc., 885 F.2d 498 (9th Cir. 1989) ........................40

*Narin v. Lower Merion School District*, 206 F.3d 323 (3d Cir. 2000)....................16

*Pennington v. W. Atlas, Inc.,* 202 F.3d 902 (6th Cir. 2000) ...................................42

*Rode v. Dellarciprete*, 892 F.2d 1177 (3d Cir. 1990)...................................... 45, 46

*Roebuck v. Drexel Univ.*, 852 F.2d 715 (3d Cir. 1988) ..........................................39

*Romero v. Allstate Ins. Co.*, 01-3894, 2016 WL 2595102
   (E.D. Pa. May 3, 2016)................................................................... 35, 41

*Scott v. Neely*, 140 U.S. 106 (1959)........................................................................40

*Shum v. Intel Corp.*, 499 F.3d 1272 (Fed. Cir. 2007) .............................................40

*Smith v. W. Manheim Twp.*, 1:11-CV-778, 2011 WL 5117618
   (M.D. Pa. Oct. 25, 2011) ...........................................................................16

*Srein v. Frankford Tr. Co.*, 323 F.3d 214 (3d Cir. 2003) .......................................14

*Stafford Investments, LLC v. Vito,* 375 Fed.Appx. 221 (3d Cir. 2010) ..................39

*Srein v. Frankford Tr. Co.,* CIV.A.99-2652, 2001 WL 1530607
   (E.D. Pa. Nov. 27, 2001) ...........................................................................39

*Sulima v. Tobyhanna Army Depot*, 602 F.3d 177 (3d Cir. 2010)...........................16

*U.S. Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100 (9th Cir. 2016)....................40

*United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*,
501 F.3d 283 (3d Cir. 2007) .................................................................44

*United States v. 6.45 Acres of Land*, 409 F.3d 139 (3d Cir. 2005).........14

*Ursic v. Bethlehem Mines*, 719 F.2d 670 (3d Cir. 1983) .........................44

*Walsh v. Smithkline Beckman,* CIV.A. 89-5833, 1990 WL 191942
(E.D. Pa. Dec. 3, 1990)............................................................................40

**Statutes**:

28 U.S.C. § 1331 ........................................................................................1

28 U.S.C. § 1367 ........................................................................................1

28 U.S.C.A. § 1291 .....................................................................................1

29 U.S.C. § 1140 ................................................................................ 15, 16

29 U.S.C. §1132(a)(3) ................................................................................7

29 U.S.C. §1132(g) .....................................................................................7

**Rules**:

Fed.R.Civ.P. 52(a)...............................................................................6, 42

## STATEMENT OF JURISDICTION

Plaintiff/Appellee Thomas J. Kairys brought this suit in the United States District Court for the Western District of Pennsylvania ["District Court"] against Defendant/Appellant Southern Pines Trucking, Inc. ("SPT") alleging claims under the Americans with Disabilities Act (ADA), Age Discrimination in Employment Act (ADEA), and Pennsylvania Human Relations Act (PHRA), for retaliation under ERISA; and, for breach of contract and separation pay under the Pennsylvania Wage Payment and Collection Law ("WPCL"), asserting federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

This Court has jurisdiction over SPT's timely, consolidated appeals from the District Court's final orders and judgments disposing of all claims, pursuant to 28 U.S.C.A. § 1291.  SPT appealed (A.1a) on April 26, 2022 from the March 31, 2022 Final Judgment (ECF 131, 132) for Kairys and against SPT in the amount of $67,500 granting judgment and equitable relief on Kairys' ERISA claim.  SPT further appealed (A.42a) the May 9, 2022 Order and Judgment (ECF 146) granting attorney's fees and costs of $111,981.79, on June 2, 2022.

## STATEMENT OF RELATED CASES

There are no related cases other than the underlying action in the District Court (No. 2:19-cv-1031-NR).

## **STATEMENT OF ISSUES PRESENTED FOR REVIEW**

**ERISA CLAIM No. 22-1783**

1.    Did the District Court err by determining that Mr. Kairys proved by a preponderance of the evidence that SPT's proffered reason for his termination was pretextual and that SPT retaliated against him for exercising his rights to ERISA-protected benefits and interfered with his right to future benefits, as the record evidence was insufficient to sustain the ERISA claim, Kairys could not prevail as a matter of law, this decision is also against the overwhelming weight of the evidence, and the court's findings of fact were also clearly erroneous and could not sustain the ERISA verdict?

2.    Did the District Court err by disregarding the jury's prior binding factual and credibility findings as to the overlapping facts in the intertwined ADA, ADEA and PHRA matters and advisory ERISA verdict, that SPT did not unlawfully discriminate or retaliate against Kairys, and by substituting its own factual findings and erroneously adjudicating the ERISA claim in Kairys' favor?

3.    Did the District Court err by awarding front pay, and by assessing a rate of $13,500 per year for a five year period, totaling $67,500?

**ATTORNEY'S FEES CLAIM  No. 22-2055**

1.    Did the District Court err by awarding reasonable attorney fees and costs in the amount of $111,981.79, without further reduction, as Kairys' counsel's billing entries were insufficiently specific to support the requested fee award, certain entries were not reasonable and necessary to the prosecution of Kairys' limited successful claims, certain fees and costs were associated with unnecessary witness Kyle Kunkle's deposition and testimony, there was duplicative work performed by Kairys' two attorneys, and as Kairys' own conduct resulted in unnecessary fees when he filed a WPCL claim for reimbursement of expenses that SPT had in fact paid him?

2.    Did the District Court err by reducing the requested pre-verdict fees by only approximately 25%, and failing to take into account Kairys' lack of significant success and failure before the jury on every liability and termination claim including the advisory verdict on ERISA, thus the jury's common factual assessment that SPT neither discriminated nor retaliated against Kairys, and as a substantial portion of the case presented was tied to Kairys' failed discrimination claims?

3.      Did the District Court err by failing to order a reduction in post-verdict fees to reflect the additional, unnecessary work performed in briefing the ERISA claim at Kairys' counsel's insistence after the District Court stated that briefing was not necessary?

4.      Did the District Court err by failing to reduce litigation costs as inadequately documented, and as including the the filing fee, and expenses relating to witness fees, transportation and printing costs associated with unnecessary witness Mr. Kunkle?

## STATEMENT OF THE CASE

### I.    PROCEDURAL HISTORY

#### A.    Plaintiff's claims for disability, age discrimination and retaliation

Plaintiff Kairys brought this suit by Complaint filed August 16, 2019 against Southern Pines Trucking, Inc. (SPT), alleging that his termination violated the ADA, ADEA, and the PHRA, retaliation ERISA (and the ADA), and alleging breach of contract and claiming separation pay under the WPCL.  *See* Third Amended Complaint (ECF 74).  The District Court granted Kairys' Motion for Summary Judgment on his WPCL claim, and further held that he presented a *prima facie* case on his other claims.  *See* summary judgment orders/opinions (ECF 79, 80).

#### B.    Jury trial and defense verdict on discrimination and retaliation claims, for ADA, ADEA, PHRA and advisory defense verdict on ERISA

A pre-trial conference was held on January 31, 2022.  A.110a.  A jury trial was held from February 7-9, 2022.  A.165a, 270a, 526a (transcripts).  SPT moved under Rule 50 for judgment as a matter of law at the conclusion of Kairys' case, which was denied.  A.438a-439a.  The jury returned a unanimous verdict in SPT's favor on Kairys' disability and age discrimination/retaliation claims, and an advisory verdict for SPT on the ERISA claim.  On the **disability discrimination claims**, the jury found that Kairys did not prove by a preponderance of the

evidence that SPT discriminated against him because of his disability, retaliated against him because he requested reasonable accommodation, or that a management official of SPT personally acted with malice or reckless indifference to Kairys' rights protected by anti-discrimination law. A.710a (verdict). On the **age discrimination claims**, the jury found that Kairys did not prove by a preponderance of the evidence that SPT discriminated against him because of his age, or that SPT knew - or showed reckless disregard for whether - its termination of Kairys was prohibited by anti-age discrimination law. A.711a (verdict). The jury returned **an advisory defense verdict on the ERISA claim** finding that Kairys did not prove by a preponderance of the evidence that SPT retaliated against him for having exercised his right to ERISA-protected benefits, and/or to interfere with his right to future benefits. A.712a (verdict). The jury also awarded Kairys $5,384.62 in separation pay (later molded), which is not an issue on appeal. A.713a (verdict).

### C.    District Court's decision on ERISA claim

Following the verdict and advisory verdict, Kairys' counsel asked if the District Court wanted briefing and argument on the ERISA issue. A.708a. The court indicated that it would decide the ERISA issue quickly, was familiar with the evidence and did not need findings of fact or conclusions of law, but was "fine" if

the parties wanted to submit briefing.  A.708a.  Both parties submitted briefs on the

ERISA claim.  A.720a, 721a (briefs).

By March 31, 2022 Opinion, per Fed.R.C.P. 52(a), the District Court granted

judgment and equitable relief on Kairys' ERISA claim and any associated

reasonable attorneys' fees and costs, but without ruling upon the amount of any

such fees and costs.  A.64a (ECF 131).  The court then entered a Final Judgment

on March 31, 2022 in favor of Kairys and against SPT in the amount of $67,500,

pursuant to its March 31, 2022 Opinion (ECF 131).  A.87a (ECF 132).  In its

Opinion, the District Court rejected the jury's advisory verdict and made

independent findings of fact that Kairys showed a *prima facie* ERISA claim; that

SPT's proffered reason was pretextual; and, that Kairys' use, and anticipated future

use of ERISA-protected benefits played a determinative role in his termination.

A.64a. (ECF 131).  The court opined that Kairys proved that SPT retaliated against

him for exercising his rights to ERISA protected benefits and interfered with his

right to future benefits.  A.64a.

The District Court stated that it was not bound by the jury's advisory verdict,

made its own factual findings, and stated that the jury did not actually make

specific factual findings.  A.65a.  The court issued Findings of Fact and concluded

as a matter of law in its Opinion, Section I that SPT's "explanation for the

termination was pretextual," citing alleged inconsistencies in the evidence and

SPT's claims that Kairys' position as VP of Sales was intended to be temporary
and became unnecessary once the cryogenic fleet fully utilized, and was
eliminated. A.71a, 75a. The court further concluded at II that the preponderance
of the evidence demonstrated that Kairys' exercise of his ERISA-protected benefits
was the "real determinative reason behind his termination." A.75a. "When
coupled with the pretextual nature of Southern Pines's proffered reason, as
discussed above, the following evidence leads the Court to find that the pretext
provided was intended to disguise discrimination because of Mr. Kairys's use – and
anticipated future use – of his ERISA-protected health benefits." A78a. "Taken
together, the preponderance of the evidence ultimately shows retaliation for use of
benefits, and/or specific intent to prevent future use of benefits." A78a. Finally, at
III, the court awarded equitable front pay under Section 502(a)(3) of ERISA, 29
U.S.C. § 1132(a)(3) at a rate of $13,500 per year, resulting in $67,500 for a five-
year period, and reasonable attorneys fees and costs under 29 U.S.C. § 1132(g) in
an amount to be determined by post-judgment fee petition. A.84a-86a.

On April 26, 2022, SPT filed a Notice of Appeal (ECF 136) of the March
31, 2022 Final Judgment (ECF 132) and March 31, 2022 Opinion (ECF 131)
which was docketed by this Court at NO. 22-1783. Kairys filed a Petition For
Attorneys' Fees And Expenses (A.757a) ["fee petition"], which SPT opposed
(A.868a) and Kairys replied (A.893a).

**D.     The District Court's May 9, 2022 award for attorneys fees and costs**

By May 9, 2022 Order and Judgment (ECF 146) the District Court granted

in part Kairys' fee and cost petition, awarding $111,981.79 in attorneys' fees and

costs.  The court made an approximate 25% reduction of the pre-verdict fee request

to account for Kairys' lack of degree of success, noting that a "substantial portion"

of Kairys' case at trial "was tied to the claims on which [Kairys] did not ultimately

prevail", namely age and disability discrimination.  A.89a.  The court noted that

Kairys sought back and front pay of approximately $535,000 and $105,00/yr, and

with the exception of front pay his claimed damages "were based almost entirely"

on the claims he lost at trial.  A.89a.  The court stated that "much of the evidence

presented did overlap between the successful and unsuccessful claims, since all the

claims had a 'common core of facts' and were based on related legal theories' of

discrimination and pretext."  A.89a (quoting *Hensley v. Eckerhart*, 461 U.S. 424,

435 (1983)).

The District Court rejected SPT's argument that certain of counsels' billing

and costs requests were insufficiently specific, and did not specifically address

SPT's arguments that Kyle Kunkle's deposition and testimony was unnecessary

and that Kairys' caused unnecessary fees by asserting and withdrawing the WPCL

expense reimbursement claim.  The court also disagreed that duplicative work was

performed by Kairys' two attorneys.  The court denied any reduction of post-

verdict fees finding that they related to the successful ERISA claims, motion to

mold verdict and counsel's fee petition.  A89a-90a.  The court did not address

SPT's argument that post-verdict fees should be reduced to reflect unnecessary

briefing on the ERISA claim that Kairys' counsel requested.  The court ultimately

awarded a reduced fee of $90,404 for pre-verdict work and full fee of $15,362.50

for post-verdict work, for a total of $105,766.50.  A.90a.

On May 16, 2022, Kairys filed a Motion for Reconsideration of Order

Denying ADR Fees (ECF 151), which was denied by May 27, 2022  Docket Text

Order (ECF 157).  On June 2, 2022, SPT appealed (ECF 158) the District Court's

May 9, 2022 Order and Judgment (ECF 146), which was docketed at 22-2055.

This Court *sua sponte* consolidated SPT's two appeals.

## II.    STATEMENT OF THE FACTS

Discussion of the evidence and testimony (and citations thereto) is largely

incorporated into the argument section.  Kairys was hired by SPT to negotiate sales

for use of SPT's trailer fleet by using his contacts in the cryogenic arena, and

began work in the newly created position of VP of Sales on March 14, 2016.  In

November, 2017, he underwent a hip replacement surgery.  He advised his

immediate supervisor that he would be using a week of vacation for a surgery on

November 30, 2017.  About mid-April 2018, SPT negotiated the last contract

needed to guarantee full utilization of its cryogenic trailers for the next two years,

9

for which Kairys was responsible.  Kairys' position was no longer needed and SPT terminated his employment on April 23, 2018.

## III.    RULINGS UNDER REVIEW

The rulings under review are the District Court's March 31, 2022 Opinion (ECF 131) granting judgment and equitable relief on Kairys' ERISA claim and associated reasonable attorneys' fees and costs, March 31, 2022 Final Judgment (ECF 132) for $67,500, and May 9, 2022 Order and Judgment (ECF 146) granting attorney's fees and costs of $111,981.79.

## SUMMARY OF THE ARGUMENT

Plaintiff Kairys was spectacularly unsuccessful at trial having lost on all of his liability claims before the jury. The jury uniformly found against Kairys and in favor of Defendant SPT on Kairys' claims for age discrimination and disability discrimination and retaliation, and in its advisory verdict on the ERISA claim. Kairys only prevailed at all, because the District Court rejected the advisory verdict and granted the ERISA claim. No verdict for Kairys and against SPT on the ERISA claim could have been reached, on this record. The ERISA decision was not supported by sufficient evidence as a matter of law, was against the overwhelming weight of the evidence, and the District Court's findings of fact were clearly erroneous.

Kairys alleged that SPT terminated him because he used his medical benefits for hip replacement surgery, and would require another hip replacement in the future. There was no evidence that elimination of Kairys' position was anything other than a simple business decision. It was undisputed that SPT hired Kairys in a newly created sales position to drive sales to utilize SPT's equipment, based on Kairys expertise and contacts in the cryogenic industry. After SPT's fleet and drivers reached maximum capacity there was no need for new sales. SPT did not want to buy additional expensive trucks for this specialized industry and did not expand its fleet after Kairys' departure or replace Kairys with another sales

11

employee.  Further, no evidence linked Kairys' termination by CEO Pat Gallagher to Kairys' use or intended future use of health benefits, and he took time off, received the hip surgery, and his expenses were paid without incident.  The health care invoices sent to SPT did not identify individual employees – including Kairys - or link them to a medical procedure or the amount of the invoice.  No evidence showed that SPT's CEO was aware of, or had any way of knowing which employee received medical services for which SPT was invoiced, much less of Kairys' hip replacement surgery and its cost.

The District Court also erred by disregarding the jury's initial factual and credibility findings against Kairys on the overlapping facts in the ADA, ADEA and PHRA claims entwined with the ERISA claim.  The jury made the express and implicit findings that SPT did not discriminate or retaliate against Kairys by terminating him.  While the District Court was not bound by the advisory verdict *per se*, the jury's factual findings on the common evidence were binding in deciding the ERISA claim.  The court's own factual findings and ERISA verdict conflicted with the jury's findings on Kairys' age and disability claims, as the jury had to necessarily find Kairys' evidence, including Kairys' own testimony, not credible, and accepted SPT evidence.

The District Court further abused its discretion and committed a clear error of law by awarding $111,981.79 on Kairys' petition for fees and costs.  Since the

the District Court erred by granting the ERISA claim, Kairys was not entitled to any award of fees or costs. If the ERISA ruling is not reversed, the award for pre-verdict fees should be further reduced to 40% of the fee request to reflect his utter lack of success at trial, and post-verdict fees eliminated to reflect the unnecessary briefing on the ERISA claim requested by Kairys' counsel. Counsels' time and costs entries should also be reduced or eliminated where they were nonspecific, duplicative, related to an unnecessary witness, and where Kairys' counsel caused unnecessary fees by asserting and withdrawing the WPCL expense reimbursement claim.

# ARGUMENT

## I.    THE DISTRICT COURT ERRED BY ADJUDICATING THE ERISA CLAIM IN KAIRYS' FAVOR, AND SPT IS ENTITLED TO ENTRY OF JUDGMENT IN ITS FAVOR

### A.    Scope And Standard of Review

A sufficiency of the evidence argument is subject to plenary review. *Barnes Found. v. Twp. of Lower Merion,* 242 F.3d 151, 157 (3d Cir. 2001). There is also plenary review over a district court's conclusions of law and its application of the law to the facts. *Srein v. Frankford Tr. Co.*, 323 F.3d 214, 220 (3d Cir. 2003)(review of legal conclusion on legal issues is de novo). The court's findings of fact are reviewed for "clear error" and will be upheld if they have adequate evidentiary support in the record. *See In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d 220, 227 (3d Cir. 2009). Findings of fact are not upheld where they are not supported by substantial evidence, are against the clear weight of the evidence, or if the court has misapprehended the weight of the evidence. *United States v. 6.45 Acres of Land*, 409 F.3d 139, 145 n. 10 (3d Cir. 2005).

### B.    The District Court erred by determining that Mr. Kairys proved by a preponderance of the evidence that SPT's proffered reason for his termination was pretextual and that SPT retaliated against him for exercising his rights to ERISA-protected benefits and interfered with his right to future benefits, as the evidence of record is insufficient to sustain his ERISA claim, and SPT is entitled to judgment as a matter of law, and as this decision is also against the overwhelming weight of the evidence

14

### 1.    The evidence was insufficient to support District Court's verdict on the ERISA claim

The trial evidence was insufficient to support the District Court's grant of Kairys' ERISA claim.  Kairys did not prove by a preponderance of the evidence that SPT's proffered reason for his termination was pretextual and that SPT retaliated against him for exercising his rights to ERISA-protected benefits and interfered with his right to future benefits.  Other than his subjective arguments and mere assumptions, Kairys failed to produce any actual evidence at trial to support his contrived ERISA claim, as the jury clearly found in returning defense verdicts on all of Kairys' discrimination and retaliation claims, including its advisory ERISA verdict.

ERISA, 29 U.S.C. § 1140, "can provide an employee with a cause of action to challenge an employer's termination when the termination has allegedly occurred in retaliation for the employee exercising his or her right to receive ERISA-protected benefits." *Kowalski v. L&F Products*, 82 F.3d 1283, 1288 (3d Cir. 1996).  As the ERISA statute provides:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140.[1]  Thus, for Kairys to establish his ERISA claim that his

termination was in retaliation for utilizing SPT's employee health insurance,

Kairys was required to prove that he was terminated in retaliation for utilizing

SPT's employee health plan for his hip surgery.  *Smith v. W. Manheim Twp.*, 1:11-

CV-778, 2011 WL 5117618, at *4 (M.D. Pa. Oct. 25, 2011)(stating that a *prima*

*facie* claim of of retaliatory discharge pursuant to § 510 of ERISA is established by

demonstrating that: (1) plaintiff participated in a statutorily protected activity; (2)

he or she was subject to an adverse employment action; and (3) there is

a causal connection between the participation and the adverse action).

The record is devoid of evidence from which a reasonable factfinder could

grant Kairys' ERISA claim and find that Kairys' termination was anything other

than a simple business decision by SPT, and does not support the nonjury verdict.

---

[1] To establish his disability discrimination under the ADA, Kairys was required – but unable – to establish that he (1) is a disabled person within the meaning of the ADA; (2) is qualified to perform the essential functions of his job, with or without reasonable accommodations, and (3) has been subjected to an adverse employment action as a result of discrimination. *See Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010).  Kairys' claim for disability retaliation under the ADA required: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action. *Kruse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).  For age discrimination under the ADEA, Kairys had to show: (1) he is over the age of forty; (2) he was qualified for the job; (3) despite his qualifications, he was terminated; and, (4) the employer ultimately filled the position with someone sufficiently younger to permit an inference of age discrimination. *See Narin v. Lower Merion School District*, 206 F.3d 323 (3d Cir. 2000).

Instead, the trial evidence supported the jury's across-the board rejection of all of

Kairys' discrimination and retaliation claims.

> **a.    There is no evidence that the elimination of Kairys' position and his termination was anything other than a a legitimate, nondiscriminatory business decision**

SPT eliminated Kairys' job position and terminated his employment on

April 23, 2018 for business reasons, and there was no evidence to refute the

legitimate nondiscriminatory reason of SPT that they had maxed out their sales

potential shortly prior to the elimination of Kairys' position.  *See Kashnicki v. Pets*

*United*, LLC, No. 4:06-cv-0976, 2008 WL 2992165 (M.D. Pa. Aug. 4,

2008)(legitimate nondiscriminatory  reason for termination when salary was

evaluated in relation to the undisputed fact that the volume of defendant's business

was considerably decreasing).  The parties did not dispute that SPT is a trucking

company that specializes in hauling industry gas, cryogenics and hazardous

materials using its fleet of cryogenic tankers.  The parties generally agree that

Kairys was recruited by SPT's CEO Pat Gallagher based upon his knowledge and

expertise regarding this specialty tanker work, and contacts in the cryogenic arena.

*See* Kairys, A.277a-280a; Gallagher, A.454a-455a, 488a.  SPT created the position

of vice president of sales for Kairys, where he began working on March 14, 2016.

There is no evidence that SPT promised Kairys permanent employment until his

17

retirement.[2]  Pat Gallagher testified that when he hired Kairys his idea was "was to grow the business and try to get a few more tankers, and it was all predicated on the fact that you needed drivers" then they "reached the point where it was becoming very, very difficult to get drivers, hazmat drivers." A.454a-455a.  Kairys himself acknowledged that he was hired based on his industry experience, book of business, and contacts and relationships to drive and grow SPT's cryogenic lease business, which included "driving the sales to make sure we were utilizing the equipment."  A.280a-281a, 361a; *see* A.275a-277a.  In fact, the District Court specifically found as a fact that Kairys was recruited by Pat Gallagher and his "primary duty was to grow [SPT's] cryogenic trucking portfolio.  *See* A.65a.

Kairys' position was eliminated by Pat Gallagher after Kairys got SPT's fleet of cryogenic tankers under full utilization, having maxed out their sales potential based on the number of drivers.  PGallagher, A.474a-478a.[3]  This was why Kairys was hired.  At the time Kairys was terminated, SPT had only 31-33 tankers which were fully utilized, and there were no new sales to be had based upon the 100% utilization of the fleet.  P.Gallagher, A.474a-478a; *see* B.Gallagher,

---

[2] Kairys, who had changed employers numerous times, could only testify that it was his "plan" to remain employed by SPT until he retired, not that SPT had ever promised him employment in perpetuity.  A.386a.
[3] Gallagher did not want to spend more money on equipment "at $250,000 per pop" and it all revolved around getting professional drivers.  P.Gallagher, A.476a.

A.540a-541a, 545a (Kairys' position "was no longer needed.  We were at capacity", they were "maxed out doing what we do", and Kairys was not replaced). As CEO, Gallagher made the decision to eliminate Kairys' position "because I don't need sales."  P.Gallagher, A.476a.  Gallagher made "a business decision." A.480a-481a. [4]

The evidence that was presented shows that Kairys' hip surgery and the costs of health insurance did not come up at all.  *See* P.Gallagher, A.477a; *see* B.Gallagher, A.540a (it was never expressed to him that Kairys was terminated because of his hip surgery or its cost); Hickey, A.237a, 252a-254a (he was "absolutely not aware that [Kairys'] termination had anything to do with his hip surgery").[5]

There is no evidence that Kairys was hired to do anything other than sales, and Kairys admitted that he was hired to do sales not operations.  Kairys, A.360a; *see* Gallagher, A.456a, 484a (Kairys was not hired to do operations work, there was an operations team already in place, and he was not aware of Kairys doing any operations work).  Kairys acknowledged that the job description for operations

---

[4] The District Court questioned SPT representative Hickly as to whether he was "aware of any other employees that were unilaterally terminated by Mr. Gallagher?" A.262a.  Hickly responded that he could not think of anything "specifically" and "can't say that there wasn't someone that he would have terminated", but that "as ultimate decisionmaker, as CEO, Mr. Gallagher doesn't need anyone else to make a decision." A.262a.

[5] Hickly also stated that Kairys' supervisor Vittone never mentioned anything about hip surgery, its costs, or health insurance, and Kairys was not disciplined or terminated for taking time off for his hip surgery.  A.237a, 252a-254a.

manager was not his job description, and anything he did on the operations side

was on his own.  A.360a-361a.  He testified that SPT was a small company, with

three employees and they covered for each other whether it was in their job duties

or not.  A.363a-364a.  Even if the District Court believed Kairys performed some

ancillary operations work, Kairys admitted that he was not hired for or employed

for that purpose.  Kairys, A.363a-364a.  Pat Gallagher testified that Kairys was not

offered another position because selling cryogenic or gases is a specialty field.

P.Gallagher, A.518a.

Kairys argued in support of his retaliation claim, that that he was replaced by

a younger employee, Kyle Kunkle, but this is not supported by any evidence.

Kunkle's testimony corroborated that Kairys' sales position was eliminated and

Kunkle was brought in to support operations.  *See* P.Gallagher, A.482a-483a.

Kunkle testified that SPT "borrowed" him from PGT Trucking in June 2018 to

perform a hybrid role as an **operations** manager for six months originally, and he

remained on PGT's payroll.  A.398a, 407a.  Kunkle stated that he had little

customer contact, did not negotiate any new business,  contracts or rates, or

entertain new customers, had no contacts in the cryogenic industry, and had no

SPT company expense account.  A.407a-408a.  [Notably, the jury rejected Kairys'

age discrimination claim, thus obviously disbelieved Kairys' contention that

Kunkle was brought in as his replacement.]

Simply put, SPT no longer needed Kairys' sales position as there was no capacity for new sales. P.Gallagher, A.479a, 519a. SPT did not want the expense of purchasing new trucks to expand the fleet. Kairys acknowledged that SPT's fleet had not expanded at the time of his termination and he had no knowledge of SPT expanding afterwards. A.365a.[6] Nothing in the record shows that Kairys' was terminated because of his use of company medical benefits for a hip replacement, or future use of medical benefits for a second hip surgery. There is no evidence that Kairys' termination was anything more than a legitimate, nondiscriminatory business decision.

> **b.    No evidence connected CEO Pat Gallagher's termination decision to Kairys' use of his medical benefits**

The District Court concluded that "the preponderance of the evidence ultimately shows retaliation for use of benefits, and/or specific intent to prevent future use of benefits." A78a. This was based on the court's sheer unsupported speculation that decisionmaker CEO Pat Gallagher was aware of the identity of **<u>any</u>** employee receiving medical services for which SPT was invoiced, much less aware of Kairys' medical services and the costs for his hip replacement surgery. The record is devoid of any such evidence.

---

[6] Bob Gallagher testified that it was never expressed to him that Kairys was terminated because of his hip surgery or its cost. A.540a.

Kairys' surgery took place five months before his position was eliminated. A.371a.  *See LeBoon v. Lancaster Jewish Cmty. Ctr.*, 503 F.3d 217, 232-33 (3d Cir. 2007) ("Although there is no bright line rule as to what constitutes unduly suggestive temporal proximity, a gap of three months between the protected activity and the adverse action, without more, cannot create an inference of causation and defeat summary judgment"); *see also Andreoli v. Gates*, 482 F.3d 641, 650 (3d Cir. 2007)(five-month time period between employee's complaint and first adverse action was insufficient to raise an inference of causation without additional evidence).  Kairys could not rely on any purported temporal proximity, and there was no other evidence of causation.

Kairys also admitted that no one ever denied him any time off for his hip surgery in 2017(A.372a, 376a), no one prevented him from getting his surgery or challenged the payment, and it was covered by SPT's insurance plan (A.370a-372a).

## 2.    The alleged conversation between Kairys and Bob Gallagher

It was Kairys' testimony that he had multiple conversations with Bob Gallagher, CEO Pat Gallagher's brother, purportedly concerning Pat being "upset" and "mad" about having to pay for Kairys' surgery at the time and for a second one in the future.  No evidence shows that this conversation occurred.  Furthermore, approximately 17 months elapsed between the time of Kairys' alleged conversation

with Bob Gallagher and Kairys' termination allowing for no possible inference of causation based upon proximity. *See LeBoon,* 503 at 232-233; *Andreoli,* 482 F.3d at 650. Kairys admitted that he never investigated to determine if Pat Gallagher actually made those statements, and that he had no knowledge of whether anyone talked to Pat Gallagher about his surgery. A.371a. Kairys also admitted that while he personally mentioned his hip surgery to Pat Gallagher in the summer of 2017, Pat did not indicate that he was angry or "anything like that". A.371a-372a.[7]

In addition, Bob Gallagher denied telling Kairys that Pat would be mad, angry or upset about Kairys' surgery or its cost, and testified that Pat never discussed the cost of the company's health insurance. B.Gallagher, A.535a-537a. He also testified that he had no such discussions with Pat about Kairys' surgery after it occurred. A.538a-539a. Pat Gallagher also denied having expressed to Bob that he was upset, angry or mad about Kairys having hip surgery, or the costs of, or paying for the hip surgery. A.465a-468a.

Also, the jury necessarily rejected Kairys' (clearly hearsay) evidence and found Kairys not to be credible that these comments were made (and found Pat and Bob Gallagher credible), having rejected all of Kairys' discrimination and retaliation claims at trial. The District Court's findings crediting were directly

---

[7] Kairys admitted that he emailed his supervisor Vittone that he was going to take vacation time for his hip surgery on November 30, who relied "No problem. Hope it goes well." A.366a, 372a,-373a 388a.

contrary to the jury's factual and credibility findings underlying its defense verdict (and advisory defense verdict) on all of Kairys' claims.

However, even if Kairy's statement is taken as true, this evidence was insufficient to sustain Kairys' burden of proof on the ERISA claim. No evidence connected CEO Pat Gallagher's termination decision to Kairys' use of his medical benefits.

Rather, Pat Gallagher testified that he learned about Kairys' hip surgery when he been looking for Kairys and was told Kairys was out and had hip surgery (later clarifying that it was possible Kairys had mentioned the surgery to him in the summer, but he did not recall). A.463a-465a, 467a. Gallagher stated that he was not mad, and merely upset because as CEO, he did not know that his employee would be out. A.465a. Gallagher testified that he only ever discussed with his brother Bob the matter of when Kairys would return, not the cost of Kairys' medical care. A.465a-468a.

### 3. There was no evidence that Pat Gallagher or SPT knew about Kairys' hip surgery costs through a medical invoice

Kairys also offered no evidence to show that Pat Gallagher or SPT knew or could have known about the cost of his hip surgery - or indeed which medical services were provided to <u>any</u> employee - through any medical services invoice. Kairys admitted he was only making an assumption that Pat Gallagher saw health

insurances invoices and approved them for payment, because Pat was the CEO, and that he did not investigate to find out whether this was true.  A.375a-376a.

There is no evidence that Pat Gallagher was aware of the details involving Kairy's hip surgery and its cost, or as to any specific medical payment for any employee.  Anywhere from 300-600 people from SPT and PGT were on the plan depending upon who opted in.  A.517a, P.Gallagher.  SPT's self-funded insurance is handled by a third party and the invoices are received and paid by Paul Vargo, Director Of Risk Management, not Pat Gallagher.  P.Gallagher, A.466a-468a, 470a-471a; Vargo, A.572a-574a.

The invoices themselves provide no identification of any employee or the medical service provided, or any other information that could lead to any retaliatory inference about Kairys.  *See* Vargo, A.582a-584a.  The invoices only reflect what has been incurred over a week period, including the total amount for each unidentified service.  A.582a.  SPT does not have the capabilities of asking the providers what particular employees caused an expense and what services were provided for them.  A.603a-604a.

In addition to this lack of evidence, Vargo testified that even if he wanted to obtain further information about particular medical costs incurred by an employee, he would have no access, UPMC would not provide it, and he would have no knowledge of which employee the charges would apply to.  A.581a-582a, 598a.

Vargo stated that he received no inquiries about expenses for Kairys.  A.585a, 587a.  Vargo described at length that only himself and his administrator would receive weekly insurance invoices, and that Pat Gallagher was only involved in reviewing any insurance items at a high-level, and certainly not on a weekly basis.  A. 578a-581a.  Pat Gallagher had not seen the invoices for medical insurance in 20 years, and did not see any for 2017 or 2018. PGallagher, A.470a-471a.  The evidence was unrefuted evidence that Pat Gallagher was not aware that Kairys had surgery until after the fact, and never learned how much SPT paid for Mr. Kairys' surgery.  Vargo also stated that since Kairys left in April 2018, there has been a week where their weekly medical costs exceeded $23,000.  A602a-603a.  Vargo testified that the invoices shown to the jury did not even come close to an amount that would cause him to attempt to investigate further (like in the $200,000 range).  A.581a, 596a.  He gave examples of high costs services, like mental health institutionalization, or a "bad pregnancy and a miscarriage".  A.603a.

Therefore, even if December 2017 was the highest invoice over a period of months, there was no way for SPT to deduce that these charges related to Kairys surgery.  Not even Kairys elicited any testimony about how much SPT paid for the hip surgery.  No evidence showed that SPT (or Pat Gallagher personally) knew of Kairys' health benefit costs or linked Kairys' use of his health benefits to his termination.

Kairys also failed to present concrete evidence of SPT's interference with Kairys' vaguely testified-to need for a second surgery. The record was clear that the second surgery had not even been scheduled prior to the elimination of Kairys' position, and did not take place until December 2019, or a year and eight months after Kairys' separation from employment at SPT. In addition to this lack of evidence, Pat Gallagher testified that it was possible that Bob mentioned to him that Kairys might need his other hip done, but "I said 'Okay.' That was the extent of the conversation." A.467a.

Even viewing the evidence in the light most favorable to Kairys, the record is devoid of evidence that SPT was even aware of which employee received the medical services for which SPT was invoiced, that SPT could ascertain information about Kairys through the invoicing, and that SPT obtained any information regarding the cost of Kairys' hip replacement. Nor did any evidence connect the invoices, Kairys' hip surgery and his termination.

Kairys failed to prove by a preponderance of the evidence that SPT retaliated against him for having exercised his right to ERISA-protected benefits, and/or interfered with his right to future benefits. The District Court's decision otherwise is not supported by the evidentiary record.

> **4.    The District Court's decision on Kairys' ERISA claim is against the overwhelming weight of the evidence**

For the above reasons, the District Court's verdict on the ERISA claim in favor of Kairys was overwhelmingly against the weight of the evidence. Kairys failed to prove by a preponderance of the evidence that SPT retaliated against him for having exercised his right to ERISA-protected benefits, and/or interfered with his right to future benefits. The jury had returned a unanimous verdict in favor of SPT on every claim alleging discrimination and retaliation including its advisory verdict on the ERISA claim, where the jury consistently credited SPT's evidence over Kairys' evidence. *See* A.710a-712a (verdict form). Upon consideration of all of the evidence presented at trial, the court's factual findings and nonjury verdict for Kairys were so against the evidentiary weight that they could not have been reasonably made by a fact-finder. *See Berguido v. E. Air Lines, Inc.*, 369 F.2d 874, 884 (3d Cir. 1966)(Kalodner, J, dissenting).

## 5. The District Court's findings of fact were clearly erroneous as they lacked evidentiary support and were against the weight of the evidence

A district court's findings of fact are reviewed under a "clear error" standard, and will be upheld if supported by substantial evidence in the record or have adequate evidentiary support in the record. *See In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d at 227. The District Court's statements regarding the record and factual findings were "clearly erroneous" for two reasons: first, they were not supported by the evidence, and second, the court was bound by the jury's

factual and credibility findings on the common evidence in deciding the

intertwined disability and age discrimination and retaliation claims.  Because the

District Court's findings of fact were clearly erroneous, there is no evidentiary

support for the court's conclusion that SPT retaliated against Kairys for having

exercised his right to ERISA-protected benefits, and/or interfered with his right to

future benefits.

In one of many errors, the District Court found that Kairys met his burden to

show that SPT's proffered reason was pretextual, based upon the court's

misstatement that SPT had argued that Kairys' employment was only temporary:

> At trial, [SPT] argued that Mr. Kairys's job was intended
> to be temporary and became unnecessary once the
> cryogenic fleet was at full utilization.  See ECF 119, p.
> 19. After reviewing the evidence, the Court finds that this
> explanation was pretextual for at least six reasons.

A71a.  The court did not cite to any arguments by SPT to support this statement,

but to ECF 119, p. 19, which is the **<u>final jury instruction on the age</u>**

**<u>discrimination claim</u>** and which merely refer to a "nondiscriminatory reason."

SPT **<u>never</u>** argued at trial that Kairys' job "was intended to be temporary."  SPT

CEO Pat Gallagher testified that when he hired Kairys his idea was "was to grow

the business and try to get a few more tankers" and he did not testify as to any

anticipated length of Kairys' employment.  A.454a-455a.

The District Court's "clearly erroneous" findings of fact ("FOF") include the

following:

> That CEO Pat Gallagher did not review the weekly invoices himself (25:1-
> 12), but did review the company's medical costs on an annual basis (54:23-
> 55:1). "The Court draws from this a reasonable inference that Pat Gallagher
> was generally aware of the expenses incurred by the company under its
> health plan."

A.66a-67a (FOF8).  Even if, arguendo, the evidence supported an inference that

Pat Gallagher was generally aware of the expenses incurred by SPT under its

health plan, this in no way established any knowledge of Kairys' surgical expenses

for his November 2017 hip surgery, from the invoices or otherwise.

> That after Mr. Kairys' November 30, 2017, hip surgery, SPT "did incur a
> spike in medical costs" (Ex. 7). "The invoices in Southern Pines's records
> reflected that Mr. Kairys's costs were highlighted on the spreadsheets,
> though the spreadsheets had code numbers rather than names. *Id.* This
> suggests to the Court that the costs caught the attention of someone in the
> company."

A.67a (FOF 9).  No evidence was introduced as to who made the highlights on

SPT spreadsheets/invoices, much less connecting the highlights to Kairys' surgery.

The only evidence on this issue was Paul Vargo's testimony that he did not know

who highlighted the documents or why.  *See* Vargo, A.583a.  No evidence

suggested that whoever made the highlights was attempting to, or was able to

obtain information relating to Kairys' surgical costs or spread any such

information, much less had a role in the decision to terminate Kairys.  It was pure,

unsupported speculation for the District Court to find that the **unexplained**

highlights suggested that "the costs caught the attention of someone in the company", and this was a clear error of law. Notably, the jury necessarily rejected any connection between the unattributed highlights and Kairys' termination given its defense verdict on Kairys' other claims.

> That "Pat Gallagher found out about the hip surgery and became upset. Mr. Kairys testified that Pat Gallagher was upset about the costs of the surgery, and that his brother – Southern Pines Vice President Bob Gallagher – told him to 'lay low.' T. Kairys Testimony, 48:4-17; 55:20-56:5. The Court finds this testimony to be credible."

A.67a (FOF 10). Finding of Fact 10 is based solely on Kairys' testimony as to a hearsay conversation with Bob Gallagher, which Bob Gallagher denied occurring and which remarks Pat Gallagher denied making. Kairys admitted that he never investigated the truth of this alleged information, that neither Pat Gallagher nor anyone else ever made similar comments to him, and Kairys admitted that he was allowed the time off and that SPT paid for his surgery **without comment or incident**. Also, the jury necessarily found Kairys' testimony not to be credible regarding this conversation, and instead credited the testimony of Bob Gallagher and Pat Gallagher as it denied all of Kairys' discrimination and retaliation claims relating to his termination.

> That "[t]n or around Summer 2017, Mr. Kairys informed Southern Pines representatives, "including Pat Gallagher, that he would eventually need to have both hips replaced. *Id.* at 55:12-19."

A.67a (FOF 11).

> That SPT terminated Mr. Kairys on April 23, 2018 (Kairys  67:15-17). Pat Gallagher made this decision unilaterally. (Gallagher, 30:1-3). "This occurred right around the end of the benefits calendar year – which was May 1. (Vargo, 180). Mr. Kairys did not receive advance notice and his employment ended immediately. (Kairys, 69:20-70:15. "[D]uring his termination meeting, Southern Pines representatives asked Mr. Kairys to sign a severance agreement that included a release. *Id.* at 72:8-24."

A.67a (FOF 12).  These findings were clearly erroneous as there was no evidence that Pat Gallagher knew of, or interfered with Kairys' hip surgery or Kairys' vaguely testified-to need for a second surgery, or retaliated against Kairys by terminating him.  The record showed the second surgery was not scheduled before Kairys' termination, and did not even occur until December 2019, one year and eight months later.  The sales position was created for Kairys when he was hired based on his expertise and industry contracts, and was eliminated once there were no more sales given the maximized utility of SPT's fleet.  Pat Gallagher as CEO had absolute authority to unilaterally terminate an employee.  Additionally, the jury determined that SPT did not discriminate or retaliate against Kairys in its responses to the verdict interrogatories on Kairys' other claims.

> That "Pat Gallagher knew that Mr. Kairys's termination might result in legal trouble; he anticipated that Mr. Kairys would hire an attorney" (Ex. 16.). "Still, he said 'we will not give ground on this.'"

A.67a (FOF 13).  The mere fact SPT may have anticipated the possibility of legal action is not evidence that SPT engaged in wrongdoing when it eliminated Kairys' no-longer-needed sales position, for legitimate, nondiscriminatory business

32

reasons.  The jury also necessarily found that Kairys failed to prove retaliation,

having returned a defense verdict on the age and disability discrimination and

retaliation claims.

> That Kyle Kunkle began working at SPT on June 11, 2018, as part of a
> hybrid rotation with PGT Trucking, and some of his duties overlapped with
> Mr. Kairys's role (Exs. 17,18;  Kairys, 22:7-11).

A.68a (FOF 140.  Kairys himself admitted he was hired solely for sales and his

contacts in the cryogenic industry, and that his duties did not include operations.

He occasionally performed operations work simply to cover for other employees.

There is no evidence that Kunkle in any way "replaced" Kairys or that their

employment duties overlapped.  Instead, the record including Kunkle's testimony

showed that that Kunkle was "borrowed" by SPT from PGT to work as an

**operations manger**, and that he did not make or negotiate sales with new or

existing contacts.  Also, the jury rejected any inference otherwise, particularly as it

decided against Kairys on the age discrimination claim.

The District Court's findings of fact were clearly erroneous as they were not

supported by substantial record evidence and lacked adequate evidentiary support.

The court's findings provided no basis for its erroneous conclusion granting

Kairys' ERISA claim.  As argued more fully below, the court's findings were also

clearly erroneous as they were contrary to and inconsistent with the binding factual

findings made by the jury on the evidence common to all of Kairys' claims.

A district court can reject advisory verdict unless its decision is independently erroneous. *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 249 (3d Cir. 2013). Based on the foregoing, the the District Court committed its own independent reversible error by granting Kairys' ERISA claim, and its decision should be reversed and judgment entered in favor of SPT.

> **C. The District Court 's rejection of the jury's advisory verdict was independently erroneous, and the court erred by disregarding the jury's prior factual and credibility findings on the overlapping facts in that SPT did not unlawfully discriminate or retaliate against Kairys and by substituting its own factual findings and erroneously adjudicating the ERISA claim in Kairys' favor**

The District Court's decision was in stark contrast to the jury's unanimous defense verdict on every discrimination, retaliation and termination claim at trial, and advisory verdict on the ERISA claim. The jury heard both parties' witnesses and found Kairys' evidence not to be credible and insufficient, and rejected any any causal connection between Kairys' hip condition/surgery and his termination, on every basis argued by Kairys. The jury further properly concluded in its advisory capacity that Kairys failed to prove his ERISA claim, and its determination is supported by the substantial, record evidence, which also weighed heavily against Kairys.

The District Court should have accepted the advisory verdict, and was bound by the jury's factual findings on the common evidence, but relied instead on its own clearly erroneous findings of fact.

### 1. The District Court erred by disregarding the jury's binding factual and credibility findings as to the overlapping facts in the intertwined ADA, ADEA and PHRA matters and advisory ERISA verdict

#### a. The District Court erred by stating that "the jury made no specific findings of fact"

The District Court erroneously stated that "the jury made no specific findings of fact." A.65a. To the contrary, the jury acted as the fact-finder on the disability and age discrimination and ERISA claims, thus necessarily made express and implied factual and credibility findings on the evidence and elements of the claims. The jury sat attentively through the multiple days of trial and heard the testimony of both parties' witnesses, observed their demeanor and assessed their credibility. The jury then weighed the testimonial and documentary evidence, answered the questions on the verdict form, and and returned its verdicts in accordance with the District Court's instructions as to the law.

A jury's verdict contains explicit findings of fact as well as "findings that are necessarily implicit in the jury's verdict", both of which bind a district court in subsequently deciding an equitable claim. *See Romero v. Allstate Ins. Co.*, 01-3894, 2016 WL 2595102, at *3 (E.D. Pa. May 3, 2016). The District Court was

wrong - the jury **did** make both explicit and implicit factual findings, both on the verdict form and necessarily in reaching its decision.

> ### 2. The jury's explicit and implicit factual findings overlapped all claims, theories and evidence, including ERISA

The jury made factual findings on evidence common to all of Kairys' intertwined discrimination and retaliation claims. Given the overlapping legal theories and evidence, those findings of fact applied to the ERISA claim. The District Court itself agreed that "much of the evidence presented did overlap between the successful and unsuccessful claims, since all the claims had a 'common core of facts' and were based on related legal theories' of discrimination and pretext." A89.a.[8]

Kairys relied on the same theories and evidence for all of his claims, for instance, that: Kairys had a condition requiring hip surgery; SPT allegedly terminated Kairys because of the costs he incurred and would incur in the future by using SPT's health insurance; and, that as an older employee he was more likely to have health issues requiring costly use of SPT's insurance. For example, Kairys' counsel argued in closing on the age discrimination claim, "[w]ho's less likely **to**

---

[8] *See Davies By & Through Davies v. Lackawanna Cty.,* 3:15-CV-1183, 2018 WL 924205, at *2 (M.D. Pa. Feb. 14, 2018)(noting utility of advisory jury where the issues to be decided for other claims might overlap with the issue where advisory findings are requested, and that plaintiff's claims of discrimination based on failure to accommodate disability were "factually intertwined with the retaliation claim.").

**need an expensive medical treatment**, someone in their 20s or someone in their 50s? Someone in their 50s; right?", and that Pat got rid of Kairys because "[t]hat way he wouldn't have to **pay for Tom's second surgery**," and "[m]oving a younger person to SPT was **cheaper** for SPT. **And, as I told you before, SPT didn't want to pay**." A.689a-690a (emphasis added). In another example, the District Court charged the jury on age discrimination, stating that "Mr. Kairys makes a claim based on the [ADA] and an analogous disability discrimination provision in the [PHRA]. Mr. Kairys' claims are that Southern Pines Trucking discriminated against him because of his disability **and including because of the cost of hip replacement surgery necessitated by Mr. Kairys' degenerative arthritis**." A.632a (emphasis added).

The overlap is also evidenced by the verdict slip, where the jury found that in terminating Kairys' employment, SPT did not discriminate against Kairys because of his disability, retaliate against him because he requested a reasonable accommodation, and no management official of SPT personally acted with malice or reckless indifference to Mr. Kairys' rights protected by anti-disability discrimination law. A.710a (verdict). The jury found on the verdict form that SPT did not discriminate against Kairys because of his age, or did not know – or show reckless disregard for whether its termination of Kairys was prohibited by anti-age discrimination law. A.711a (verdict). On the ERISA claim, the jury found in its

37

advisory verdict that SPT did not discriminate or retaliate against Kairys based upon his utilization and any anticipated future utilization of SPT's health insurance benefits, by terminating him.  A.712a (verdict).  The jury's advisory ERISA verdict was fully supported and consistent with the jury's other verdicts.

The entanglement of the Kairys' evidence and legal theories is irrefutable. The centerpiece of all of Kairys' claims was his self-interested and uncorroborated testimony that Bob Gallagher told him that CEO Pat was mad and upset about Kairys' hip surgery and its costs.  A.679a-680a.  The jury only could have reached its verdicts by disbelieving Kairys as to this conversation, and by otherwise finding SPT's evidence and witnesses (including Pat and Bob Gallagher) more credible as to the circumstances of Kairys' hiring, termination, hip surgery, and health insurance invoices than Kairys' testimony and evidence, and also by accepting SPT's evidence as to the reasons for Kairys' termination.  The jury's factual and credibility findings, which necessarily underlie its dismissal of **every one of Kairys' discrimination and retaliation termination claims**, overlapped and compelled a verdict for SPT on the ERISA.

> **3.      The District Court erred because it decided the ERISA claim based on its own factual findings, which were contrary to and inconsistent with the jury's binding factual findings on the same issues**

As addressed above, the District Court's finding of fact were clearly erroneous as they lacked record evidentiary support.  The court also erroneously

decided the ERISA claim as its factual findings were contrary to and inconsistent with the jury's factual and credibility findings on the same issues and evidence, which bound the District Court. A.65a.  Generally, a district court is not bound by a jury's advisory verdict although it "may adopt the jury's findings as its own." *Greenwood v. Greenwood*, 234 F.2d 276, 278 (3d Cir. 1956)[9]; *see also See Stafford Investments, LLC v. Vito,* 375 Fed.Appx. 221, 223 (3d Cir. 2010)(court properly considered jury's advisory ruling on equitable remedy of recession). However, while the District Court was not bound to adopt the advisory **verdict** *per se*, the court was required to decide the ERISA claim in conformity with the jury's binding factual and credibility findings on the common evidence.  The District Court, by its own admission, disregarded the jury's explicit and implicit factual findings by insisting that the jury made no factual findings.

This Court "follow[s] the great weight of authority in other circuits" that "principles of collateral estoppel and jury supremacy preclude a district court from issuing a judgment at variance with the jury's findings." *Roebuck v. Drexel Univ.*, 852 F.2d 715, 717 (3d Cir. 1988)(vacating judgment to await the jury's verdict on retrial).  The U.S. Supreme Court has cautioned courts against splitting legal and

---

[9] Numerous courts have adopted jury's advisory rulings on ERISA claims. *Srein v. Frankford Tr. Co.,* CIV.A.99-2652, 2001 WL 1530607 (E.D. Pa. Nov. 27, 2001)(adopting jury's advisory verdict that defendant was not an ERISA fiduciary thus not liable to plaintiff and denying plaintiff's motion to amend its findings); *see also Covington v. Int'l Rehab. Associates, Inc.,* CIV.A. 86-3503, 1986 WL 11703 (E.D. P. 1986), at *6 n. 4 (stating factual issues in ERISA claim may be submitted to a jury acting in an advisory capacity).

equitable claims and "trying part to a judge and part to a jury." *Beacon Theatres,*

*Inc. v. Westover*, 359 U.S. 500, 508 (1959)(legal claims must be tried to a jury

before the court can grant equitable relief).[10]

"Under Supreme Court precedent, when legal claims involve factual issues

that are 'common with those upon which [the] claim to equitable relief is based' ",

the legal claims must first be determined by the jury prior to any final court

determination of the equitable claims. *Shum v. Intel Corp.*, 499 F.3d 1272, 1277-

1279 (Fed. Cir. 2007) (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479

(1962) and *Beacon Theatres*, 359 U.S. at 508)). This Court has required that the

right to a jury trial on a legal claim coupled with an equitable claim, "including all

issues common to both claims, must be preserved...**by accepting the jury's**

**findings on common facts for all purposes**." *AstenJohnson, Inc. v. Columbia*

*Cas. Co.*, 562 F.3d 213, 228 (3d Cir. 2009)(emphasis added), citing *Lytle v.*

---

[10] The reasoning is that when there are "legal and equitable claims 'based on the same facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations in deciding the legal claim.' " *U.S. Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1111–12 (9th Cir. 2016)(quoting *Miller v. Fairchild Industries*, Inc., 885 F.2d 498, 507 (9th Cir. 1989)). "In the Federal courts this (jury) right cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency." *Beacon Theatres*, 359 U.S. at 510 (quoting *Scott v. Neely*, 140 U.S. 106, 109 (1959)); *see Cabinet Vision v. Cabnetware*, 129 F.3d 595, 600 (Fed. Cir. 1997)(stating "[i]n *Beacon Theatres*, the Supreme Court reemphasized the jury's preeminent role in making factual determinations when simultaneously trying legal and equitable claims that are based on common factual elements"); *Walsh v. Smithkline Beckman*, CIV.A. 89-5833, 1990 WL 191942, at *3 (E.D. Pa. Dec. 3, 1990)()quoting *Beacon*, that "[w]here a legal claim and an equitable claim are joined together, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact.").

*Household Mfg. Inc.*, 494 U.S. 545 (1990)(emphasis added). In such cases, "[a] district court is **bound both by a jury's explicit findings of fact and those findings that are necessarily implicit in the jury's verdict**." *Romero,* 2016 WL 2595102, at *3 (emphasis added)(quoting *Bartee v. Michelin N. Am., Inc*., 374 F.3d 906, 912-13 (10th Cir. 2004)(remand as court's findings inadequate to evaluate it abused discretion by basing equitable remedy on findings conflicting with jury's).

Again, the District Court specifically acknowledged in its decision on fees and costs the significant overlap of the evidence "between the successful and unsuccessful claims" given the " common core of facts" and the "related legal theories' of discrimination and pretext." A89a (fees decision, ECF 146)(quoting *Hensley v. Eckerhart*, 461 U.S. at 435). The District Court and jury heard the same evidence. The jury, as fact-finder, decided in SPT's favor on every claim involving Kairys' termination and unanimously, uniformly and decisively found no discriminatory or retaliatory acts on the part of SPT. The District Court's puzzling verdict for Kairys on the ERISA claim was inconsistent and irreconcilable with the jury's factual and credibility findings, verdict and advisory verdict. There is no set of facts where SPT could prevail on the disability and age discrimination claim, but not prevail on the ERISA claim.

Federal appellate courts have also held that where a case involves "allegations of intentional discrimination the district court must ... follow the jury's

factual findings with respect to a plaintiff's legal claims when later ruling on claims for equitable relief." *Fogg v. Ashcroft*, 254 F.3d 103, 110 (D.C. Cir. 2001)(quoting *Kolstad v. American Dental Ass'n*, 108 F.3d 1431, 1440, *rev'd in part on other grounds*, 139 F.3d 958 (D.C. Cir. 1998), *vacated and remanded*, 527 U.S. 526 (1999))(emphasis added); *see also Pennington v. W. Atlas, Inc.,* 202 F.3d 902, 903-904, 910-911 (6th Cir. 2000) (affirming district court's adoption of jury's advisory findings on ERISA claim and stating "[w]e are further persuaded in our opinion by the fact that an advisory jury rendered its decision in this case, the credibility of witnesses is involved in ascertaining pretext, and that this Court should give "due regard" to the jury's determination of credibility."), citing Fed.R.Civ.P. 52(a). Here, the District Court was bound to follow the jury's explicit and implicit factual findings on the overlapping evidence as to the ADA, ADEA, PHRA, and ERISA claims - that SPT did not discriminate or retaliate against Kairys when it terminated his employment.

In short, the jury **did** make express and implied factual and credibility findings in its age and disability discrimination/retaliation verdicts and ERISA advisory verdict.  The District Court has **acknowledged** that the ADA, ADEA, PHRA and ERISA claims were entwined and the evidence overlapped.  A.89a. The jury held, based upon its factual findings that SPT did not unlawfully discriminate or retaliate against Kairys.  In deciding the ERISA case, the District Court was

42

**bound** by the jury's factual determinations on the common evidence and intertwined issues, but erroneously substituted its own contradictory factual findings. The District Court erred, as the only possible result based was that Kairys' failed to establish an ERISA claim.

> ### D.    The District Court erred by awarding Kairys front pay, and by assessing a rate of $13,500 per year for a five year period, totaling $67,500

For all of these reasons also, the District Court erred by awarding Kairys front pay totaling $67,500. Kairys was not entitled to recover any damages, and a defense verdict should have been entered on the ERISA claim, and no award given. Kairys was not entitled to an award of front pay, much less in the the amount of $13,500 per year for a five year period, totaling $67,500.

## II.    THE DISTRICT COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING KAIRYS ATTORNEYS FEES AND COSTS IN THE AMOUNT OF $111, 981.79, WHICH SHOULD HAVE BEEN FURTHER REDUCED

### A.    Scope And Standard of Review

A fee award in an ERISA claim may only be reversed for abuse of discretion. *Hahnemann Univ. Hosp. v. All Shore, Inc.,* 514 F.3d 300, 305 (3d Cir. 2008). The appellate court will not reverse a district court's factual determination as to the number of hours reasonably worked on the case unless they are "clearly erroneous." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc*., 426 F.3d 694, 703 (3d Cir. 2005), as amended (Nov. 10, 2005). The appellate court exercises plenary

review over the legal standard that the district court used in calculating the award. *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007). The discretion to set attorneys' fees in ERISA matters is not unlimited and "the district court must abide by the appropriate standards and include some explanation to allow for careful appellate review." *Ursic v. Bethlehem Mines*, 719 F.2d 670, 674-675 (3d Cir. 1983). "In all phases of the fee determination, the district judge must cast a critical eye on the award request." *Id.* at 676.

> **B.      The District Court erred by awarding "reasonable" attorneys' fees and costs of $111,981.79 as the billing entries were insufficiently specific, were for work not reasonable and necessary to the prosecution of Kairys' limited successful claims, were associated with unnecessary witness Kyle Kunkle's deposition and testimony, represented duplicative work performed by Kairys' two attorneys, and as Kairys' conduct resulted in unnecessary fees when he filed a WPCL claim for reimbursement of expenses that SPT had in fact paid him**

Kairys' petition requested attorneys' fees and costs of $130,682.47. The District Court erred and abused its discretion by awarding fees and costs in the amount of $111,981.79 without the further reductions requested by SPT, and its award was clearly erroneous. It also follows that the court erred in awarding Kairys any counsel fees based on its erroneous and unwarranted finding for Kairys on the ERISA claim. Had the District Court accepted the jury's entire verdict, which included the advisory verdict on the ERISA claim, SPT would have

prevailed on Kairys' claims in their entirety and Kairys would be entitled to no fees or costs for his claims.

### 1.   Reduction required for insufficiently detailed tasks

The District Court erred by finding that Kairys' counsels' billing entries were "sufficiently specific and detailed" to support the fee award.  A.89a.  A reduction should be awarded for certain pre-verdict and post-verdict hours inadequately documented in the fee petition.  *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).  For example, on 2/25/2020 and 6/13/2020 there is no indication as to what documents were reviewed by Attorneys Elzer and Van Hausen or their number of pages: 2/25/2020 (CTE-.3), A.801a and 6/13/2020 (TVH-2.0), A802a.  Also, this was a low document case, and only a "reasonable" attorneys' fee award of significantly less than requested should have been awarded under the proper standards of fee evaluation.  Awarding such hours was contrary to the law governing the assessment of counsel fees and clearly erroneous and an abuse of discretion.  *Interfaith Cmty. Org.,* 426 F.3d at 703.

### 2.   Reduction required for tasks related to unnecessary witness Kunkle, and inadequately documented task which could include Kunkle

Kunkle, the "younger employee" who purportedly replaced Kairys, was called to testify as to what he heard after Kairys' termination.  His testimony had nothing to do with the successful ERISA claim, thus any tasks related to Kunkle

and his testimony should have been excluded from the lodestar amount.  These

include the time for deposing Kunkle and other tasks: 7/9/2020 (CTE-.5), A.803a;

8/31/2021 (CTE-.1), A.810a; 1/3/2022 (CTE-.1), A.811a; 1/4/2022 (CTE-.4),

A.811a; 1/6/2022 (CTE-,2), A.811a; 1/10/2022 (CTE-.2), A.812a; 1/14/2022

(CTE-2.80), A.812a); 1/12/2022 (TVH-2.3), A.812a..

Work by Attorney Elzer related to unidentified individuals (thus who could

be Kunkle) should have been denied: 10/8/2018 (CTE-.3)(emails from/to client re

replacement employee); 2/25/2020 (CTE-.3)(prepare notices of depositions); and,

3/4/2020 (CTE-.1)(email re depos and discovery).  A.798a, 801a.  Attorney Elzer's

time spent for "preparation of depositions" for persons she failed to identify should

similarly be denied: 6/15/2020 (CTE-2.5); 6/16/2020 (CTE-3.5); 6/17/2020 (CTE-

1.5); 6/19/2020 (CTE-.8); 6/24/2020 (CTE-4.2) and 6/25/2020 (CTE-1.5).  A.802a.

Nor were fees allowable for other work regarding persons who could be Kunkle:

7/28/2020 (TVH-5.5), A.803a; 1/14/2022 (TVH-1.4), A.813a; 1/12/2022 (TVH-

2.3), A.812a; 8/28/2021 (CTE-1.5), A.809a.

### 3.    Reduction required for duplicative tasks

The fee award should be reduced for clearly duplicative and redundant work

performed by Kairys' two attorneys.  Hours are not reasonably expended if they

are excessive, redundant, or otherwise unnecessary.  *Rode*, 892 F.2d at 1183).  The

excessive, duplicative and redundant work performed by Attorneys Elzer and Van

Hausen is particularly evident in the entries reflecting preparation and revision of the jury instructions, including but not limited to the entries for: 8/28/2021 (CTE-1.5), A.809a; 8/29/2021 (CTE-.5), A.809a; 8/31/2021 (TVH-4.5), A.810a; 9/1/2021 (CTE-1.8), A.810a; 9/2/2021 (CTE-.7), A.810a; 12/20/21 (CTE-.4), A.810a; 1/12/2022 (CTE-1.2), A.812a; 1/14/2022 (CTE-3.0), A.812a; and, 1/14/2022 (TVH-2.0), A.812a.  These entries total $3,640 for Attorney Elzer, and $912.40 for Attorney Van Hausen.

### 4.    Reduction required for withdrawn WPCL claim

Kairys' and his counsel's own conduct also resulted in unnecessary fees.   In his first Complaint, Kairys claimed that he submitted for expense reimbursement which SPT did not pay.  *See* ECF 1 at 23-25.  Kairys raised the same issue in his Amended Complaint, ECF 16 at 23-25, but he voluntarily withdrew this claim for lack of evidence given that SPT had in fact paid him.  Kairys' conduct clearly contributed to the unnecessary fees requested, and the District Court abused its discretion and clearly erred by failing to find associated fees to be unreasonable.

### C.    The District Court erred by ordering only an approximate 25% total reduction in pre-verdict fees and by failing to take into account Kairys' lack of significant success, and failure before the jury on every liability and termination claim including the advisory verdict on ERISA

SPT had requested a reduction of at least 40% of the claimed pre-verdict fees, based upon Kairys' lack of success. The District Court erred by ordering only

a 25% total reduction in pre-verdict fees. The court explained that Kairys' counsel wrote off time related solely to work on the unsuccessful claims, amounting to an approximate 5% reduction, thus claiming $113,005. A.90a n. 3. The court itself then discounted the pre-verdict total by 20%, resulting in an approximate total reduction of 25%, and total award of $90,404 in pre-verdict fees.

The District Court did not account for Kairys' lack of significant success and failure before the jury on every liability and termination claim, including the advisory verdict on ERISA. It was the jury's common factual assessment that SPT neither discriminated nor retaliated against Kairys, and a substantial portion of the case presented at trial was tied to Kairys' failed discrimination and retaliation claims.

The considerations for adjusting a fee upward or downward "includ[e] the important factor of the 'results obtained.' " *Hensley*, 461 U.S. at 434. As stated in *Hensley*:

> This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Hensley*, 461 U.S. at 434. Where a plaintiff "has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole

times a reasonable hourly rate may be an excessive amount," even where the claims were "interrelated, nonfrivolous, and raised in good faith." *Id.* at 436. As aptly stated, "Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained." *Id.*

Here the jury returned a verdict in favor of SPT as to all liability issues. The only jury verdict in Kairys' favor was for his Separation Pay claim ($5,384.62) which was based on the court's instruction that it had determined that SPT breached the contract on the two weeks severance pay. A.710a (verdict). The jury obviously disbelieved all of Kairys' evidence regarding discrimination and retaliation. Had the District Court accepted the ERISA advisory verdict, Kairys would have lost on essentially every cause of action and received no award on his primary claims. Despite the common core of facts, the court should have reduced the fee request further to reflect Kairys' near total failure before the jury and lack of any monetary award, including punitive damages. Even with the grant of the ERISA claim, Kairys in no way achieved a level of success supporting the fee award. The District Court erred and abused its discretion and failed to award "reasonable" attorneys fees, and the award should have been adjusted downward by at least 40%. *See Hensley*, 461 U.S. at 434.

49

### D.    SPT was entitled to a reduction in post-verdict fees to reflect the additional, unnecessary work in briefing the ERISA claim at Kairys' counsel's insistence

The District Court erred by failing to order a reduction in post-verdict fees to reflect the additional, unnecessary work performed in briefing the ERISA claim, at Kairys' counsel's insistence.

Following the verdict and advisory verdict, Kairys' counsel asked if the District Court wanted briefing and argument on the ERISA issue. A.708a. The District Court indicated that it was not necessary: that the court would decide the ERISA issue quickly, was familiar with the evidence and did not need findings of fact or conclusions of law, but permitted briefs A.708a. Given that Kairys intended to submit a brief, SPT also submitted a brief. A.720a, 721a (briefs).

Kairys' counsel's time entries for the unnecessary ERISA briefing and review of SPT's Brief should have been denied. They include, but are not limited to: 2/11/2022(CTE-1.5), A.823a; 2/14/2022 (CTE-6.70), A.823a; 2/15/2022 (CTE-0.4), A.824a; 2/21/2022 (CE-3.8), A.824a; 2/22/2022 (CTE-0.6), A.824a; 2/23/2022 (TVH-2.7), A.824a; 2/23/2022 (TVH-1.3), A.824a; 2/24/2022 (CTE-0.8); and, 2/25/2022 (CTE-0.3),A.824a. *See* ECF-9. These entries total $5,640 in fees for Attorney Elzer, and $700 in fees for Attorney Van Hausen, and awarding such fees was a manifest abuse of discretion and error of law.

**E.    SPT was entitled to a reduction for inadequately documented litigation costs, and costs relating to unnecessary witness Kunkle**

The District Court rejected SPT's objections to the costs claimed by Kairys, as "not well taken" without individually addressing SPT's arguments.  A.90a. Kairys failed to establish that all expenses claimed were related to the claims upon which he prevailed, and no award should have been made for inadequately documented costs.  The costs awarded also erroneously included the filing fee, and expenses relating to witness fees, transportation and printing costs associated with the testimony of Kunkle, who was an unnecessary witness as to the ERISA claim. *See* A.826a, 835a.

## <u>CONCLUSION</u>

For the foregoing reasons, Appellant Southern Pines Trucking, Inc. respectfully requests that this Honorable Court reverse the District Court's March 31, 2022 Final Judgment (ECF 132) for Plaintiff Kairys on the ERISA claim entered pursuant to its March 31, 2022 Opinion (ECF 131) granting judgment, equitable relief on Kairys' ERISA claim and unspecified attorneys fees, and enter judgment in SPT's favor.  SPT further requests that this Court reverse the Order and Judgment entered May 9, 2022 (ECF 146) granting Kairys' petition for attorney's fees and costs, or alternatively, significantly reduce this award as set forth herein.

Respectfully submitted
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY:   */s/ Audrey J. Copeland*
AUDREY J. COPELAND, ESQ.
PA I.D. 44291
620 Freedom Business Center, Suite 405
King of Prussia, PA 19406
Tel: (610) 354-8283; Fax: (610) 354-8299

TERESA O. SIRIANNI, ESQ.
PA I.D. 90472
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
(412) 803-1140
(412) 803-1188/fax
*Attorneys for Appellant*
*Southern Pines Trucking, Inc.*

## CERTIFICATION OF BAR MEMBERSHIP

The undersigned hereby certifies that, pursuant to $3_{rd}$ Circuit Local Appellate Rules 28.3(d), Audrey J. Copeland, Esquire, is a member of the bar of the Third Circuit.

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Fed. R. A. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. A. P. 32(f), this document contains 12,158 words.

2.      This document complies with the typeface requirements of Fed. R. A. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14 point Times New Roman.

3.      The undersigned hereby certifies that the text of the electronic brief is identical to the text of the paper copies, and the McAfee ViruScan Enterprise 8.0.0 detection program has been run on the file and no virus has been detected.

MARSHALL DENNEHEY WARNER
COLEMAN AND GOGGIN
BY:  *s/s Audrey J. Copeland*
AUDREY J. COPELAND, ESQ.

Date:  November 16, 2022

NOs. 22-1783 and 22-2055

In the

# United States Court of Appeals
# for the Third Circuit

THOMAS J. KAIRYS,

**Appellee**

v.

**SOUTHERN PINES TRUCKING, INC.,**

**Appellant**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of *the Brief of Appellant Southern Pines Trucking, Inc. and Joint Appendix Volume I* was electronically filed with the Court and copies delivered to the below on the date indicated:

## VIA ECF

Christine T. Elzer, Esq./Tamra VanHausen, Esq.
ELZER LAW FIRM
100 First Ave., Ste. 1010
Pittsburgh, PA  15222
*Counsel for Appellee*

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
*/s/ Audrey Jacobsen Copeland*
AUDREY JACOBSEN COPELAND, ESQ.
620 Freedom Business Ctr., Ste. 405
King of Prussia, PA  19406
(610) 354-8274
*Attorneys for Appellant*
*Southern Pines Trucking, Inc.*

Date:  November 16, 2022

NOs. 22-1783 and 22-2055

In the

# United States Court of Appeals
# for the Third Circuit

### THOMAS J. KAIRYS,
**Appellee**

**v.**

### SOUTHERN PINES TRUCKING, INC.,
**Appellant**

## JOINT APPENDIX VOLUME I – A.1a-109a

On consolidated appeals from the Final Judgment (ECF 132) entered March 31, 2022 pursuant to the March 31, 2022 Opinion (ECF 131) and Order and Judgment entered May 9, 2022 (ECF 146), of the United States District Court for the Western District of Pennsylvania, No. 2:19-cv-1031-NR

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
Audrey J. Copeland, Esq.   PA I.D. No. 44291
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
Ph: (610) 354-8274/Fax: (610) 354-8299

Teresa O. Sirianni, Esq.   PA I.D. 90472
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
Ph:(412) 803-1140  Fax:(412) 803-1188/fax
*Attorneys for Appellant Southern Pines Trucking, Inc.*

# TABLE OF CONTENTS

Page

**VOLUME I    1a-109a**

Notice of Appeal (ECF 136)......................................................................1a
Notice of Appeal (ECF 158).....................................................................42a
Opinion on ERISA Claim (ECF 131)........................................................64a
Final Judgment (ECF 132)........................................................................87a
Order/Opinion on Attorneys Fees/Costs (ECF 146)................................88a
District Court Docket................................................................................91a

**VOLUME II    110a-269a**

Transcript of Pre-trial Conference 1-31-2022........................................110a
Transcript of Trial Notes of Testimony, Volume I..................................165a

**VOLUME III....270a-600a**
Transcript of Trial Notes of Testimony, Volume II.................................270a
Transcript of Trial Notes of Testimony, Volume III (pp. 1-75)..............526a

**VOLUME IV    601a-714a**
Transcript of Trial Notes of Testimony, Volume III (pp. 76-184).........601a
Verdict form (ECF 121)...........................................................................710a

**VOLUME V    715a-901a**
Docket Text Order re: Post-Trial Submissions........................................715a
Joint Notice Regarding Post-Trial Submissions (ECF 123)...................717a
February 14, 2022 Order (ECF 124)........................................................720a
Plaintiff's Brief In Support Of ERISA Section 510 Claim (ECF 125)...721a
Defendant's Brief Regarding Plaintiff's ERISA Claim.
(Count III)(ECF 128)..............................................................................740a
      Verdict form...................................................................................752a
Plaintiff's Petition For Attorneys' Fees And Expenses (ECF 133)........757a
      Ex. 1 Elzer Declaration..................................................................761a
      Ex. 2 Van Hausen Declaration.......................................................725a
      Ex. 3 Cordes Affidavit...................................................................777a
      Ex. 4 Urban Declaration.................................................................784a
      Ex. 5 Daller Declaration.................................................................787a
      Ex. 6 Horowitz Declaration............................................................789a
      Ex. 7 Lamberton Declaration.........................................................791a

Ex. 8 McElroy Declaration.........................................................796a
Ex. 9 Invoice 4/10/2022............................................................798a
Ex. 10 Invoice 4/11/2022..........................................................823a
Ex. 11 Invoice 4/9/2022............................................................826a
Plaintiff's Brief In Support Of Petition For Attorneys' Fees And
Expenses (ECF 134)...................................................................844a

Defendant's Opposition To Petition For Attorneys' Fees And
Expenses (ECF 140)...................................................................868a

Defendant's Brief In Opposition To Petition For Attorneys' Fees
 And Expenses (ECF 141)...........................................................873a

Plaintiff's Reply Brief In Support Of Petition For Attorneys' Fees
And Expenses (ECF 145)............................................................893a

## **VOLUME VI**   902a-1051a

Trial Exhibits
Ex. 1 Offer Letter.....................................................................902a
Ex. 4 SPT Handbook.................................................................904a
Ex. 5 Personnel Change Form re pay raise................................945a
Ex. 6 Email chain re "Surgery"................................................946a
Ex. 7 Insurance Invoices...........................................................948a
Ex. 7A Summary........................................................................1000a
Ex. 10 Personnel Change Form re "bonus"..............................1001a
Ex. 11 Email re "tomorrow".....................................................1002a
Ex. 13 Email chain re "Paid leave balance".............................1004a
Ex. 14 SPT Bonus Plan.............................................................1011a
Ex. 15 Final paystub.................................................................1012a
Ex. 16 Email chain re "Thomas Kairys/SPT"..........................1013a
Ex. 17 Email re "Making Moves-Kyle Kunkle".....................1015a
Ex. 18 Operations Manger Job description...............................1016a
Ex. 19 Defendant's Answers to Plaintiff's First Interrogatories.............1018a
Ex. 20 Email re "Kairys health insurance coverage".............1027a
Ex. 21 Kairys 2018 W-2............................................................1029a
Ex. 22 Offer letter from CP Industries....................................1030a
Ex. 28 Most recent paystub......................................................1031a
Ex. 29 Memorandum re Compensation Adjustment..............1034a
Ex. 30 Receipt of Handbook.....................................................1035a
Ex. 32 Plaintiff's Designation/P. Gallagher testimony...........1036a

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS J. KAIRYS, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 19-1031 |
| | ) | |
| v. | ) | US District Judge J. Nicholas Ranjan |
| | ) | |
| SOUTHERN PINES TRUCKING, INC., | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**NOTICE OF APPEAL**

Notice is hereby given that SOUTHERN PINES TRUCKING, INC., Defendant in the above-captioned matter, hereby appeals to the United States Court of Appeals for the Third Circuit from the Final Judgment of the Court (ECF 132) entered on March 31, 2022 in favor of Plaintiff Thomas Kairys and against Defendant Southern Pines Trucking, Inc. in the amount of $67,500 pursuant to the Court's March 31, 2022 Opinion (ECF 131) granting judgment and equitable relief on Plaintiff's ERISA claim, Count III of the Second Amended Complaint and any associated reasonable attorneys' fees and costs (with the amount to be determined on the pending post-judgment fee petition).

**000001a**

A copy of the Court's March 31, 2022 Final Judgment (ECF 132, Exhibit "A") and

March 31, 2022 Opinion (ECF 131, Exhibit "B") on the ERISA claim, and dockets (Exhibit "C"),

are attached hereto.

Respectfully submitted,

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**


BY:    *s/Teresa O. Sirianni*
        TERESA O. SIRIANNI, ESQUIRE
        PA ID #90472
        **Counsel for Defendant, Southern Pines
        Trucking, Inc.**
        Union Trust Building, Suite 700
        501 Grant Street
        Pittsburgh, PA 15219
        (412) 803-1140
        (412) 803-1188/fax
        TOSirianni@mdwcg.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. KAIRYS, | ) | |
| | ) | |
| | ) | 2:19-cv-1031-NR |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SOUTHERN PINE TRUCKING, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### FINAL JUDGMENT

**AND NOW,** this **31st day of March, 2022,** it is hereby **ORDERED** that, as to Counts I, II, and VI of the Second Amended Complaint (ECF 47), **JUDGMENT** is hereby entered in favor of defendant Southern Pines Trucking, Inc. and against plaintiff Thomas J. Kairys, as determined by the jury's verdict on February 9, 2022 (ECF 121).

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in favor of plaintiff Thomas J. Kairys and against defendant Southern Pines Trucking, Inc. as to Count III of the Second Amended Complaint, after the Court's ruling on the ERISA claim (ECF 131). On this claim, the Court awards Mr. Kairys $67,500 in equitable relief, plus reasonable attorneys' fees and costs associated with this claim.

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in favor of plaintiff Thomas J. Kairys and against defendant Southern Pines Trucking, Inc. as to Counts IV and V of the Second Amended Complaint, as determined by the jury's verdict on February 9, 2022 and following the Court's ruling on the motion to mold the verdict (ECF 130). On these claims, the Court awards Mr. Kairys $8,104.53 in damages, which includes his full separation pay plus pre-judgment interest and liquidated damages.

BY THE COURT:

s/ J. Nicholas Ranjan
United States District Judge



Exhibit "A"

**000003a**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS KAIRYS,         )
)
        Plaintiff,    )
)    2:19-cv-1031-NR
    v.         )
)
SOUTHERN PINES TRUCKING, INC.,  )
)
        Defendant.    )
)

### OPINION[1]

**J. Nicholas Ranjan, United States District Judge**

On February 7, 2022, the parties in this employment-discrimination case proceeded to a jury trial on several claims, including one for retaliation of the exercise of employee benefits under ERISA. The jury returned a verdict in favor of Defendant Southern Pines Trucking on that claim. But, as the parties agreed before trial, the jury's ERISA verdict was advisory because there is no right to a jury trial for ERISA claims. Thus, the Court is not bound by the advisory verdict. *Hayes v. Cmty. Gen. Osteopathic Hosp.*, 940 F.2d 54, 57 (3d Cir. 1991) ("A trial court has full discretion to accept or reject the findings of an advisory jury.") (citation omitted).

After carefully considering the evidence admitted at trial, the Court respectfully reaches a different conclusion than the jury. The Court finds that Plaintiff Thomas Kairys has proven by a preponderance of the evidence that Southern Pines retaliated against him for exercising his rights to ERISA-protected benefits, and that it interfered with his right to future benefits. As such and for the reasons

---

[1] This Opinion serves as the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). *See* Fed. R. Civ P. 52(a) ("In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.").

## Exhibit "B"

**000004a**

discussed below, the Court awards equitable relief to Mr. Kairys on this claim equal to $67,500 in front pay, plus reasonable attorneys' fees and costs.

## FINDINGS OF FACT[2]

Initially, the Court notes – and the parties agree – that the Court is not bound in any way by the jury's advisory verdict as to the ERISA claim. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 249 (3d Cir. 2013) ("District courts are…free to reject [advisory] verdicts, as long as doing so is not independently erroneous."). Further, while Southern Pines asks this Court to give "due regard" to the advisory verdict, it is difficult to do so because the jury made no specific findings of fact. Instead, "the ultimate responsibility for finding the facts remains with the Court[.]" *Wilson v. Prasse*, 463 F.2d 109, 116 (3d Cir. 1972).

After independently considering the documentary and testimonial evidence admitted at trial, including weighing the credibility of the testimony of the witnesses, the Court finds as follows.

1.      Mr. Kairys served as Southern Pines Trucking's Vice President of Sales from March 14, 2016 until April 23, 2018. Ex. 1; T. Kairys Testimony; 67:15-17. Southern Pines's owner and CEO, Patrick "Pat" Gallagher, personally recruited him for the job.[3] P. Gallagher Testimony, 8:16-25. Mr. Kairys's primary duty was to grow Southern Pines's cryogenic trucking portfolio. *Id.* at 9:3-9; 10:9-11. The vision for his job was long-term, rather than temporary. *See* T. Kairys Testimony, 9:7-24.

---

[2] The Findings of Fact identify certain critical facts, but are not exhaustive. The Court finds and considers other relevant facts, which are described in the "Conclusions of Law & Analysis" section below as they relate to the application of certain legal principles.

[3] Because there are two Gallaghers that testified at trial, the Court does not refer to them by use of any honorific or title. Instead, the Court refers to Patrick Gallagher as "Pat Gallagher" and Robert Gallagher as "Bob Gallagher."

2.     When Mr. Kairys started at Southern Pines, his annual base salary was $125,000.  Ex. 1.  In January 2017, Southern Pines raised his base pay to $140,000.  Ex. 5; Ex. 29.  Mr. Kairys was also eligible for monthly bonuses of up to $3,000 depending on the level of truck utilization he secured.  Ex. 1.  Full utilization earned the maximum bonus.  *Id.*  Mr. Kairys earned several bonuses throughout his tenure at Southern Pines.  *See* Ex. 10; Ex. 15.

3.     In accepting the job with Southern Pines, Mr. Kairys considered health insurance to be an important benefit.  T. Kariys Testimony, 10:18-11-9.  Accordingly, his offer letter from Southern Pines specially provided that his coverage would begin on April 1, 2016 – about 1.5 months earlier than the standard policy for new employees.  Ex. 1.

4.     In October 2016, Mr. Kairys was diagnosed with degenerative arthritis in both hips and learned that he would need to have hip-replacement surgery.  T. Kairys Testimony, 40:19-41:7.  On November 6, 2017, he notified his supervisor – Chad Vittone – about his upcoming procedure.  Ex. 6, SPT 001975.  Mr. Vittone responded that it was "no problem."  *Id.*

5.     Mr. Kairys underwent hip-replacement surgery on November 30, 2017, and he missed some work as a result.  T. Kairys Testimony, 50:24-51:17.

6.     Mr. Kairys's medical expenses, including his surgery, were covered under Southern Pines's employee health insurance plan.  *Id.* at 98:13-16.

7.     Southern Pines's insurance policy was self-insured, meaning that it paid out of pocket for a portion of each claim made on the policy.  P. Gallagher Testimony, 22:24-23:23.  The company periodically received invoices itemizing the cost of medical and pharmaceutical claims for its employees; the invoices showed weekly charges for claims processed by date.  Ex. 7.

8.     Pat Gallagher did not review the weekly invoices himself.  P. Gallagher Testimony, 25:1-12.  But he did review the company's medical costs on an annual

000006a

basis.  *Id.* at 54:23-55:1.  The Court draws from this a reasonable inference that Pat Gallagher was generally aware of the expenses incurred by the company under its health plan.

9.      After Mr. Kairys's November 30, 2017, hip surgery, Southern Pines did incur a spike in medical costs.  *See* Ex. 7, SPT002611.  The invoices in Southern Pines's records reflected that Mr. Kairys's costs were highlighted on the spreadsheets, though the spreadsheets had code numbers rather than names.  *Id.*  This suggests to the Court that the costs caught the attention of someone in the company.

10.     Pat Gallagher found out about the hip surgery and became upset.  Mr. Kairys testified that Pat Gallagher was upset about the costs of the surgery, and that his brother – Southern Pines Vice President Bob Gallagher – told him to "lay low." T. Kairys Testimony, 48:4-17; 55:20-56:5.  The Court finds this testimony to be credible.

11.     In or around Summer 2017, Mr. Kairys informed Southern Pines representatives, including Pat Gallagher, that he would eventually need to have both hips replaced.  *Id.* at 55:12-19.

12.     Southern Pines terminated Mr. Kairys on April 23, 2018.  T. Kairys Testimony, 67:15-17.  Pat Gallagher made this decision unilaterally.  P. Gallagher Testimony, 30:1-3.  This occurred right around the end of the benefits calendar year – which was May 1.  P. Vargo Testimony, Trial Transcript III:180.  Mr. Kairys did not receive any advance notice, and his employment ended immediately.  *See* T. Kairys Testimony, 69:20-70:15.  Additionally, during his termination meeting, Southern Pines representatives asked Mr. Kairys to sign a severance agreement that included a release.  *Id.* at 72:8-24.

13.     Pat Gallagher knew that Mr. Kairys's termination might result in legal trouble; he anticipated that Mr. Kairys would hire an attorney.  *See* Ex. 16.  Still, he said "we will not give ground on this."  *Id.*

- 4 -

**000007a**

14.     Kyle Kunkle began working at Southern Pines on June 11, 2018, as part of a hybrid rotation with PGT Trucking.  Ex. 17.  Some of his duties overlapped with Mr. Kairys's role.  Ex. 18; T. Kairys Testimony, 22:7-11.

15.     After being fired, Mr. Kairys diligently sought other employment.  T. Kairys Testimony, 75:8-76:5.  But he did not obtain new employment until January 21, 2019.  Ex. 22.  In the meantime, he went on his wife's insurance plan.  Ex. 20; T. Kairys Testimony, 74:16-18.

16.     Mr. Kairys submitted evidence that while his annual base salary at Southern Pines was $140,000, his annual base salary for his current position is $132,500.  Ex. 28, p. 2.  Additionally, Southern Pines allotted a $1,000 monthly car allowance for Mr. Kairys.  *See* Ex. 15.  But his current employer only provides a $500 allowance each month.  Ex. 28, p. 2.  Mr. Kairys also earns smaller bonuses in his new position, though the bonus differential was not quantified with precision.  T. Kairys Testimony, 79:1-4.

17.     Prior to joining Southern Pines, Mr. Kairys held approximately five jobs, spending approximately one to seven years at each one.  *Id.* at 107:6-108:15.

## CONCLUSIONS OF LAW & ANALYSIS

Section 510 of ERISA provides, in relevant part: "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan … or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan[.]"  29 U.S.C. § 1140.

This provision "prohibits employers from discharging or harassing their employees in order to keep them from obtaining employee benefits."  *DiFederico v. Rolm Co.*, 201 F.3d 200, 204 (3d Cir. 2000) (cleaned up).  It also "supports a claim

- 5 -

**000008a**

where an employee alleges that he or she was terminated in retaliation for the past exercise of protected rights" under an employee benefit plan. *Najmola v. Women's Healthcare Grp. of Pa.*, No. 13-6519, 2014 WL 3700260, at *4 (E.D. Pa. July 24, 2014) (cleaned up); *see also Kowalski v. L & F Prod.*, 82 F.3d 1283, 1287 (3d Cir. 1996) ("There is simply no limiting language in § 510 that suggests that only future benefits are protected."). Though ERISA was only one count of his complaint, Mr. Kairys essentially makes both types of claims; he alleges that Southern Pines Trucking "fired him because of the cost of a hip replacement surgery, and to avoid having to pay for a second hip replacement surgery." ECF 125, p. 1.

The parties agreed that to prove ERISA retaliation, Mr. Kairys must show – by a preponderance of the evidence – that there was a causal connection between his termination and his use of the employee benefit plan. ECF 119, p. 18 (final jury instructions); *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567-68 (3d Cir. 2002) (citation omitted). "A causal connection may be shown in many ways …. [including] through timing, …antagonism shown toward Mr. Kairys or a change in demeanor toward Mr. Kairys." ECF 119, p. 18 (final jury instructions); *cf. Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Mr. Kairys's ERISA-protected benefits need not have been the sole reason for his termination. *Dewitt v. Penn-Del Directory Corp.*, 106 F.3d 514, 522 (3d Cir. 1997). But they must have been a determinative factor. *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 347 (3d Cir. 1997). "'Determinative factor' means that if not for Mr. Kairys's engagement in the protected activity, the termination would not have occurred." ECF 119, p. 18 (final jury instructions).

On the other hand, to prove interference, Mr. Kairys must show that "(1) the employer committed prohibited conduct (2) that was taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." *Jakimas v. Hoffman-LaRoche, Inc.*, 485 F.3d 770, 785 (3d Cir. 2007)

- 6 -

**000009a**

(cleaned up). Thus, Mr. Kairys must demonstrate that Southern Pines had the specific intent to violate ERISA. *Id.* That is, he must show that Southern Pines "made a conscious decision to interfere with [his]…benefits …. Proof that the termination prevented [him] from accruing additional benefits through more years of service alone is not probative of intent." *Id.* (cleaned up). Again, Mr. Kairys's anticipated use of benefits must have been a determinative factor in his termination. *Turner*, 901 F.3d at 347. But he "need not prove that the intent to interfere was the sole reason for [his termination]." *DiFederico*, 201 F.3d at 206.[4]

In either case, "smoking gun" evidence is often rare. *See Gavalik v. Cont'l Can Co.*, 812 F.2d 834, 852 (3d Cir. 1987). Accordingly, plaintiffs may prove their ERISA discrimination claims through circumstantial evidence. *Id.* In such cases, a finder of fact may employ the *McDonnell Douglas* burden-shifting framework. *Id.* at pp. 852-853. That is, "employees alleging discrimination under ERISA bear the burden of making out a *prima facie* case of discrimination." *Id.* at p. 852. Then, the employer must "rebut the presumption of discrimination" by introducing evidence of "a legitimate, nondiscriminatory reason for its challenged actions." *Id.* at 853. Finally, the plaintiff has "the opportunity to demonstrate that the employer's articulated reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* (cleaned up).

In denying summary judgment, this Court already decided that Mr. Kairys presented a *prima facie* case, and that Southern Pines properly articulated a non-discriminatory reason for terminating him. ECF 79, pp. 14-16. The Court finds that the parties met those requirements again at trial. Now, having independently

---

[4] The parties do not dispute that Southern Pines provided employee benefits to its employees, including Mr. Kairys, pursuant to a plan governed by ERISA. *See* ECF 53, pp. 24-25. The main crux of the dispute is whether the termination decision can be causally linked to Mr. Kairys's exercise of rights under the plan.

weighed all the evidence admitted, the Court finds that Mr. Kairys has met his burden to show that Southern Pines's proffered reason was pretextual, and that Mr. Kairys's use – and anticipated future use – of ERISA-protected benefits played a determinative role in his termination. Because the evidence for the two claims overlaps, the Court will address them simultaneously.

## I. Southern Pines's explanation for the termination was pretextual.

Southern Pines claimed that Mr. Kairys's position as Vice President of Sales was simply eliminated. Ex. 19, p. 1. At trial, it argued that Mr. Kairys's job was intended to be temporary and became unnecessary once the cryogenic fleet was at full utilization. *See* ECF 119, p. 19. After reviewing the evidence, the Court finds that this explanation was pretextual for at least six reasons.

First, Southern Pines did not present any evidence that it had told Mr. Kairys he was only a temporary addition and tasked with the completion of a specific objective. His offer letter does not list a designated term. *See* Ex. 1. Mr. Kairys testified that he intended to stay at Southern Pines long-term. T. Kairys Testimony, 9:7-24. Given that Pat Gallagher personally recruited Mr. Kairys to join Southern Pines, it is unlikely that the two would have had such a divergent understanding as to the scope of the job. Additionally, there is no evidence that such a task-based arrangement was standard practice in the industry.

Second, Southern Pines's bonus plan recognized that full utilization was a goal that could fluctuate frequently. Mr. Kairys's offer letter specifically incentivized full utilization with a $3,000 maximum bonus, and it did not warn him that such an achievement may subject him to termination. Ex. 1. Moreover, the letter explained that bonuses are calculated monthly, implicitly recognizing that full utilization was not a permanent state. *Id.* Pat Gallagher himself testified that "you might be running at 100 percent this month. Two drivers quit as drivers, and now you're running at 80 percent." P. Gallagher Testimony, 31:12-24. Therefore, it is not

plausible that reaching full utilization any given month would lead Pat Gallagher to decide – that same month – that there would be no more work for Mr. Kairys to do.

Third, Pat Gallagher explained that cryogenic truck drivers such as those who drive for Southern Pines must earn a hazmat endorsement – a more stringent requirement than a traditional commercial driving license. *Id.* at 2:16-25. Pat Gallagher testified that a shortage of hazmat-certified drivers factored into his decision to fire Mr. Kairys. *E.g.*, *id.* at 28:8-19 ("It was becoming more and more difficult to get drivers."); 35:8-14 ("Once again, you can buy equipment. But if you don't have the drivers, it doesn't matter."). His trial testimony was the first time Southern Pines raised this rationale, and Pat Gallagher never mentioned it in his deposition testimony – as Mr. Kairys's counsel pointed out at trial. *See* Ex. 32. On top of that, at trial, Pat Gallagher's testimony on the driver shortage was evasive, and the Court finds it lacking in credibility. *E.g.*, *id.* at 46:3-25 (answering "no" when asked whether "the shortage of drivers [was] one of the factors" considered, and responding "that's an assumption, counselor" when asked whether the driver shortage impacted his decision).

Fourth, Pat Gallagher claimed that he became upset not because Mr. Kairys had surgery, but because, as CEO, he did not know where his employee was. P. Gallagher Testimony, 18:1-10; 19:10-13. The Court does not find this claim to be credible. For starters, Mr. Kairys did not report directly to Pat Gallagher; his immediate supervisor was Chad Vittone. *Id.* at 18:11-19.[5] Pat Gallagher also was not involved in the day-to-day management and operations of Southern Pines. *See id.* at 42:24-43:3. It is therefore unlikely that he would have always expected to know Mr. Kairys's whereabouts. Moreover, Mr. Kairys testified that Bob Gallagher –

---

[5] Pat Gallagher initially testified that Mr. Kairys was a "direct report" to him. *Id.* at 18:5-10. But immediately afterward, in response to direct questioning, he stated the opposite. *Id.* at 18:11-19. This, too, undermines his credibility.

Southern Pines executive and brother of Pat Gallagher – told him that the surgery costs made – or would make – Pat Gallagher mad, and that Mr. Kairys should "lay low." T. Kairys Testimony, 46:22-48:17. Pat and Bob Gallagher claim that these conversations did not occur. *E.g.*, P. Gallagher Testimony, 22:10-17 (Q: "Did you ever tell Bob Gallagher that you were upset about having to pay for [Mr. Kairys's] hip surgery?" A: "No."). After observing each witness's demeanor and comparing their statements with other evidence submitted, the Court finds that Mr. Kairys is more credible on this point.

Fifth, the procedure of this termination was unusual. Pat Gallagher testified that he did not consult anyone prior to making the decision to fire Mr. Kairys. P. Gallagher Testimony, 30:1-9; 59:9-17. In its interrogatory responses, Southern Pines stated that no documents were consulted before deciding to terminate Mr. Kairys, either. Ex. 19, p. 2. As CEO, Pat Gallagher had the authority to terminate employees. P. Gallagher Testimony, 43:16-44:2. But the only other examples he cited where he made a unilateral termination decision were where employees engaged in misconduct or suffered from poor performance. *Id.* at 43:16-23 ("We caught a salesman at PGT who was stealing, falsifying his expense account. We terminated him. Terminated CFOs that weren't being accountable for the department and for their accounting … Today I don't terminate as many people because I don't have that many direct reports.").

Here, there is no claim that Mr. Kairys committed any misconduct or even that he performed inadequately. Quite the opposite. *Id.* at 12:25-13:4 (explaining that Mr. Kairys received a raise because he "was doing what we hired him to do. He was maximizing the amount of equipment we had at Southern Pines"). Indeed, Mr. Kairys earned an $11,458 bonus less than one week before he was fired. Ex. 10. Pat Gallagher stated that terminating an employee is never easy and keeps him up at night. P. Gallagher Testimony, 6:9-15; 43:9-11. Yet, he gave Mr. Kairys no advance

- 10 -

**000013a**

notice and no flexibility to locate another job before his termination became effective – which would have been an obvious accommodation for laying off a highly performing executive for alleged cost-savings reasons. Furthermore, at the termination meeting, Southern Pines representatives asked Mr. Kairys to sign a release. T. Kairys Testimony, 72:8-24.

Sixth, Southern Pines's subsequent staffing decisions undermine its assertion that Mr. Kairys was no longer needed. Less than two months after firing Mr. Kairys, Southern Pines borrowed a new employee, Kyle Kunkle, from a sister company, PGT Trucking. Ex. 17. Mr. Kunkle joined Southern Pines on a "hybrid rotation" basis. *Id.* Mr. Kunkle was meant to learn the operations of the business so that he could become a better salesman. P. Gallagher Testimony, 38:13-20. Pat Gallagher explained that "to be a salesman... you have to go through operations. Because if you don't understand how it works, you can't sell." *Id.* at 37:25-38:5. Under this logic, Mr. Kairys would have already been well-versed in Southern Pines's operations during his tenure. Indeed, Mr. Kairys testified that his work frequently involved operations. T. Kairys Testimony, 21:6-22:11 (examining ex. 18).[6] Yet, Pat Gallagher refused to apply his own logic in this case; he stated that he did not keep Mr. Kairys on to do this operations work because "Mr. Kairy [sic] was sales, for the most part." P. Gallagher Testimony, 38:21-24. And on cross examination, he was evasive about the sales-operations connection he himself had explained. *Id.* at 57:3-11 ("I think [Mr. Kairys] probably knew operations, but that wasn't the role he was in. He was in sales.").

Though his title differed, Mr. Kunkle ultimately performed some of the same tasks Mr. Kairys had done, including some operations work, as well as "sales maintenance" such as attending sporting events with clients. *Id.* at 55:2-56:10. In

---

[6] Given the small size of Southern Pines's office, the Court finds it credible that the duties of the three employees would occasionally overlap.

- 11 -

some respects, moreover, Mr. Kunkle was there so that the company "would at least have a warm body over there to answer the phone." *Id.* at 57:19-24. Thus, Southern Pines clearly needed a third employee to function. Pat Gallagher indicated that he preferred to save money because 'we didn't need the $150,000 salesperson at that time.' *Id.* at 51:3-8. Notably, however, Pat Gallagher avoided answering a juror question – posed by the Court – asking why he did not consider offering Mr. Kairys a different position at Southern Pines or a pay cut to keep his position. *See id.* at 72:8-16.

Based on these ample inconsistencies, the Court finds it reasonable to infer that Southern Pines's stated reason for firing Mr. Kairys was not its true reason and was instead a pretext for unlawful discrimination.

## II. The preponderance of the evidence demonstrates that the exercise of Mr. Kairys's ERISA-protected benefits was the real determinative reason behind his termination.

When coupled with the pretextual nature of Southern Pines's proffered reason, as discussed above, the following evidence leads the Court to find that the pretext provided was intended to disguise discrimination because of Mr. Kairys's use – and anticipated future use – of his ERISA-protected health benefits.

To start, Pat Gallagher explained that twenty years ago, Southern Pines chose a self-insured health plan specifically to "keep our cost down." P. Gallagher Testimony, 23:18-23. He admitted that "20 years ago I did [question health costs], yeah. Because I didn't know how I was paying for it…you're trying to negotiate to keep your medical costs down." *Id.* at 23:24-24:7. Twenty years later, although Pat Gallagher's companies are now much larger, their health plan remains self-insured. *Id.* at 22:24-23:2; 23:22-23. Therefore, even if the company has more funds, the incentive to "keep costs down" remains strong.

- 12 -

**000015a**

To that end, Pat Gallagher demonstrated awareness that the age and health status of employees would affect the company's health insurance rates. Under Southern Pines's plan, "you accumulate how many claims you have .... And based on the age of your employees, they give you a number." *Id.* at 23:24-24:7. He understood that age factors in because "when you're 56 years old," the average age of his employees, "you're going to have some medical issues." *Id.* at 27:17-20. But again, on cross, Pat Gallagher was evasive on these topics. *E.g.*, *id.* at 53:14-54:12 (Q: "But at an earlier time you had testified that the insurance rates were based on the employee's age and number of claims; correct?" A: "I don't recall that." Q: "Is it true?" A: "I don't know." ... "No. I didn't say I didn't know."); *id.* at 62:20-63:9 (Q: "Who is more likely to need a more expensive medical procedure, a person in their 50s or a person in their 20s?" A: "I'm not an expert in the field.").

At trial, Southern Pines argued that a general awareness of costs could not lead to individualized discrimination because Pat Gallagher would not have been able to discern which costs came from Mr. Kairys. *E.g.*, *id.* at 22:21-23. After all, his various companies have hundreds of employees in total. *Id.* at 4:6-13; 71:14-17. Additionally, Pat Gallagher claimed that he never discussed the cost of Mr. Kairys's surgery with Bob Gallagher or did any investigation to find out the cost. *Id.* at 20:13-20. The Court does not find this testimony to be credible.

As shown at trial, Southern Pines kept health insurance invoices with a single line highlighted on each page – "SP01." Ex. 7. The invoices show weekly expenses for Pat Gallagher's employees enrolled in the UPMC health plan. *Id.* It would not have been difficult to discover that "SP01" was the line item for Mr. Kairys. Only 20 employees utilized this plan. *Id.* And though the employees were "anonymized" with codes instead of names, the codes began with "P," "S," or "SP." Common sense leads the Court to infer that the codes correspond with Pat Gallagher's three companies: "PGT," "Sudbury," and "Southern Pines," respectively. *Id.* There were only three

- 13 -

**000016a**

total employees at Southern Pines.  *See* P. Gallagher Testimony, 16:1-3.  Plus, Southern Pines officials were aware that Mr. Kairys had surgery, which would appear on an invoice as a larger medical expense than usual.  Indeed, claims paid the week of December 10-16, 2017 – shortly after Mr. Kairys's surgery – amounted to $23,277.07.  Ex. 7, p. 13, SPT002611.  Of these, $13,394.94 corresponded to "SP01."  Therefore, it would not have been difficult to identify "SP01" as Mr. Kairys and parse his expenses.  Someone at Southern Pines highlighting the "SP01" charges on each invoice suggests that Southern Pines did exactly that.

Finally, Paul Vargo – who oversaw risk management for both Southern Pines and PGT Trucking – testified that the "[health] plan year runs from May 1st to May 1st."  P. Vargo Testimony, Trial Transcript III:180.  Mr. Kairys was terminated on April 23, 2018.  T. Kairys Testimony, 67:15-17.  Even if Pat Gallagher did not review health insurance invoices week-to-week, he did examine healthcare costs on an annual basis.  P. Gallagher Testimony, 24:11-13 ("[Mr. Vargo and I] look at the numbers, and then I sign off on it."); *id.* at 54:23-55:1 (Q: "[D]o you become aware on an annual basis of the amount of employee health care expenses?"  A: "Yes.  As CEO, that's my responsibility.  It's a cost.").  From this timeline, the Court draws the reasonable inference that Pat Gallagher and Mr. Vargo would have reviewed medical costs near the end of the benefit year as an annual summation.  Around that same time, Southern Pines chose to fire Mr. Kairys.  Though this occurred nearly five months after the surgery itself, the termination's close proximity to the annual cost review period is evidence of a causal connection.  Pat Gallagher's anger – a change in demeanor toward Mr. Kairys – strengthens this inference, especially because of his demonstrated priority of saving on costs.

Similarly, terminating Mr. Kairys shortly before a new benefit year started also suggests a specific intent to prevent him from costing the company money again.  Mr. Kairys had long known that both hips needed replacement.  *See* T. Kairys

- 14 -

Testimony, 46:11-15.  Pat Gallagher also knew that Mr. Kairys would need a second surgery because Mr. Kairys testified that he had informed him of that fact at a meeting.  *Id.* at 55:12-19.  Tellingly, Pat Gallagher was evasive on the subject. *Compare* P. Gallagher Testimony, 21:13-15 (Q: "Were you ever aware that Mr. Kairys might have to have a second hip surgery?"  A: "No.") *with id.* at 21:16-24 (immediately backtracking: "I'm just vaguely remembering if Bob Gallagher mentioned it walking past in the hall.").  He also knew that investigating an employee's health care costs is illegal.  *Id.* at 22:21-23.  Pat Gallagher even expected to hear from a lawyer after firing Mr. Kairys.  *See* Ex. 16.  Southern Pines's attempt to secure a release from Mr. Kairys upon his termination also indicates consciousness of liability for wrongdoing. Especially when coupled with the evidence of pretext discussed above, this evidence permits the Court to infer and specifically find a specific intent to interfere with Mr. Kairys's benefits.  *DiFederico*, 201 F. 3d at 207 ("If the plaintiff proves that [his] employer's proffered reason was pretext, the court may infer that the employer was in fact motivated by the specific intent to interfere with the attainment of benefits.").

Taken together, the preponderance of the evidence ultimately shows retaliation for use of benefits, and/or specific intent to prevent future use of benefits.

## III.  The Court awards Mr. Kairys equitable front pay and reasonable attorneys' fees and costs.

Under Section 502(a)(3) of ERISA – the enforcement mechanism for Section 510 violations – successful plaintiffs may "enjoin any act or practice which violates…the terms of the plan, or [] to obtain other appropriate equitable relief to (i) redress such violations or (ii) to enforce any provisions of…the terms of the plan."  29 U.S.C. § 1132(a)(3).  The Supreme Court has explained that "equitable relief must mean *something* less than *all* relief."  *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 258 n.8 (1993) (emphasis in original).  Instead, it refers to "those categories of relief that were *typically* available in equity[] in the days of the divided bench."  *Eichorn v. AT&T*

000018a

*Corp.*, 484 F.3d 644, 654 (3d Cir. 2007) (citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002)). Therefore, compensatory damages are not available. *Mertens*, 508 U.S. at 255. The Third Circuit excludes back pay as well. *Eichorn*, 484 F.3d at 656 ("The remedy they seek is thus akin to 'back pay,' which is not an equitable remedy within the meaning of the statute." (citing *Great-West*, 534 U.S. at 218 n.4)). But monetary relief is still available in "limited circumstances." *Id.* at 655 n.6 ("This is not to say that an ERISA plaintiff's demand for money necessarily requires the conclusion that the relief sought is not 'equitable' within the meaning of the statute."). Indeed, "whether the remedy a plaintiff seeks is legal or equitable depends on (1) the basis for the plaintiff's claim and (2) the nature of the underlying remedies sought." *Montanile v. Bd. Of Trs. of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 142 (2016) (cleaned up). This is "largely dependent on the facts of a particular case and cannot be assessed in [a] sweeping [] fashion." *Sessions v. Owens-Illinois, Inc.* No. 07-1669, 2008 WL 4821755, at *6 n.10 (M.D. Pa. Nov. 4, 2008).

Reinstatement is the typical remedy for an ERISA Section 510 violation. *Eichorn*, 484 F.3d at 658. It is "indisputably an equitable remedy." *Schwartz v. Gregori*, 45 F.3d 1017, 1023 (6th Cir. 1995). But it is not always feasible or appropriate. *Id.* For example, there may be a high likelihood of continuing hostility between the parties, or the position may no longer be available. *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 86 (3d Cir. 2009). It may also be unduly difficult for the Court to police an ongoing relationship between the parties. *Goss v. Exxon Off. Sys. Co.*, 747 F.2d 885, 890 (3d Cir. 1984). "Guided by the particular circumstances of a case, the district court has broad discretion in determining whether reinstatement is appropriate[.]" *Feldman v. Phila. Hous. Auth.*, 43 F.3d 823, 832 (3d Cir. 1994) (citation omitted).

In this case, the Court finds that reinstatement is not a viable option. The

- 16 -

course of this litigation has shown – and engendered – strong animosity between the parties.[7]  This animosity would be difficult to avoid or overcome, given Southern Pines's small staff.  The contentiousness and frequency of disputes also persuade the Court that policing an ongoing relationship would require frequent, burdensome intervention.  Finally, there is currently no open position at Southern Pines.  P. Gallagher Testimony, 33:20-23.  Because the preferred remedy of reinstatement is not available, the Court will instead award front pay.

When reinstatement is not workable, ERISA Section 510's purpose would be thwarted if front pay were not available as an alternate remedy.  *Cf. Maxfield v. Sinclair Int'l*, 766 F.2d 788, 796 (3d Cir. 1985) (citation omitted).  "The principal object of ERISA is to protect plan participants and beneficiaries."  *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 324 (2016) (cleaned up).  And, as the Third Circuit has explained, "Congress enacted § 510 primarily to prevent employers from discharging or harassing their employees in order to keep them from obtaining ERISA-protected benefits."  *Kowalski*, 82 F.3d at 1287 (citation omitted).  This applies to past benefit recipients as well; otherwise, "employers would be free to pay ERISA benefits to an employee and then discharge the employee for having exercised his or her right to the benefits."  *Kowalski*, 82 F.3d at 1288.  Foreclosing front pay as a substitute for reinstatement would mean that "the most egregious offenders could be subject to the least sanctions."  *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 853 (2001).  That is, employers who create a hostile environment or cause psychological injuries to the plaintiff would be able to avoid liability and continue their unlawful behavior.  *See id.*  This result squarely conflicts with the purposes of Section 510.

---

[7] For example, Mr. Kairys and his wife both testified that Southern Pines caused him mental anguish to the point of depression.  *See* T. Kairys Testimony, 83:7-84:5; 87:22-88:8.  For its part, Southern Pines immediately declared that it "[would] not give ground on this" and refused to pay Mr. Kairys severance pay for nearly four years, as discussed above.  Ex. 16.

In other statutory contexts, the Third Circuit has held that front pay is an acceptable substitute when reinstatement is not appropriate. *E.g.*, *Feldman*, 43 F.3d at 831 (Section 1983); *Donlin*, 581 F.3d at 86 (Title VII); *Maxfield* 766 F.2d at 797 (ADEA). And though it has not addressed front pay in ERISA cases, other courts have permitted such an award. *E.g.*, *Schwartz*, 45 F.3d at 1023. In light of this close association with reinstatement, and considering Section 510's similarity to other antidiscrimination statutes, the Court finds that awarding front pay is appropriate here.

Front pay is a forward-looking remedy. At bottom, its purpose is to allow a victim of discrimination to "reestablish [his] rightful place in the job market."[8] *Goss* 747 F.2d at 889. The Court must exercise its discretion in selecting a cut-off date that represents "a reasonable future period" to achieve this goal. *Donlin*, 581 F.3d at 87 (citing *Goss*, 747 F.2d at 889). When calculating an appropriate front-pay award, courts consider a variety of factors. These include "an employee's duty to mitigate, the availability of employment opportunities, the period within which one by reasonable efforts may be re-employed, the employee's work and life expectancy…the plaintiff's age, length of employment, likelihood that [he] would have remained in [his] position," among other pertinent factors. *Hosler v. Jay Fulkroad & Sons*, No. 13-1153, 2015 WL 3865877, at *13 (M.D. Pa. June 23, 2015) (cleaned up).

Here, Mr. Kairys's mitigation efforts are not in dispute. He testified that over the nine months he was unemployed, he participated in networking and job boards, reached out to industry contacts, and applied to hundreds of jobs. T. Kairys Testimony, 75:8-76:5. Based on the specialized nature of the cryogenic trucking industry, the Court can reasonably conclude that comparable employment

---

[8] This differentiates it from back pay, which aims to compensate plaintiffs for *past* losses rather than *future* losses. *See Eichorn*, 484 F.3d at 657. Here, the Court is not requiring Southern Pines to pay the lost wages Mr. Kairys would have been due under his contract. *Compare Great-West*, 534 U.S. at 714.

- 18 -

opportunities would be few and far between. Mr. Kairys's age – 55 – may limit his hiring prospects further. *See* T. Kairys Testimony, 2:7-8. Mr. Kairys had been at Southern Pines for over two years, and he expressed a desire to remain there. *Id.* at 8:24-9:24. Each of these factors weighs toward a longer front pay period.

Ultimately, the Court finds it most appropriate to determine a front pay period by analogizing it as closely as possible to reinstatement – the preferred remedy this award seeks to approximate. That is, the Court will estimate how long Mr. Kairys would remain in his position if the limitations discussed above did not exist, and he were reinstated at Southern Pines immediately. Mr. Kairys testified that he hoped to stay at Southern Pines until retirement. T. Kairys Testimony, 114:19-23. But front pay is not meant to "guarantee every claimant…an annuity to age 70." *Anastasio v. Schering Corp.*, 838 F.2d 701, 709 (3d Cir. 1988). Therefore, the Court cannot rely on Mr. Kairys's stated hopes alone.

Mr. Kairys has been in sales for over twenty years. T. Kairys Testimony, 106:23-107:1. Before joining Southern Pines, Mr. Kairys held approximately five jobs, spending approximately one to seven years at each one. *Id.* at 107:6-108:15. Based on this track record and the nature of the industry, balanced against Mr. Kairys's advancing years and expressed desire for stability, the Court finds that five years of front pay is an appropriate period.

As to amount, there are multiple ways the Court could calculate a reasonable rate for front pay. First, focusing squarely on the defendant's gain, the Court could award Mr. Kairys the amount that Southern Pines would have had to pay for his second hip surgery – money that the company saved by ensuring he could not exercise his health benefits a second time. The Court could then add the difference between Mr. Kairys's annual salary and Kyle Kunkle's annual compensation for his work at Southern Pines – money the company saved by utilizing a younger worker who was

less likely to incur health expenses.[9] Alternatively, the Court could award Mr. Kairys the difference between his compensation at Southern Pines and what he is earning now at his new position. Based on the record introduced at trial, the latter option is more appropriate; it is designed to help Mr. Kairys re-establish himself in a cryogenic trucking sales position, eliminate the need for additional accounting and expert testimony, and avoid overcharging Southern Pines.

Mr. Kairys submitted evidence that while his base salary at Southern Pines was $140,000 per year, his base salary for his current position is $132,500 per year. Ex. 28, p. 2. So, despite his additional years of experience, he still earns $7,500 less per year.[10] Additionally, Southern Pines allotted a $1,000 monthly car allowance for Mr. Kairys. *See* ex. 15. But his current employer only provides a $500 allowance each month. Ex. 28, p. 2. That is a difference of $6,000 per year.

Upon his termination in 2018, Mr. Kairys had already earned $16,337 in bonuses that year. Ex. 15. At his new job, on the other hand, Mr. Kairys's bonuses are smaller and less frequent. T. Kairys Testimony, 79:1-7. However, the Court finds that factoring bonuses into front pay would be inappropriately speculative here. For one thing, there is little evidence regarding the details of the Southern Pines bonus plan in place when Mr. Kairys was fired. *See* ex. 14; P. Gallagher Testimony, 16:1-17. Moreover, Southern Pines changed its bonus plan after Mr. Kairys's termination. P. Gallagher Testimony, 16:18-22. And the new plan differs significantly from the old model. *See id.* at 16:25-17:3. Even with more information, though, the Court

---

[9] Even if Southern Pines really did intend to scale back its sales activities and would have cut Mr. Kairys's compensation accordingly, this wage difference likely would still be substantial, given the difference in age and experience between Mr. Kairys and Mr. Kunkle.

[10] It would not be proper for the Court to speculate as to whether, when, and how much Mr. Kairys's pay may have increased had he stayed at Southern Pines. *See Donlin*, 581 F.3d at 81-82. So, the Court will adopt the $7,500 wage differential.

- 20 -

finds that making projected bonus calculations would be too speculative. This is because in sales, compensation depends not only on the salesperson's ability, but also on economic factors that affect entire industries. *Goss*, 747 F.2d at 890.[11]

Therefore, the Court will set front pay at a rate of $13,500 per year – which is the annualized wage and car allowance differential. Considering a five-year period, this results in a total of $67,500 in front pay.

Finally, the Court finds that an award of reasonable attorney's fees and costs is appropriate under 29 U.S.C. § 1132(g). Under *Ursic v. Bethlehem Mines*, a Court must consider five factors in determining eligibility. 719 F.2d 670, 673 (3d Cir. 1992). These factors are: "(1) the offending part[y]'s culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees; (4) the benefit conferred upon members of the pension plan as a whole; and (5) the relative merits of the parties' positions." *Templin v. Indep. Blue Cross*, 785 F.3d 861, 867 (3d Cir. 2015). Here, the factors weigh in favor of awarding attorneys' fees for several reasons.

First, a party is culpable if it is at fault, even if there was no malice or guilty purpose. *McPherson v. Emps. Pension Plan of Am. Re-Ins. Co. Inc.*, 33 F.3d 253, 257 (3d Cir. 1994). As discussed above, Southern Pines is culpable because it retaliated against Mr. Kairys for using his health benefits and interfered specifically to prevent him from using additional benefits. This is not simply a denial-of-benefits case under ERISA. It is a case of intentional retaliation, which brings with it more culpability.

Second, though Pat Gallagher testified that Southern Pines carries debt, he equated the debt to a car payment and did not suggest financial insolvency or inability to pay. P. Gallagher Testimony, 73:1-6; 75:7-22. Indeed, based on the

---

[11] There was some testimony at trial regarding increased health-benefit costs incurred by Mr. Kairys since his termination. The Court finds that there is insufficient precision with that evidence to factor it into any front pay award.

overall testimony at trial as to the operations of Southern Pines, the business was presented as profitable with ongoing operations and significant assets.

Third, an award of attorney's fees in this case is important to deter further wrongdoing by Southern Pines, especially because traditional remedies like compensatory and punitive damages are unavailable. Southern Pines demonstrated its cost-averseness, and the award of fees will chill future temptations to interfere with ERISA benefits to save money.

Fourth, regarding "the benefit conferred upon members of the pension plan as a whole," the Court finds that this factor is largely duplicative of the deterrence factor above, and is otherwise inapplicable or neutral here. *See Hamilton v. Bank of New York (Delaware)*, No. CIV.A. 94-436 MMS, 1995 WL 447659, at *6 (D. Del. July 18, 1995) ("The Court agrees that an award of fees in this case will not greatly benefit the Plan members as a whole. The settlement did not effect a change in Plan administration or policy that impacts anyone other than the plaintiff. Plaintiff asserts that the Plan will provide more information to future claimants; this, however, is the same as the deterrence argument, i.e., that an award will deter certain conduct of the defendants, and does nothing to confer a positive immediate benefit on other Plan members.").

Fifth, the Court finds that Southern Pines's version of events was pretextual, meaning that the merits of its case are weak at best. Even if the other factors Southern Pines argued played some role in Mr. Kairys's termination, the company still fired him because of his health benefits. The Court acknowledges that the jury, in effect, viewed the evidence (and likely the witnesses' credibility) in a different manner in reaching its advisory verdict in favor of Southern Pines. But the Court need not give that advisory verdict any deference. In the Court's independent review of the evidence and witness testimony, the merits of Southern Pines's basis for the termination are weak.

Accordingly, based on these factors, the Court will order an award of reasonable attorneys' fees and costs, with the amount to be determined upon submission of a post-judgment fee petition.

### CONCLUSION

For the foregoing reasons, the Court grants judgment in favor of Mr. Kairys as to Count III of the Second Amended Complaint and awards him equitable relief of $67,500, and any associated reasonable attorneys' fees and costs.

DATE: March 31, 2022                          BY THE COURT:

                                                    */s/ J. Nicholas Ranjan*
                                                    United States District Judge

000026a

Query     Reports     Utilities     Help     Log Out

LG

# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
## CIVIL DOCKET FOR CASE #: 2:19-cv-01031-NR

KAIRYS v. SOUTHERN PINES TRUCKING, INC.                    Date Filed: 08/16/2019
Assigned to: Judge J. Nicholas Ranjan                      Jury Demand: Both
Cause: 42:12101 The Americans with Disabilities Act of 1990   Nature of Suit: 445 Civil Rights: Americans
                                                           with Disabilities - Employment
                                                           Jurisdiction: Federal Question

**Plaintiff**

**THOMAS J. KAIRYS**                    represented by   **Christine T. Elzer**
                                                         Elzer Law Firm, LLC
                                                         100 First Avenue
                                                         Suite 1010
                                                         Pittsburgh , PA 15222
                                                         (412) 230-8436
                                                         Fax: (412) 206-0855
                                                         Email: celzer@elzerlaw.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Tamra Van Hausen**
                                                         Elzer Law Firm, LLC
                                                         100 First Avenue
                                                         Suite 1010
                                                         Pittsburgh, PA 15222
                                                         412-230-8436
                                                         Email: tvanhausen@elzerlaw.com
                                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SOUTHERN PINES TRUCKING, INC.**      represented by   **Teresa O. Sirianni**
                                                         Marshall, Dennehey, Warner, Coleman &
                                                         Goggin
                                                         Union Trust Building, Suite 700
                                                         501 Grant Street
                                                         Pittsburgh, PA 15219
                                                         (412) 803-1140
                                                         Email: tosirianni@mdwcg.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Morgan M. J. Randle**
                                                         Marshall Dennehey Warner Coleman &

Exhibit "C"

**000027a**

Goggin
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA 15219
412-803-1174
Email: mmrandle@mdwcg.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/16/2019 | 1 | COMPLAINT against SOUTHERN PINES TRUCKING, INC. (Filing fee, including Administrative fee, $400, receipt number 0315-5250040), filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet) (jjg) (Entered: 08/20/2019) |
| 08/21/2019 | 2 | NOTICE that instant civil action has been designated for placement into the United States District Court's Alternative Dispute Resolution program. Parties are directed to fully complete the required 26(f) report, which includes the stipulation of selecting an ADR process. Counsel for plaintiff (or in the case of a removal action, counsel for removing defendant) shall make service of the notice on all parties. (av) (Entered: 08/21/2019) |
| 09/19/2019 | 3 | WAIVER OF SERVICE Returned Executed by THOMAS J. KAIRYS. SOUTHERN PINES TRUCKING, INC. waiver sent on 8/20/2019, answer due 10/21/2019. (Elzer, Christine) (Entered: 09/19/2019) |
| 10/21/2019 | 4 | ANSWER to 1 Complaint by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 10/21/2019) |
| 10/22/2019 | 5 | CASE MANAGEMENT ORDER: Initial Case Management Conference set for 12/18/2019 at 01:00 PM in Courtroom 6C before Judge J. Nicholas Ranjan. Exchange of required Rule 26(a)(1) information due by 12/13/2019; Rule 26 Meeting Report due by 12/13/2019; Stipulation Selecting ADR Process due by 12/13/2019. Signed by Judge J. Nicholas Ranjan on 10/22/2019. (av) (Entered: 10/22/2019) |
| 10/22/2019 | 6 | ORDER ESTABLISHING PRESUMPTIVE TRIAL DATE IN CIVIL CASE. Trial set for 6/14/2021. See accompanying Order for additional details. Signed by Judge J. Nicholas Ranjan on 10/22/2019. (av) (Entered: 10/22/2019) |
| 12/13/2019 | 7 | REPORT of Rule 26(f) Planning Meeting. (Elzer, Christine) (Entered: 12/13/2019) |
| 12/13/2019 | 8 | STIPULATION selecting ADR process by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 12/13/2019) |
| 12/18/2019 | 9 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Initial Case Management Conference held on 12/18/2019. (Court Reporter: R. Ford) (av) (Entered: 12/18/2019) |
| 12/19/2019 | 10 | CASE MANAGEMENT ORDER: Exchange of required Rule 26(a)(1) information due by 1/3/2020; Amended Pleadings due by 1/31/2020; Fact Discovery due by 5/18/2020; Post-Discovery Status Conference set for 5/19/2020 at 10:00 AM in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 12/18/2019. (av) (Entered: 12/19/2019) |
| 12/19/2019 | 11 | ORDER re 9 Initial Case Management Conference. Amended ADR Stipulation that includes date of mediation session due by 12/25/2019. Signed by Judge J. Nicholas Ranjan on 12/18/2019. Text-only entry; no PDF document will issue. This text-only |

**000028a**

| | | entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 12/19/2019) |
|---|---|---|
| 12/23/2019 | 12 | AMENDED DOCUMENT - *Stipulation Selecting ADR Process (date and name added)* by SOUTHERN PINES TRUCKING, INC.. Amendment to 8 Stipulation Selecting ADR process. (Sirianni, Teresa) (Entered: 12/23/2019) |
| 12/26/2019 | 13 | ORDER REFERRING CASE to Early Neutral Evaluation. Kenneth Benson is appointed as an early neutral evaluator. Evaluation to occur by 2/10/2020. Signed by Judge J. Nicholas Ranjan on 12/26/2019. (av) (Entered: 12/26/2019) |
| 12/31/2019 | 14 | Unopposed MOTION for Leave to File Amended Complaint by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit, # 2 Proposed Order) (Elzer, Christine) (Entered: 12/31/2019) |
| 01/02/2020 | 15 | ORDER granting 14 Motion for Leave to File Amended Complaint. The Clerk is hereby directed to docket the Exhibit to the 14 Motion as the Amended Complaint. Signed by Judge J. Nicholas Ranjan on 1/2/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 01/02/2020) |
| 01/02/2020 | 16 | AMENDED COMPLAINT against SOUTHERN PINES TRUCKING, INC. SOUTHERN PINES TRUCKING, INC. answer due 1/16/2020, filed by THOMAS J. KAIRYS. (jjg) (Entered: 01/03/2020) |
| 02/12/2020 | 17 | REPORT of Early Neutral Evaluation Case has not resolved. KENNETH J. BENSON terminated. Attorney Kenneth J. Benson terminated. **The parties are reminded of their obligation to complete the ADR questionnaire and submit within 5 days of the conclusion of the ADR process. The questionnaire can be accessed at www.pawd.uscourts.gov. Click on the ADR icon.** ENE session was held held on 2/10/2020. (Benson, Kenneth) (Entered: 02/12/2020) |
| 03/16/2020 | 18 | STANDING ORDER IN ALL CIVIL CASES RELATED TO CORONAVIRUS. Signed by Judge J. Nicholas Ranjan on 3/16/2020. (av) (Entered: 03/16/2020) |
| 03/28/2020 | | IMPORTANT NOTICE: The United States District Court for the Western District of Pennsylvania (WDPA) will be upgrading its current CM/ECF system to the Next Generation of CM/ECF (NextGen CM/ECF) on Monday, May 26, 2020. Complete information, including a checklist of actions regarding the WDPA NexGen CM/ECF implementation, can be found at here . Currently, multiple attorneys within a firm may share a single PACER account. Shared PACER accounts cannot be used by WDPA e-filing attorneys once the WDPA NextGen CM/ECF system is implemented. Each attorney must have an individual upgraded PACER account that will be linked to the e-filing account. If you have an upgraded PACER account, no action is required until after the WDPA NextGen CM/ECF upgrade on May 26, 2020. You have an upgraded PACER account if you (1) e-file in another NextGen court, or (2) created your PACER account after August 10, 2014. If neither of these are true, you must upgrade your legacy PACER account before you will be able to link your PACER account to your current WDPA CM/ECF account for your new NextGen CM/ECF account. Further informational notices will be sent later, but if you have questions about upgrading your PACER account, please contact the PACER Service Center at 800-676-6856. (Administrator, ) (ADI) (Entered: 03/28/2020) |
| 04/17/2020 | 19 | ORDER re Discovery. Status Report due by 4/27/2020. Signed by Judge J. Nicholas Ranjan on 4/17/2020. (av) (Entered: 04/17/2020) |
| 04/17/2020 | 20 | Joint MOTION for Extension of Time to Complete Discovery by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 04/17/2020) |

| 04/17/2020 | 21 | Errata re 20 Motion for Extension of Time to Complete Discovery by THOMAS J. KAIRYS. Reason for Correction: text inadvertently included at the top of proposed order. (Elzer, Christine) (Entered: 04/17/2020) |
| 04/20/2020 | 22 | ORDER granting 20 Motion for Extension of Time to Complete Discovery. Discovery due by 7/15/2020. Post-Discovery Status Conference to be held on 7/16/2020 at 4:00PM in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 4/20/2020. (av) (Entered: 04/20/2020) |
| 04/20/2020 | 23 | ORDER. In light of the 22 Order, the Status Report ordered for 4/27/2020 is now due by 6/29/2020. Signed by Judge J. Nicholas Ranjan on 4/20/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 04/20/2020) |
| 04/26/2020 | | IMPORTANT NOTICE: The United States District Court for the Western District of Pennsylvania will be upgrading its current CM/ECF system to the Next Generation of CM/ECF on May 26, 2020. Complete information, including a checklist of actions regarding the WDPA NexGen CM/ECF implementation, can be found here. Preparing for NextGen is a two-step process. The first step is to upgrade any legacy PACER accounts. Each attorney must have an individual upgraded PACER account in order to electronically file after our conversion to NextGen. The second step will be to link that upgraded PACER account with your WDPA CM/ECF account after the Court goes live with NextGen. To link your account, you will need your current e-filing credentials from our Court. **If your CM/ECF login contains a special character (such as &, @, $, *), you will need to change it as logins with those characters will be unable to link to PACER accounts. No later than Thursday, May 21, 2020,** you should log into both PACER and the current version of CM/ECF to (1) review and record your current e-filing credentials for both, as you will need to know them in order to e-file after May 23, 2020 and (2) ensure that your primary email address to receive Notices of Electronic Filings (NEF) is accurate. Failure to provide an accurate email address may result in a delay in receiving NEFs after the Court converts to NextGen. (Administrator, ) (ADI) (Entered: 04/26/2020) |
| 05/17/2020 | | FINAL NOTICE: **In preparation of the Court's conversion to NextGen, our Court's CM/ECF system will be unavailable from 12:00 p.m. (Noon) on Friday, May 22, 2020, until 11:59 pm. Monday, May 25, 2020. Please plan accordingly.** Complete information, including a checklist of actions regarding the WDPA NexGen CM/ECF implementation, can be found here. Preparing for NextGen is a two-step process. The first step is to upgrade any legacy PACER accounts. The second step is to link that upgraded PACER account with your WDPA CM/ECF account after the Court goes live with NextGen. To link your account, you will need your current e-filing credentials from our Court. **If your CM/ECF login contains any special characters (anything other than a letter or number), you will need to change it as logins with those characters will be unable to link to PACER accounts. No later than Thursday, May 21, 2020,** you should log into both PACER and the current version of CM/ECF to review and record your current e-filing credentials for both, as you will need to know them in order to e-file after May 23, 2020. Please consult the Court's administrative order for additional information on deadlines and alternative filing options during this period. (Administrator, ) (ADI) (Entered: 05/17/2020) |
| 06/15/2020 | 24 | ORDER. Telephonic Status Conference set for 6/16/2020 at 09:00 AM before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 6/15/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 06/15/2020) |
| 06/16/2020 | 25 | |

**000030a**

| | | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Telephonic Status Conference held on 6/16/2020. (Court Reporter: none) (av) (Entered: 06/16/2020) |
|---|---|---|
| 06/29/2020 | 26 | STATUS REPORT *Joint* by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 06/29/2020) |
| 07/07/2020 | 27 | ORDER. The Post-Discovery Status Conference set for 7/16/2020 at 04:00 PM will now be held telephonically. Dial-in instructions to follow. Signed by Judge J. Nicholas Ranjan on 7/7/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 07/07/2020) |
| 07/14/2020 | 29 | ORDER. The Telephonic Post-Discovery Status Conference is hereby RESCHEDULED for 7/16/2020 at 12:00 PM before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 7/14/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 07/14/2020) |
| 07/14/2020 | 30 | MOTION to Continue *Post-Discovery Status Conference* by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 07/14/2020) |
| 07/15/2020 | 31 | ORDER granting 30 Motion to Continue. The Telephonic Post-Discovery Status Conference is RESCHEDULED for 7/20/2020 at 1:00PM before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 7/15/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 07/15/2020) |
| 07/20/2020 | 32 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Telephonic Post-Discovery Status Conference held on 7/20/2020. (Court Reporter: none) (av) (Entered: 07/20/2020) |
| 07/20/2020 | 33 | CASE MANAGEMENT ORDER: Summary Judgment due by 9/21/2020; Response to Summary Judgment due by 10/12/2020; Reply due by 10/19/2020. Signed by Judge J. Nicholas Ranjan on 7/20/2020. (av) (Entered: 07/20/2020) |
| 07/20/2020 | 34 | ORDER. Pursuant to the Court's 33 Case Management Order, this matter is referred to the Honorable Lisa Pupo Lenihan to schedule and conduct a judicial settlement conference by 8/31/2020. See 33 Case Management Order for additional detail and requirements. Signed by Judge J. Nicholas Ranjan on 7/20/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 07/20/2020) |
| 07/24/2020 | 35 | ORDER that a mediation is scheduled before Magistrate Judge Lisa Pupo Lenihan on August 13, 2020, starting 9:30 AM via video. No later than July 31, 2020, each party shall submit a confidential mediation statement to the magistrate judge. The mediation statement shall not become part of the file of the case, but shall be for the exclusive use of the magistrate judge in preparing for and conducting the mediation. The mediation statement shall be no longer than five pages. The statements should not be filed with the Clerk of Courts, but should be emailed to the Courtroom Deputy at Mike_Banas@pawd.uscourts.gov. Copies of the mediation statement should not be provided to the other parties in the case and will not become part of the case docket. No later than August 5, 2020, plaintiff's counsel shall submit a settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than August 10, 2020, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. These steps will enable the mediation to progress more expeditiously. As a test run of the hearing technology, a pre-mediation video conference is scheduled for August 11, 2020 at 11:00 A.M. and will be conducted by video, using Zoom. The Courts Courtroom Deputy will |

**000031a**

|   |   |   |
|---|---|---|
|   |   | email counsel a link to access the Zoom meeting room prior to the status conference. Signed by Magistrate Judge Lisa Pupo Lenihan on 07/24/2020. (jmb) (Entered: 07/24/2020) |
| 08/11/2020 | 36 | Minute Entry for proceedings held before Magistrate Judge Lisa Pupo Lenihan: A Status Conference was held on 8/11/2020. Demands and offers have been exchanged. The mediation will take place as scheduled on August 13, 2020 starting at 9:30 AM. Plaintiff will participate and possibly his wife. Defendant's insurance carrier will participate, together with a company representative with full settlement authority. The Court is concerned that the company representative have full authority and will enter a separate text order to address this. (jmb) (Entered: 08/11/2020) |
| 08/11/2020 | 37 | IT IS HEREBY ORDERED that a representative of Southern Pines Trucking, Inc. participate in the mediation session scheduled with the undersigned on August 13, 2020 with full authority to settle the case without the need to consult with anyone else at the business. Signed by Magistrate Judge Lisa Pupo Lenihan on 8/11/20. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 08/11/2020) |
| 08/13/2020 | 38 | Minute Entry for proceedings held before Magistrate Judge Lisa Pupo Lenihan: A Mediation was held on 8/13/2020. The parties were unable to reach a resolution of this matter. There may be a willingness to continue the mediation after summary judgment motions have been ruled upon. Judge Lenihan indicated a willingness to assist at a later date if the parties are inclined to renew discussions. (jmb) (Entered: 08/13/2020) |
| 09/14/2020 | 39 | Consent MOTION to Amend 4 Answer to Complaint by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order, # 2 Exhibit A) (Sirianni, Teresa) (Entered: 09/14/2020) |
| 09/15/2020 | 40 | ORDER. This case was referred to Judge Lisa Pupo Lenihan for the sole purpose of holding a mediation. As the mediation was held 8/13/2020, IT IS ORDERED that Magistrate Judge Lisa Pupo Lenihan is no longer assigned to case. Signed by Judge J. Nicholas Ranjan on 9/15/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/15/2020) |
| 09/15/2020 | 41 | ORDER granting 39 Motion to Amend. The Clerk is directed to file Exhibit A to the 39 Motion to Amend as the Amended Answer. Signed by Judge J. Nicholas Ranjan on 9/15/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/15/2020) |
| 09/15/2020 | 42 | AMENDED ANSWER to 1 Complaint by SOUTHERN PINES TRUCKING, INC. (jjg) (Entered: 09/15/2020) |
| 09/16/2020 | 43 | Consent MOTION for Leave to File Second Amended Complaint by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit, # 2 Proposed Order) (Elzer, Christine) (Entered: 09/16/2020) |
| 09/16/2020 | 44 | Joint MOTION for Extension of Time to File *Motions for Summary Judgment* by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 09/16/2020) |
| 09/16/2020 | 45 | ORDER granting 43 Motion for Leave to File Amended Complaint. The Clerk is directed to file Exhibit 1 to the 43 Motion as the Second Amended Complaint. Signed by Judge J. Nicholas Ranjan on 9/16/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/16/2020) |
|   |   |   |

**000032a**

| 09/16/2020 | 46 | ORDER granting 44 Motion for Extension of Time to File. Summary Judgment due by 9/28/2020; Response to Summary Judgment due by 10/19/2020; Reply due by 10/26/2020. Signed by Judge J. Nicholas Ranjan on 9/16/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/16/2020) |
|---|---|---|
| 09/16/2020 | 47 | SECOND AMENDED COMPLAINT against SOUTHERN PINES TRUCKING, INC. SOUTHERN PINES TRUCKING, INC. answer due 9/30/2020, filed by THOMAS J. KAIRYS. (jjg) (Entered: 09/16/2020) |
| 09/17/2020 | 48 | NOTICE of Appearance by Morgan M. J. Randle on behalf of SOUTHERN PINES TRUCKING, INC.. (Randle, Morgan) (Entered: 09/17/2020) |
| 09/28/2020 | 49 | Partial MOTION for Summary Judgment *as to Counts IV and V* by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 09/28/2020) |
| 09/28/2020 | 50 | BRIEF in Support re 49 Motion for Summary Judgment *as to Counts IV and V* filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Kairys Declaration) (Elzer, Christine) (Entered: 09/28/2020) |
| 09/28/2020 | 51 | MOTION for Summary Judgment by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 09/28/2020) |
| 09/28/2020 | 52 | Appendix to 51 Motion for Summary Judgment by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit "A", # 2 Exhibit "B-1", # 3 Exhibit "B-2", # 4 Exhibit "C-1", # 5 Exhibit "C-2", # 6 Exhibit "D", # 7 Exhibit "E", # 8 Exhibit "F", # 9 Exhibit "G", # 10 Exhibit "H", # 11 Exhibit "I", # 12 Exhibit "J", # 13 Exhibit "K", # 14 Exhibit "L", # 15 Exhibit "M", # 16 Exhibit "N", # 17 Exhibit "O", # 18 Exhibit "P", # 19 Exhibit "Q", # 20 Exhibit "R", # 21 Exhibit "S", # 22 Exhibit "T", # 23 Exhibit "U") (Sirianni, Teresa) (Entered: 09/28/2020) |
| 09/28/2020 | 53 | BRIEF in Support re 51 Motion for Summary Judgment filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 09/28/2020) |
| 10/01/2020 | 54 | ANSWER to 47 Amended Complaint by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 10/01/2020) |
| 10/19/2020 | 55 | BRIEF in Opposition re 51 Motion for Summary Judgment filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 10/19/2020) |
| 10/19/2020 | 56 | Appendix to 55 Brief in Opposition to Motion by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Operations Manager Description, # 2 Exhibit Declaration of Kairys, # 3 Exhibit Offer Letter, # 4 Exhibit Email re Kyle Kunkle, # 5 Exhibit PGT Bonus Checks, # 6 Exhibit COBRA Notice, # 7 Exhibit Life Insurance Notice, # 8 Exhibit Original Employment Agreement, # 9 Exhibit Email re revision to agreement) (Elzer, Christine) (Entered: 10/19/2020) |
| 10/19/2020 | 57 | RESPONSE to Motion re 49 Partial MOTION for Summary Judgment *as to Counts IV and V* filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 10/19/2020) |
| 10/19/2020 | 58 | Appendix to 57 Response to Motion by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit A) (Sirianni, Teresa) (Entered: 10/19/2020) |
| 10/26/2020 | 59 | REPLY BRIEF re 49 Motion for Summary Judgment, 57 Response to Motion filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 10/26/2020) |
| 10/26/2020 | 60 | REPLY to 55 Brief in Opposition to Motion, filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 10/26/2020) |

**000033a**

| 10/26/2020 | 61 | Appendix to 60 Reply by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Sirianni, Teresa) (Entered: 10/26/2020) |
|---|---|---|
| 11/03/2020 | 62 | MOTION to Strike 61 Appendix *Portions of Declaration of Patrick Gallagher and Exhibits Thereto* by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 11/03/2020) |
| 11/04/2020 | 63 | ORDER Response/Briefing Schedule re 62 Motion to Strike. Response to Motion due by 11/6/2020. Brief shall not exceed 10 pages. Signed by Judge J. Nicholas Ranjan on 11/4/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 11/04/2020) |
| 11/06/2020 | 64 | RESPONSE IN OPPOSITION to 62 Motion to Strike, filed by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) Wrong version. Documents removed from public view and refiled as an errata at 65 . Modified on 11/9/2020 (ma). (Entered: 11/06/2020) |
| 11/06/2020 | 65 | Errata re 64 Response in Opposition by SOUTHERN PINES TRUCKING, INC.. Reason for Correction: Wrong Version. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 11/06/2020) |
| 11/09/2020 | 66 | ORDER. A Telephonic Oral Argument re the 62 Motion to Strike is set for 11/13/2020 at 01:30 PM before Judge J. Nicholas Ranjan. See 28 Notice for dial-in instructions. Signed by Judge J. Nicholas Ranjan on 11/9/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 11/09/2020) |
| 11/13/2020 | 67 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Oral Argument held on 11/13/2020. (Court Reporter: K. Earley) (av) (Entered: 11/13/2020) |
| 11/13/2020 | 68 | ORDER. Plaintiff's motion to strike (ECF 62 ) is DENIED. As stated on the record, Plaintiff will be authorized to conduct limited discovery on the issues related to SPT's 15-employee defense and Plaintiff's single enterprise liability theory. The parties shall produce, without awaiting a formal discovery request, all documents in their possession, custody, and control related to those issues, and Plaintiff may take a Rule 30(b)(6) deposition as to those issues. This discovery must be completed by 12/31/20. By 11/30/20, counsel must also confer to determine whether any of this discovery can be avoided through stipulation or otherwise. Defendant's supplemental summary-judgment brief as to these issues is due 1/11/21. Plaintiff's supplemental summary-judgment brief as to these issues is due 1/18/21. Signed by Judge J. Nicholas Ranjan on 11/13/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 11/13/2020) |
| 11/25/2020 | 69 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings re Telephonic Oral Argument held on November 13, 2020 before Judge J. Nicholas Ranjan. Court Reporter Karen Earley, Telephone number 412-201-2660. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter or viewed at the clerk's office public terminal. **Any Notice of Intent to Request Redaction and Redaction Request must be separately mailed to the court reporter of said proceedings.** Notice of Intent for Redaction of Personal Data Identifiers due by 12/2/2020. Redaction Request due 12/16/2020. Redacted Transcript Deadline set for 12/28/2020. Release of Transcript Restriction set for 2/23/2021. (kme) Modified on 12/3/2020 (jjg). Modified on 12/29/2020 (jjg). Modified on 2/24/2021 (jjg). (Entered: 11/25/2020) |

**000034a**

| 12/01/2020 | 70 | MOTION for Leave to File Third Amended Complaint by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Proposed Third Amended Complaint, # 2 Proposed Order) (Elzer, Christine) (Entered: 12/01/2020) |
|---|---|---|
| 12/01/2020 | 71 | ORDER Response/Briefing Schedule re 70 Motion for Leave to File Third Amended Complaint. Response to Motion due by 12/3/2020. Brief shall not exceed 10 pages. Signed by Judge J. Nicholas Ranjan on 12/1/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 12/01/2020) |
| 12/03/2020 | 72 | RESPONSE to Motion re 70 MOTION for Leave to File Third Amended Complaint filed by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 12/03/2020) |
| 12/07/2020 | 73 | ORDER granting 70 Motion for Leave to Amend. Upon review, Plaintiff's proposed amendment does not materially alter or expand the factual issues raised by the complaint. Nor does Plaintiff seek to add or change any of the parties to this case. Indeed, in the Court's view, amendment may not even be necessary in light of the original complaint's allegation that Defendant "employed more than 20 employees." Plaintiff is merely articulating a new legal argument as to why the statutory "number of employees" threshold is satisfied, i.e., that Defendant is part of a "single enterprise" involving several entities. See Phillips v. Baxter, 768 F. App'x 555, 559 (7th Cir. 2019) ("[A] plaintiff is not required to plead legal theories.... Therefore, invoking the wrong theory in the complaint is not fatal.... All a complaint must do is narrate a grievance sufficiently to place the defendants on notice of the challenged conduct."). Further, the Court finds that Defendant would not suffer any prejudice from the proposed amendment. No additional discovery will be required beyond that the Court already authorized. Rather, the only evidence relevant to this issue is information about Defendant's corporate structure -- information that Defendant already possesses and is presumably intimately familiar with. To the extent Defendant has additional documentation that it intends to rely on to refute Plaintiff's single enterprise theory, it may produce and rely on such information by timely supplementing its initial disclosures. For these reasons, and in light of the liberal federal policy favoring amendment, the Court will GRANT Plaintiff's motion. Plaintiff shall file an amended complaint by 12/9/2020. Signed by Judge J. Nicholas Ranjan on 12/7/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 12/07/2020) |
| 12/07/2020 | 74 | Third AMENDED COMPLAINT against SOUTHERN PINES TRUCKING, INC., filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 12/07/2020) |
| 12/30/2020 | 75 | STIPULATION *to Number of Employees Under ADA and ADEA* by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 12/30/2020) |
| 02/16/2021 | 76 | ANSWER to 74 Amended Complaint *(Third)* by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 02/16/2021) |
| 03/04/2021 | 77 | SCHEDULING ORDER. In light of the recent administrative order suspending jury trials in this District until at least 5/3/2021 (https://www.pawd.uscourts.gov/sites/pawd/files/Administrative_Order_February_3.pdf), and because of the likelihood that the number of civil trials held after 5/3/2021 will be very limited for several months thereafter, it is highly unlikely that trial in this case could proceed on 6/14/2021, as currently scheduled. Thus, it is HEREBY ORDERED that the trial set for 6/14/2021 is CONTINUED until further order of the Court. The Court will reschedule the trial, if necessary, after resolving Defendant's motion for summary judgment. Signed by Judge J. Nicholas Ranjan on 3/4/2021. Text-only entry; no PDF |

**000035a**

| | | |
|---|---|---|
| | | document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 03/04/2021) |
| 05/21/2021 | 78 | NOTICE. The Court notifies the parties that it is aiming to issue its decision on the pending 49 and 51 cross-motions for summary judgment by Monday afternoon, 5/24/2021. This notice is a courtesy to the parties and public, and is for informational-purposes only. The parties should not take any action in response to this order. Signed by Judge J. Nicholas Ranjan on 5/21/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/21/2021) |
| 05/24/2021 | 79 | OPINION re: 49 51 motions for summary judgment. Signed by Judge J. Nicholas Ranjan on 5/24/2021. (av) (Entered: 05/24/2021) |
| 05/24/2021 | 80 | ORDER re: 49 51 motions for summary judgment. Signed by Judge J. Nicholas Ranjan on 5/24/2021. (av) (Entered: 05/24/2021) |
| 05/25/2021 | 81 | ORDER RE: SETTLEMENT CONFERENCE. Jury trials were only recently authorized to resume in this District, and only on a limited basis. Given the limited availability of jury pools, criminal trials are currently taking precedence over civil trials, and the Court does not expect to schedule any civil trials until after Labor Day. Given this likely time lag, the parties may benefit from a second settlement conference with Judge Lenihan, now that summary judgment motions have been resolved. The Court therefore directs the parties to confer to determine whether there is mutual interest in holding a second settlement conference. The parties shall file a joint notice indicating their interest by 5/31/2021. Alternatively, if the parties prefer to use a private neutral or some other procedure for facilitating settlement, they should also file a joint notice to that effect by 5/31/2021. Signed by Judge J. Nicholas Ranjan on 5/25/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/25/2021) |
| 05/28/2021 | 82 | STATUS REPORT *(Joint Report of the Parties Re: ECF 81)* by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 05/28/2021) |
| 06/01/2021 | 83 | PRETRIAL ORDER: Plaintiff witness list due by 8/30/2021; Defendant Witness list due by 8/30/2021; Designation of discovery excerpts due by 8/30/2021; Exhibit List due by 8/30/2021; Proposed Verdict Slips due by 9/10/2021; Proposed Voir Dire by 9/17/2021; Stipulation due by 9/17/2021; Motions in Limine due by 9/3/2021; Response to Motions in Limine due by 9/10/2021; Final Pretrial Conference set for 9/28/2021 at 5:30 PM before Judge J. Nicholas Ranjan. Jury Selection set for 10/4/2021 at 9:30 AM in Courtroom 6C before Judge J. Nicholas Ranjan. Jury Trial set for 10/4/2021 at 9:30 AM in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 6/1/2021. (av) (Entered: 06/01/2021) |
| 08/30/2021 | 84 | Witness List by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 08/30/2021) |
| 08/30/2021 | 85 | DESIGNATION of Deposition Excerpts to be offered at trial by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 08/30/2021) |
| 08/30/2021 | 86 | Witness List by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 08/30/2021) |
| 08/30/2021 | 87 | Exhibit List *(JOINT)* by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 08/30/2021) |
| 09/02/2021 | 88 | ORDER. The Final Pretrial Conference set for 9/28/2021 at 5:30 p.m. is hereby RESCHEDULED for 9/28/2021 at 2:00 p.m. before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 9/2/2021. Text-only entry; no PDF document will issue. |

**000036a**

| | | |
|---|---|---|
| | | This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/02/2021) |
| 09/03/2021 | 89 | First MOTION in Limine *regarding Plaintiff's Designation of Discovery Excerpts to be Offered at Trial* by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit A, # 2 Proposed Order) (Sirianni, Teresa) (Entered: 09/03/2021) |
| 09/03/2021 | 90 | BRIEF in Support re 89 Motion in Limine *regarding Plaintiff's Designation of Discovery Excerpts to be Offered at Trial* filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 09/03/2021) |
| 09/03/2021 | 91 | MOTION in Limine *to Preclude Introduction of Exhibits 8, 9 and 12* by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Proposed Order) (Sirianni, Teresa) (Entered: 09/03/2021) |
| 09/03/2021 | 92 | BRIEF in Support re 91 Motion in Limine 2 *to Preclude Introduction of Exhibits 8, 9 and 12* filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 09/03/2021) |
| 09/03/2021 | 93 | ORDER. A Telephonic Status Conference is set for 9/3/2021 at 1:00 p.m. before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 9/3/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/03/2021) |
| 09/03/2021 | 94 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Status Conference held on 9/3/2021. (Court Reporter: none) (lmg) (Entered: 09/03/2021) |
| 09/03/2021 | | ORDER. As discussed during the 9/3/2021 Telephonic Status Conference, the 83 Pretrial Order is hereby MODIFIED as follows: Response to Motions in Limine due by 1/14/2022; Proposed Jury Instructions due by 1/14/2022; Proposed Verdict Slips due by 1/14/2022; Proposed Voir Dire due by 1/21/2022; Joint Stipulations due by 1/21/2022; Final Pretrial Conference set for 1/31/2022 at 10:00 AM in Courtroom 6C before Judge J. Nicholas Ranjan; Jury Selection and Trial set for 2/7/2022 at 09:30 AM in Courtroom 6C before Judge J. Nicholas Ranjan. All other aspects of the 83 Pretrial Order shall remain in effect. Signed by Judge J. Nicholas Ranjan on 9/3/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 09/03/2021) |
| 12/14/2021 | 95 | NOTICE of Appearance by Tamra Van Hausen on behalf of THOMAS J. KAIRYS. (Van Hausen, Tamra) (Entered: 12/14/2021) |
| 12/21/2021 | 96 | ORDER. The Final Pretrial Conference set for 1/31/2022 at 10:00 a.m. is hereby RESCHEDULED for 1/31/2022 at 2:00 p.m. in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 12/21/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 12/21/2021) |
| 01/11/2022 | 97 | BRIEF in Opposition re 89 Motion in Limine *Regarding Designation of Discovery Excerpts* filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit 1-Notice of Depo) (Elzer, Christine) Modified text to remove duplicate word on 1/12/2022. (keh) (Entered: 01/11/2022) |
| 01/11/2022 | 98 | BRIEF in Opposition re 91 Motion in Limine 2 *to Preclude Exhibits 8, 9, 12* filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Revised Exhibit 9) (Elzer, Christine) (Entered: 01/11/2022) |
| 01/14/2022 | 99 | PROPOSED VERDICT FORM by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 01/14/2022) |

| 01/14/2022 | [100](#) | PROPOSED VERDICT FORM by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 01/14/2022) |
| --- | --- | --- |
| 01/19/2022 | [101](#) | STIPULATION *JOINT* by SOUTHERN PINES TRUCKING, INC.. (Randle, Morgan) (Entered: 01/19/2022) |
| 01/25/2022 | [102](#) | ORDER regarding voir dire. The Court has reviewed both parties' proposed voir dire questions. After its review, the Court has adopted substantially all of the proposed questions, but has altered the wording of certain questions to narrow the focus to the specifics of the case, and to account for certain objections. In addition to open court voir dire, the jury pool will be required to complete a written questionnaire, which will provide counsel with additional information. Attached to this order is the Court's voir dire script and questions, and the written questionnaire. The Court will further discuss these matters with counsel at the final pre-trial conference, before finalizing the voir dire. Signed by Judge J. Nicholas Ranjan on 1/25/2022. (Attachments: # [1](#) Supplement) (av) (Entered: 01/25/2022) |
| 01/25/2022 | 103 | ORDER REGARDING TENTATIVE TRIAL TIME LIMITS. The Court has reviewed the relevant pre-trial submissions, including the parties' exhibits and witness lists, and has set the following time parameters for this trial. The Court will allot 8 hours per side for direct and cross-examination, with 30 minutes each for opening and closing statements, for a total of 18 hours of trial time. The clock will not run against any party during sidebars. These are tentative time parameters, and can be further discussed at the final pre-trial conference after further consultation with counsel. Signed by Judge J. Nicholas Ranjan on 1/25/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 01/25/2022) |
| 01/25/2022 | 104 | ORDER ON DEFENDANTS' MOTIONS IN LIMINE [89](#) [91](#) . Upon review of Defendants' two motions in limine, the Court denies the motions. Plaintiff is authorized to use the deposition designations of Mr. Gallagher at trial. As the CEO of SPT, his unavailability is not necessary for use of the deposition. See FRCP 32(a)(3). The excerpts otherwise do not contain any objectionable material. As to Defendant's motion to exclude exhibits 8, 9, and 12, the Court finds that those documents are relevant, and otherwise not unduly prejudicial compared to their probative value. Ultimately, Defendant's dispute with these exhibits concerns the weight of the evidence, not admissibility. Signed by Judge J. Nicholas Ranjan on 1/25/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 01/25/2022) |
| 01/28/2022 | [105](#) | ORDER REGARDING JURY INTRUCTIONS. Upon review of the parties' proposed jury instructions and the applicable law, the Court has finalized the jury instructions. See attached. The Court will explain its resolution of the parties' disputes on the record at the final pre-trial conference. Signed by Judge J. Nicholas Ranjan on 1/28/2022. (av) (Entered: 01/28/2022) |
| 01/28/2022 | [106](#) | ORDER REGARDING VERDICT FORM. Upon review of the parties' proposed verdict forms and the applicable law, the Court has finalized the verdict form. See attached. Signed by Judge J. Nicholas Ranjan on 1/28/2022. (av) (Entered: 01/28/2022) |
| 01/31/2022 | [107](#) | MOTION *TO EXCLUDE ANTICIPATED HEARSAY STATEMENTS AT TRIAL* by SOUTHERN PINES TRUCKING, INC. (Attachments: # [1](#) Proposed Order) (Sirianni, Teresa) (Entered: 01/31/2022) |
| 01/31/2022 | [108](#) | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Final Pretrial Conference held on 1/31/2022. (Court Reporter: N. Re) (av) (Entered: 01/31/2022) |
| 01/31/2022 | 109 | |

| | | ORDER. The parties shall confer and jointly file a proposed limiting instruction regarding the back pay and front pay charts discussed at the pre-trial conference by 2/3/2022 at 12:00 p.m. Signed by Judge J. Nicholas Ranjan on 1/31/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 01/31/2022) |
|---|---|---|
| 01/31/2022 | 110 | ORDER Response/Briefing Schedule re 107 Motion to Exclude. Defendant shall file any supporting factual documentation in support of its motion by 2/1/2022 at 3:00 p.m. Plaintiff shall file a response brief, responding to the motion and also including any supporting factual documentation, by 2/2/2022 at 3:00 p.m. Signed by Judge J. Nicholas Ranjan on 1/31/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 01/31/2022) |
| 02/01/2022 | 111 | SUPPLEMENT by SOUTHERN PINES TRUCKING, INC. to 107 Motion TO EXCLUDE ANTICIPATED HEARSAY STATEMENTS AT TRIAL. (Attachments: # 1 Exhibit "A", # 2 Exhibit "B", # 3 Exhibit "C") (Sirianni, Teresa) Modified text on 2/7/2022. (keh) (Entered: 02/01/2022) |
| 02/01/2022 | 112 | Proposed Jury Instructions *on Demonstrative Charts* by SOUTHERN PINES TRUCKING, INC. (Randle, Morgan) (Entered: 02/01/2022) |
| 02/01/2022 | 113 | ORDER REGARDING JURY INTRUCTIONS. The Court has revised the jury instructions as discussed on the record at the 1/31/2022 final pre-trial conference. See attached. Signed by Judge J. Nicholas Ranjan on 2/1/2022. (av) (Entered: 02/01/2022) |
| 02/02/2022 | 114 | BRIEF in Opposition re 107 Motion TO EXCLUDE ANTICIPATED HEARSAY STATEMENTS AT TRIAL filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Elzer, Christine) Modified text on 2/3/2022. (keh) (Entered: 02/02/2022) |
| 02/03/2022 | 115 | ORDER, authorizing the use of Rule 1006 Summary Exhibit. Plaintiff has presented the Court with a Rule 1006 summary chart, which summarizes 52 pages of insurance invoices in Exhibit 7. After review of the chart and the underlying invoices, the Court will allow Plaintiff to introduce the summary (Exhibit 7A). The underlying documents within Exhibit 7 are admissible (no party objected to them), and the chart merely copies and pastes the invoice data in a summary fashion that is not pedagogical in any way. Defendant has argued that a person with personal knowledge of the invoices must be the one to prepare the chart, but that is not necessarily so. Testimony concerning the authenticity and accuracy of a summary may be provided by a person who supervised its preparation or carefully reviewed its content. See United States v. Lynch, 735 F. App'x 780, 785 (3d Cir. 2018). Defendant also argues that a Rule 1006 chart is unnecessary because the records here are not so voluminous. True, 52 pages isnt a lot; but the nature of these records (dry insurance invoices) would make it inconvenient and inefficient to proceed through each page one at a time. The Court will therefore allow the chart. But the Court will also confer with counsel to provide a supplemental limiting instruction as to the proper consideration of a Rule 1006 chart. Signed by Judge J. Nicholas Ranjan on 2/3/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 02/03/2022) |
| 02/03/2022 | 116 | MEMORANDUM ORDER denying 107 Motion to Exclude Anticipated Hearsay Statements at Trial. Signed by Judge J. Nicholas Ranjan on 2/3/2022. (lmg) (Entered: 02/03/2022) |
| 02/08/2022 | 117 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Jury Selection and Trial held on 2/7/2022. (Court Reporter: N. Re) (av) (Entered: 02/08/2022) |
| 02/08/2022 | | |

**000039a**

| | | Set/Reset Hearings: Jury Trial set for 2/8/2022 at 8:30 AM in Courtroom 6C before Judge J. Nicholas Ranjan. (av) (Entered: 02/08/2022) |
|---|---|---|
| 02/09/2022 | [118](#) | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Jury Trial held on 2/8/2022. (Court Reporter: N. Re) (av) (Entered: 02/09/2022) |
| 02/09/2022 | [119](#) | FINAL JURY INSTRUCTIONS. (av) (Entered: 02/09/2022) |
| 02/10/2022 | [120](#) | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Jury Trial completed on 2/9/2022. (Court Reporter: N. Re) (Attachments: # [1](#) Exhibit and Witness List) (av) (Entered: 02/10/2022) |
| 02/10/2022 | [121](#) | JURY VERDICT in favor of THOMAS J. KAIRYS, in part, and SOUTHERN PINES TRUCKING, INC., in part. (av) (Entered: 02/10/2022) |
| 02/10/2022 | 122 | ORDER regarding post-trial submissions. All counsel shall confer and file a joint notice by 2/11/21, proposing a procedure and schedule by which the remaining liability, damages, fees, and interest issues shall be addressed by the Court. Signed by Judge J. Nicholas Ranjan on 2/10/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 02/10/2022) |
| 02/11/2022 | [123](#) | NOTICE *re Post-Trial Submissions (Joint)* by THOMAS J. KAIRYS re 122 Order, (Attachments: # [1](#) Proposed Order) (Elzer, Christine) (Entered: 02/11/2022) |
| 02/14/2022 | [124](#) | ORDER regarding post-trial submissions. Each party shall file a brief regarding its respective position on Plaintiff's ERISA claim by 2/25/2022. The parties shall file all other applicable post-trial motions, including motions for attorneys' fees, interest, and any Rule 50 motions, by 3/9/2022. Signed by Judge J. Nicholas Ranjan on 2/14/2022. (av) (Entered: 02/14/2022) |
| 02/25/2022 | [125](#) | BRIEF in Support of 123 Notice *Plaintiff's ERISA Claim* filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 02/25/2022) |
| 02/25/2022 | [126](#) | MOTION Mold the Verdict by THOMAS J. KAIRYS. (Attachments: # [1](#) Proposed Order) (Elzer, Christine) (Entered: 02/25/2022) |
| 02/25/2022 | [127](#) | BRIEF in Support re 126 Motion Mold the Verdict filed by THOMAS J. KAIRYS. (Elzer, Christine) Modified text on 2/28/2022. (keh) (Entered: 02/25/2022) |
| 02/25/2022 | [128](#) | BRIEF in Support of 124 Order, Set Deadlines, *Brief Regarding Plaintiff's ERISA Claim* filed by SOUTHERN PINES TRUCKING, INC. (Attachments: # [1](#) Exhibit "A") (Sirianni, Teresa) (Entered: 02/25/2022) |
| 03/01/2022 | 129 | ORDER Response/Briefing Schedule re 126 Motion to Mold the Verdict, and amending the Court's 124 post-trial order. The Court hereby amends and clarifies the current post-verdict briefing schedule. On or before 3/9/2022, Defendant shall file a response to the Plaintiff's motion to mold the verdict. The response shall be no more than five pages. The Court is presently taking the ERISA claim under advisement, and will issue an order on the ERISA count and also on the matters raised in the motion to mold the verdict, and then will enter final judgment as to all claims in this case. After the Court enters final judgment, the parties should then file any motions affecting the judgment (e.g., under FRCP 50, 52, 59, or otherwise) within the time limitations of the applicable rules, and any fee petitions within the appropriate time as set by law. Signed by Judge J. Nicholas Ranjan on 3/1/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 03/01/2022) |
| 03/31/2022 | [130](#) | MEMORANDUM ORDER granting 126 Motion to Mold Verdict. Signed by Judge J. Nicholas Ranjan on 3/31/2022. (av) (Entered: 03/31/2022) |

**000040a**

| 03/31/2022 | [131](#) | OPINION re ERISA claim. Signed by Judge J. Nicholas Ranjan on 3/31/2022. (av) (Entered: 03/31/2022) |
| 03/31/2022 | [132](#) | JUDGMENT pursuant to Rule 58 entered in favor of SOUTHERN PINES TRUCKING, INC. and against THOMAS J. KAIRYS as to Counts I, II, and VI of the Second Amended Complaint. IT IS FURTHER ORDERED that JUDGMENT is entered in favor of THOMAS J. KAIRYS and against SOUTHERN PINES TRUCKING, INC. as to Counts III, IV, and V of the Second Amended Complaint. &67.500 is awarded as to count III and $8,104.53 as the Counts IV and V. See attached Judgment for further details. Signed by Judge J. Nicholas Ranjan on 3/31/2022. (av) Modified on 4/11/2022 (ept). (Entered: 03/31/2022) |
| 04/12/2022 | [133](#) | MOTION for Attorney Fees by THOMAS J. KAIRYS. (Attachments: # [1](#) Exhibit Elzer Declaration, # [2](#) Exhibit Van Hausen Declaration, # [3](#) Exhibit Cordes Declaration, # [4](#) Exhibit Daller Declaration, # [5](#) Exhibit Horowitz Declaration, # [6](#) Exhibit Lamberton Declaration, # [7](#) Exhibit McElroy Declaration, # [8](#) Exhibit Pre-Verdict Attorneys' Fees, # [9](#) Exhibit Post-Verdict Attorneys' Fees, # [10](#) Exhibit Expenses, # [11](#) Proposed Order) (Elzer, Christine) (Entered: 04/12/2022) |
| 04/12/2022 | [134](#) | BRIEF in Support re [133](#) Motion for Attorney Fees, filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 04/12/2022) |
| 04/13/2022 | 135 | ORDER Response/Briefing Schedule re [133](#) Motion for Attorney Fees. Response to Motion due by 4/27/2022. Signed by Judge J. Nicholas Ranjan on 4/13/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 04/13/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/21/2022 14:32:29 | | |
| **PACER Login:** | ajcopeland440 | **Client Code:** | 41098-00153-0087 |
| **Description:** | Docket Report | **Search Criteria:** | 2:19-cv-01031-NR |
| **Billable Pages:** | 13 | **Cost:** | 1.30 |

**000041a**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS J. KAIRYS, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 19-1031 |
| | ) | |
| v. | ) | US District Judge J. Nicholas Ranjan |
| | ) | |
| SOUTHERN PINES TRUCKING, INC., | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**NOTICE OF APPEAL**

Notice is hereby given that SOUTHERN PINES TRUCKING, INC., Defendant in the above-captioned matter, hereby appeals to the United States Court of Appeals for the Third Circuit from the District Court's Order and Judgment entered May 9, 2022 (ECF 146) granting in part Plaintiff Thomas Kairys' Petition For Attorneys' Fees And Expenses (ECF 133) and ordering that Defendant Southern Pines Trucking, Inc. pay Plaintiff a grand total of $111,981.79 in attorneys' fees and costs.

On May 16, 2022 Plaintiff Kairys filed a Motion for Reconsideration of Order Denying ADR Fees (ECF 151), of the May 9, 2022 Order (ECF 146), which was denied by May 27, 2022 Docket Text Order (ECF 157).

On April 26, 2022 (ECF 136) Southern Pines Trucking, Inc. had previously filed an appeal to the Third Circuit Court of Appeals (docketed at USCA No. 22-1783) appealing the Final Judgment of the District Court (ECF 132) entered March 31, 2022 in favor of Plaintiff and against Defendant Southern Pines Trucking, Inc. in the amount of $67,500 pursuant to the District Court's

**000042a**

prior March 31, 2022 Opinion (ECF 131) granting judgment and equitable relief on Plaintiff's ERISA claim and granting any associated reasonable attorneys' fees and costs, but without yet ruling upon the amount of any such fees and costs.

A copy of the May 9, 2022 (ECF 146) Order and the dockets showing its entry, are attached hereto.

Respectfully submitted,

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**

BY:  _s/Teresa O. Sirianni_
TERESA O. SIRIANNI, ESQUIRE
PA ID #90472
**Counsel for Defendant, Southern Pines**
**Trucking, Inc.**
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
(412) 803-1140
(412) 803-1188/fax
TOSirianni@mdwcg.com

Date:  June 2, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS KAIRYS,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )     2:19-cv-1031-NR
                                        )
SOUTHERN PINES TRUCKING, INC.,          )
                                        )
            Defendant.                  )
                                        )

## **ORDER**

Plaintiff Thomas Kairys moves for attorneys' fees and costs, pursuant to this Court's previous opinion (ECF 131, pp. 21-23) finding that reasonable attorneys' fees and costs are appropriate under ERISA.[1] The Court grants the motion, and calculates such fees according to the lodestar method, which all parties agree is appropriate.

Defendant Southern Pines Trucking objects to certain aspects of the motion, arguing that the motion seeks excessive fees. ECF 141. But the Court finds that the rates Mr. Kairys's counsel charged are well-supported and reflective of the market rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 895 (1984).[2] Moreover, counsel's billing entries (ECF 133-8) are sufficiently

---

[1] Mr. Kairys also moves for reasonable attorneys' fees and costs pursuant to the Pennsylvania Wage Payment and Collection Law (WPCL) and the parties' contract. ECF 133, ¶¶ 6-7; Ex. 2, ¶ 8(f). The Court finds that its assessment of an appropriate fee award is the same whether made pursuant to ERISA, the WPCL, or the contract.

[2] The Court agrees that the lodestar calculation as to Mr. Kairys's lead counsel, Ms. Elzer, should be made using Ms. Elzer's current hourly rate of $400/hour. *Lanni v. New Jersey*, 259 F.3d 146, 149-150 ("When attorney's fees are awarded, the current market rate must be used. The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed." (cleaned up)). Though Southern Pines contends that this rate is excessive and unreasonable, the Court notes that Judge Wiegand approved this same rate recently in *Turco v. Zambelli Fireworks Mfg. Co.*, No. 19-174, 2022 WL 395245 at *3 (W.D. Pa. Feb. 9, 2022). The rate is

specific and detailed to support the fee award requested. *See Hensley*, 461 U.S. at 433*; Ursic v. Bethlehem Mines* , 719 F.2d 670, 676 (3d Cir. 1983).

The parties agree that Mr. Kairys's limited success here warrants some reduction in fees. *Hensley*, 461 U.S. at 434-35. That is, at trial, Mr. Kairys lost on his discrimination and disability claims, but prevailed only on a relatively modest statutory wage claim ($8,104.53 in total damages), as well as the ERISA claims later submitted to the Court ($67,500 in equitable relief awarded). Mr. Kairys argues that up to a 10% fee reduction is sufficient to take into account the limited success. ECF 133, ¶¶ 9-10. Southern Pines, on the other hand, requests at least a 40% discount. ECF 141, pp. 7-8.

As the Supreme Court and Third Circuit have made clear, there is no precise mathematical formula for determining fee reductions in cases of partial success. But based on the evidence presented at trial, it is clear that a substantial portion of the case presented was tied to the claims on which Mr. Kairys did not ultimately prevail: disability discrimination and age discrimination. For example, Mr. Kairys sought back pay of approximately $535,000 and front pay of approximately $105,000 per year, in addition to compensatory damages for emotional distress. These damages— with the exception of front pay— were based almost entirely on the claims on which Mr. Kairys lost at trial. That said, as Mr. Kairys correctly points out, much of the evidence presented did overlap between the successful and unsuccessful claims, since all the claims had a "common core of facts" and were "based on related legal theories" of discrimination and pretext. *Hensley,* 461 U.S. at 435.

After considering the record, the parties' arguments, and relevant case law, the Court finds that an approximate 25% total reduction in pre-verdict fees is reasonable. Reduction in post-verdict fees, however, is not warranted. Those fees all

---

otherwise not unreasonable or out of line with current market rates, as reflected in the various declarations submitted with Mr. Kairys's motion.

relate to Mr. Kairys's successful ERISA claims, his successful motion to mold the verdict, and his counsel's fee petition. Accordingly, the Court awards a reduced fee of $90,404[3] for pre-verdict work and a full fee of $15,362.50 for post-verdict work, for a total of $105,766.50 in attorneys' fees.

Finally, Southern Pines quibbles over some of the costs claimed. Upon a review of the invoices, the Court finds that Southern Pines's objections to awarding costs are not well-taken. There is, however, one reduction that the Court will independently make. The Court will not order that Southern Pines reimburse Mr. Kairys for the ADR costs as he requests. The ADR stipulation the parties submitted in December 2019 (ECF 12) was an agreement the parties mutually reached and the Court approved that each side would pay 50% of the mediation costs. Shifting those costs after trial would be contrary to that ADR agreement and would undermine the "spirit" of the ADR cost-sharing arrangement. Therefore, the Court awards a total of $6,215.29 in costs, which equates to a reduction of the costs bill of $1,750. *See* ECF 133-10.

**\* \* \***

For the foregoing reasons, it is hereby ORDERED that Mr. Kairys's petition for attorneys' fees and costs is GRANTED in part, as discounted herein. The Court orders that Southern Pines pay Mr. Kairys a grand total of $111,981.79 in reasonable attorneys' fees and costs.

DATE: May 9, 2022

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[3] Mr. Kairys's counsel wrote off time related solely to work on the unsuccessful claims, resulting in an approximate 5% reduction. This resulted in pre-verdict fees of $113,005. The Court discounts this total by 20%, which results in an approximate total 25% reduction and a total of $90,404 in pre-verdict fees.

Query    Reports    Utilities    Help    Log Out

<span style="color:red">APPEAL,LG</span>

# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
## CIVIL DOCKET FOR CASE #: 2:19-cv-01031-NR

KAIRYS v. SOUTHERN PINES TRUCKING, INC.
Assigned to: Judge J. Nicholas Ranjan
Case in other court: Third Circuit, 22-01783
Cause: 42:12101 The Americans with Disabilities Act of 1990

Date Filed: 08/16/2019
Jury Demand: Both
Nature of Suit: 445 Civil Rights: Americans
with Disabilities - Employment
Jurisdiction: Federal Question

**Plaintiff**

**THOMAS J. KAIRYS**                          represented by   **Christine T. Elzer**
                                                               Elzer Law Firm, LLC
                                                               100 First Avenue
                                                               Suite 1010
                                                               Pittsburgh , PA 15222
                                                               (412) 230-8436
                                                               Fax: (412) 206-0855
                                                               Email: celzer@elzerlaw.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Tamra Van Hausen**
                                                               Elzer Law Firm, LLC
                                                               100 First Avenue
                                                               Suite 1010
                                                               Pittsburgh, PA 15222
                                                               412-230-8436
                                                               Email: tvanhausen@elzerlaw.com
                                                               *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SOUTHERN PINES TRUCKING, INC.**            represented by   **Teresa O. Sirianni**
                                                               Marshall, Dennehey, Warner, Coleman &
                                                               Goggin
                                                               Union Trust Building, Suite 700
                                                               501 Grant Street
                                                               Pittsburgh, PA 15219
                                                               (412) 803-1140
                                                               Email: tosirianni@mdwcg.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Morgan M. J. Randle**
                                                               Marshall Dennehey Warner Coleman &

# 000047a

Goggin
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA 15219
412-803-1174
Email: morgan.randle@jacksonlewis.com
*TERMINATED: 05/11/2022*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/16/2019 | 1 | COMPLAINT against SOUTHERN PINES TRUCKING, INC. (Filing fee, including Administrative fee, $400, receipt number 0315-5250040), filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet) (jjg) (Entered: 08/20/2019) |
| 08/21/2019 | 2 | NOTICE that instant civil action has been designated for placement into the United States District Court's Alternative Dispute Resolution program. Parties are directed to fully complete the required 26(f) report, which includes the stipulation of selecting an ADR process. Counsel for plaintiff (or in the case of a removal action, counsel for removing defendant) shall make service of the notice on all parties. (av) (Entered: 08/21/2019) |
| 09/19/2019 | 3 | WAIVER OF SERVICE Returned Executed by THOMAS J. KAIRYS. SOUTHERN PINES TRUCKING, INC. waiver sent on 8/20/2019, answer due 10/21/2019. (Elzer, Christine) (Entered: 09/19/2019) |
| 10/21/2019 | 4 | ANSWER to 1 Complaint by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 10/21/2019) |
| 10/22/2019 | 5 | CASE MANAGEMENT ORDER: Initial Case Management Conference set for 12/18/2019 at 01:00 PM in Courtroom 6C before Judge J. Nicholas Ranjan. Exchange of required Rule 26(a)(1) information due by 12/13/2019; Rule 26 Meeting Report due by 12/13/2019; Stipulation Selecting ADR Process due by 12/13/2019. Signed by Judge J. Nicholas Ranjan on 10/22/2019. (av) (Entered: 10/22/2019) |
| 10/22/2019 | 6 | ORDER ESTABLISHING PRESUMPTIVE TRIAL DATE IN CIVIL CASE. Trial set for 6/14/2021. See accompanying Order for additional details. Signed by Judge J. Nicholas Ranjan on 10/22/2019. (av) (Entered: 10/22/2019) |
| 12/13/2019 | 7 | REPORT of Rule 26(f) Planning Meeting. (Elzer, Christine) (Entered: 12/13/2019) |
| 12/13/2019 | 8 | STIPULATION selecting ADR process by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 12/13/2019) |
| 12/18/2019 | 9 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Initial Case Management Conference held on 12/18/2019. (Court Reporter: R. Ford) (av) (Entered: 12/18/2019) |
| 12/19/2019 | 10 | CASE MANAGEMENT ORDER: Exchange of required Rule 26(a)(1) information due by 1/3/2020; Amended Pleadings due by 1/31/2020; Fact Discovery due by 5/18/2020; Post-Discovery Status Conference set for 5/19/2020 at 10:00 AM in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 12/18/2019. (av) (Entered: 12/19/2019) |
| 12/19/2019 | 11 | ORDER re 9 Initial Case Management Conference. Amended ADR Stipulation that includes date of mediation session due by 12/25/2019. Signed by Judge J. Nicholas Ranjan on 12/18/2019. Text-only entry; no PDF document will issue. This text-only |

**000048a**

| | | |
|---|---|---|
| | | entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 12/19/2019) |
| 12/23/2019 | 12 | AMENDED DOCUMENT - *Stipulation Selecting ADR Process (date and name added)* by SOUTHERN PINES TRUCKING, INC.. Amendment to 8 Stipulation Selecting ADR process. (Sirianni, Teresa) (Entered: 12/23/2019) |
| 12/26/2019 | 13 | ORDER REFERRING CASE to Early Neutral Evaluation. Kenneth Benson is appointed as an early neutral evaluator. Evaluation to occur by 2/10/2020. Signed by Judge J. Nicholas Ranjan on 12/26/2019. (av) (Entered: 12/26/2019) |
| 12/31/2019 | 14 | Unopposed MOTION for Leave to File Amended Complaint by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit, # 2 Proposed Order) (Elzer, Christine) (Entered: 12/31/2019) |
| 01/02/2020 | 15 | ORDER granting 14 Motion for Leave to File Amended Complaint. The Clerk is hereby directed to docket the Exhibit to the 14 Motion as the Amended Complaint. Signed by Judge J. Nicholas Ranjan on 1/2/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 01/02/2020) |
| 01/02/2020 | 16 | AMENDED COMPLAINT against SOUTHERN PINES TRUCKING, INC. SOUTHERN PINES TRUCKING, INC. answer due 1/16/2020, filed by THOMAS J. KAIRYS. (jjg) (Entered: 01/03/2020) |
| 02/12/2020 | 17 | REPORT of Early Neutral Evaluation Case has not resolved. KENNETH J. BENSON terminated. Attorney Kenneth J. Benson terminated. **The parties are reminded of their obligation to complete the ADR questionnaire and submit within 5 days of the conclusion of the ADR process. The questionnaire can be accessed at www.pawd.uscourts.gov. Click on the ADR icon.** ENE session was held held on 2/10/2020. (Benson, Kenneth) (Entered: 02/12/2020) |
| 03/16/2020 | 18 | STANDING ORDER IN ALL CIVIL CASES RELATED TO CORONAVIRUS. Signed by Judge J. Nicholas Ranjan on 3/16/2020. (av) (Entered: 03/16/2020) |
| 03/28/2020 | | IMPORTANT NOTICE: The United States District Court for the Western District of Pennsylvania (WDPA) will be upgrading its current CM/ECF system to the Next Generation of CM/ECF (NextGen CM/ECF) on Monday, May 26, 2020. Complete information, including a checklist of actions regarding the WDPA NexGen CM/ECF implementation, can be found at here . Currently, multiple attorneys within a firm may share a single PACER account. Shared PACER accounts cannot be used by WDPA e-filing attorneys once the WDPA NextGen CM/ECF system is implemented. Each attorney must have an individual upgraded PACER account that will be linked to the e-filing account. If you have an upgraded PACER account, no action is required until after the WDPA NextGen CM/ECF upgrade on May 26, 2020. You have an upgraded PACER account if you (1) e-file in another NextGen court, or (2) created your PACER account after August 10, 2014. If neither of these are true, you must upgrade your legacy PACER account before you will be able to link your PACER account to your current WDPA CM/ECF account for your new NextGen CM/ECF account. Further informational notices will be sent later, but if you have questions about upgrading your PACER account, please contact the PACER Service Center at 800-676-6856. (Administrator, ) (ADI) (Entered: 03/28/2020) |
| 04/17/2020 | 19 | ORDER re Discovery. Status Report due by 4/27/2020. Signed by Judge J. Nicholas Ranjan on 4/17/2020. (av) (Entered: 04/17/2020) |
| 04/17/2020 | 20 | Joint MOTION for Extension of Time to Complete Discovery by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 04/17/2020) |
| | | |

| 04/17/2020 | 21 | Errata re 20 Motion for Extension of Time to Complete Discovery by THOMAS J. KAIRYS. Reason for Correction: text inadvertently included at the top of proposed order. (Elzer, Christine) (Entered: 04/17/2020) |
|---|---|---|
| 04/20/2020 | 22 | ORDER granting 20 Motion for Extension of Time to Complete Discovery. Discovery due by 7/15/2020. Post-Discovery Status Conference to be held on 7/16/2020 at 4:00PM in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 4/20/2020. (av) (Entered: 04/20/2020) |
| 04/20/2020 | 23 | ORDER. In light of the 22 Order, the Status Report ordered for 4/27/2020 is now due by 6/29/2020. Signed by Judge J. Nicholas Ranjan on 4/20/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 04/20/2020) |
| 04/26/2020 | | IMPORTANT NOTICE: The United States District Court for the Western District of Pennsylvania will be upgrading its current CM/ECF system to the Next Generation of CM/ECF on May 26, 2020. Complete information, including a checklist of actions regarding the WDPA NexGen CM/ECF implementation, can be found here. Preparing for NextGen is a two-step process. The first step is to upgrade any legacy PACER accounts. Each attorney must have an individual upgraded PACER account in order to electronically file after our conversion to NextGen. The second step will be to link that upgraded PACER account with your WDPA CM/ECF account after the Court goes live with NextGen. To link your account, you will need your current e-filing credentials from our Court. **If your CM/ECF login contains a special character (such as &, @, $, *), you will need to change it as logins with those characters will be unable to link to PACER accounts. No later than Thursday, May 21, 2020,** you should log into both PACER and the current version of CM/ECF to (1) review and record your current e-filing credentials for both, as you will need to know them in order to e-file after May 23, 2020 and (2) ensure that your primary email address to receive Notices of Electronic Filings (NEF) is accurate. Failure to provide an accurate email address may result in a delay in receiving NEFs after the Court converts to NextGen. (Administrator, ) (ADI) (Entered: 04/26/2020) |
| 05/17/2020 | | FINAL NOTICE: **In preparation of the Court's conversion to NextGen, our Court's CM/ECF system will be unavailable from 12:00 p.m. (Noon) on Friday, May 22, 2020, until 11:59 pm. Monday, May 25, 2020. Please plan accordingly.** Complete information, including a checklist of actions regarding the WDPA NexGen CM/ECF implementation, can be found here. Preparing for NextGen is a two-step process. The first step is to upgrade any legacy PACER accounts. The second step is to link that upgraded PACER account with your WDPA CM/ECF account after the Court goes live with NextGen. To link your account, you will need your current e-filing credentials from our Court. **If your CM/ECF login contains any special characters (anything other than a letter or number), you will need to change it as logins with those characters will be unable to link to PACER accounts. No later than Thursday, May 21, 2020,** you should log into both PACER and the current version of CM/ECF to review and record your current e-filing credentials for both, as you will need to know them in order to e-file after May 23, 2020. Please consult the Court's administrative order for additional information on deadlines and alternative filing options during this period. (Administrator, ) (ADI) (Entered: 05/17/2020) |
| 06/15/2020 | 24 | ORDER. Telephonic Status Conference set for 6/16/2020 at 09:00 AM before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 6/15/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 06/15/2020) |
| 06/16/2020 | 25 | |

| | | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Telephonic Status Conference held on 6/16/2020. (Court Reporter: none) (av) (Entered: 06/16/2020) |
|---|---|---|
| 06/29/2020 | 26 | STATUS REPORT *Joint* by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 06/29/2020) |
| 07/07/2020 | 27 | ORDER. The Post-Discovery Status Conference set for 7/16/2020 at 04:00 PM will now be held telephonically. Dial-in instructions to follow. Signed by Judge J. Nicholas Ranjan on 7/7/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 07/07/2020) |
| 07/14/2020 | 29 | ORDER. The Telephonic Post-Discovery Status Conference is hereby RESCHEDULED for 7/16/2020 at 12:00 PM before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 7/14/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 07/14/2020) |
| 07/14/2020 | 30 | MOTION to Continue *Post-Discovery Status Conference* by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 07/14/2020) |
| 07/15/2020 | 31 | ORDER granting 30 Motion to Continue. The Telephonic Post-Discovery Status Conference is RESCHEDULED for 7/20/2020 at 1:00PM before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 7/15/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 07/15/2020) |
| 07/20/2020 | 32 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Telephonic Post-Discovery Status Conference held on 7/20/2020. (Court Reporter: none) (av) (Entered: 07/20/2020) |
| 07/20/2020 | 33 | CASE MANAGEMENT ORDER: Summary Judgment due by 9/21/2020; Response to Summary Judgment due by 10/12/2020; Reply due by 10/19/2020. Signed by Judge J. Nicholas Ranjan on 7/20/2020. (av) (Entered: 07/20/2020) |
| 07/20/2020 | 34 | ORDER. Pursuant to the Court's 33 Case Management Order, this matter is referred to the Honorable Lisa Pupo Lenihan to schedule and conduct a judicial settlement conference by 8/31/2020. See 33 Case Management Order for additional detail and requirements. Signed by Judge J. Nicholas Ranjan on 7/20/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 07/20/2020) |
| 07/24/2020 | 35 | ORDER that a mediation is scheduled before Magistrate Judge Lisa Pupo Lenihan on August 13, 2020, starting 9:30 AM via video. No later than July 31, 2020, each party shall submit a confidential mediation statement to the magistrate judge. The mediation statement shall not become part of the file of the case, but shall be for the exclusive use of the magistrate judge in preparing for and conducting the mediation. The mediation statement shall be no longer than five pages. The statements should not be filed with the Clerk of Courts, but should be emailed to the Courtroom Deputy at Mike_Banas@pawd.uscourts.gov. Copies of the mediation statement should not be provided to the other parties in the case and will not become part of the case docket. No later than August 5, 2020, plaintiff's counsel shall submit a settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than August 10, 2020, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. These steps will enable the mediation to progress more expeditiously. As a test run of the hearing technology, a pre-mediation video conference is scheduled for August 11, 2020 at 11:00 A.M. and will be conducted by video, using Zoom. The Courts Courtroom Deputy will |

| | | email counsel a link to access the Zoom meeting room prior to the status conference. Signed by Magistrate Judge Lisa Pupo Lenihan on 07/24/2020. (jmb) (Entered: 07/24/2020) |
|---|---|---|
| 08/11/2020 | 36 | Minute Entry for proceedings held before Magistrate Judge Lisa Pupo Lenihan: A Status Conference was held on 8/11/2020. Demands and offers have been exchanged. The mediation will take place as scheduled on August 13, 2020 starting at 9:30 AM. Plaintiff will participate and possibly his wife. Defendant's insurance carrier will participate, together with a company representative with full settlement authority. The Court is concerned that the company representative have full authority and will enter a separate text order to address this. (jmb) (Entered: 08/11/2020) |
| 08/11/2020 | 37 | IT IS HEREBY ORDERED that a representative of Southern Pines Trucking, Inc. participate in the mediation session scheduled with the undersigned on August 13, 2020 with full authority to settle the case without the need to consult with anyone else at the business. Signed by Magistrate Judge Lisa Pupo Lenihan on 8/11/20. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 08/11/2020) |
| 08/13/2020 | 38 | Minute Entry for proceedings held before Magistrate Judge Lisa Pupo Lenihan: A Mediation was held on 8/13/2020. The parties were unable to reach a resolution of this matter. There may be a willingness to continue the mediation after summary judgment motions have been ruled upon. Judge Lenihan indicated a willingness to assist at a later date if the parties are inclined to renew discussions. (jmb) (Entered: 08/13/2020) |
| 09/14/2020 | 39 | Consent MOTION to Amend 4 Answer to Complaint by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order, # 2 Exhibit A) (Sirianni, Teresa) (Entered: 09/14/2020) |
| 09/15/2020 | 40 | ORDER. This case was referred to Judge Lisa Pupo Lenihan for the sole purpose of holding a mediation. As the mediation was held 8/13/2020, IT IS ORDERED that Magistrate Judge Lisa Pupo Lenihan is no longer assigned to case. Signed by Judge J. Nicholas Ranjan on 9/15/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/15/2020) |
| 09/15/2020 | 41 | ORDER granting 39 Motion to Amend. The Clerk is directed to file Exhibit A to the 39 Motion to Amend as the Amended Answer. Signed by Judge J. Nicholas Ranjan on 9/15/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/15/2020) |
| 09/15/2020 | 42 | AMENDED ANSWER to 1 Complaint by SOUTHERN PINES TRUCKING, INC. (jjg) (Entered: 09/15/2020) |
| 09/16/2020 | 43 | Consent MOTION for Leave to File Second Amended Complaint by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit, # 2 Proposed Order) (Elzer, Christine) (Entered: 09/16/2020) |
| 09/16/2020 | 44 | Joint MOTION for Extension of Time to File *Motions for Summary Judgment* by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 09/16/2020) |
| 09/16/2020 | 45 | ORDER granting 43 Motion for Leave to File Amended Complaint. The Clerk is directed to file Exhibit 1 to the 43 Motion as the Second Amended Complaint. Signed by Judge J. Nicholas Ranjan on 9/16/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/16/2020) |

**000052a**

| 09/16/2020 | 46 | ORDER granting 44 Motion for Extension of Time to File. Summary Judgment due by 9/28/2020; Response to Summary Judgment due by 10/19/2020; Reply due by 10/26/2020. Signed by Judge J. Nicholas Ranjan on 9/16/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/16/2020) |
|---|---|---|
| 09/16/2020 | 47 | SECOND AMENDED COMPLAINT against SOUTHERN PINES TRUCKING, INC. SOUTHERN PINES TRUCKING, INC. answer due 9/30/2020, filed by THOMAS J. KAIRYS. (jjg) (Entered: 09/16/2020) |
| 09/17/2020 | 48 | NOTICE of Appearance by Morgan M. J. Randle on behalf of SOUTHERN PINES TRUCKING, INC.. (Randle, Morgan) (Entered: 09/17/2020) |
| 09/28/2020 | 49 | Partial MOTION for Summary Judgment *as to Counts IV and V* by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 09/28/2020) |
| 09/28/2020 | 50 | BRIEF in Support re 49 Motion for Summary Judgment *as to Counts IV and V* filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Kairys Declaration) (Elzer, Christine) (Entered: 09/28/2020) |
| 09/28/2020 | 51 | MOTION for Summary Judgment by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 09/28/2020) |
| 09/28/2020 | 52 | Appendix to 51 Motion for Summary Judgment by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit "A", # 2 Exhibit "B-1", # 3 Exhibit "B-2", # 4 Exhibit "C-1", # 5 Exhibit "C-2", # 6 Exhibit "D", # 7 Exhibit "E", # 8 Exhibit "F", # 9 Exhibit "G", # 10 Exhibit "H", # 11 Exhibit "I", # 12 Exhibit "J", # 13 Exhibit "K", # 14 Exhibit "L", # 15 Exhibit "M", # 16 Exhibit "N", # 17 Exhibit "O", # 18 Exhibit "P", # 19 Exhibit "Q", # 20 Exhibit "R", # 21 Exhibit "S", # 22 Exhibit "T", # 23 Exhibit "U") (Sirianni, Teresa) (Entered: 09/28/2020) |
| 09/28/2020 | 53 | BRIEF in Support re 51 Motion for Summary Judgment filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 09/28/2020) |
| 10/01/2020 | 54 | ANSWER to 47 Amended Complaint by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 10/01/2020) |
| 10/19/2020 | 55 | BRIEF in Opposition re 51 Motion for Summary Judgment filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 10/19/2020) |
| 10/19/2020 | 56 | Appendix to 55 Brief in Opposition to Motion by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Operations Manager Description, # 2 Exhibit Declaration of Kairys, # 3 Exhibit Offer Letter, # 4 Exhibit Email re Kyle Kunkle, # 5 Exhibit PGT Bonus Checks, # 6 Exhibit COBRA Notice, # 7 Exhibit Life Insurance Notice, # 8 Exhibit Original Employment Agreement, # 9 Exhibit Email re revision to agreement) (Elzer, Christine) (Entered: 10/19/2020) |
| 10/19/2020 | 57 | RESPONSE to Motion re 49 Partial MOTION for Summary Judgment *as to Counts IV and V* filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 10/19/2020) |
| 10/19/2020 | 58 | Appendix to 57 Response to Motion by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit A) (Sirianni, Teresa) (Entered: 10/19/2020) |
| 10/26/2020 | 59 | REPLY BRIEF re 49 Motion for Summary Judgment, 57 Response to Motion filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 10/26/2020) |
| 10/26/2020 | 60 | REPLY to 55 Brief in Opposition to Motion, filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 10/26/2020) |

| 10/26/2020 | 61 | Appendix to 60 Reply by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Sirianni, Teresa) (Entered: 10/26/2020) |
|---|---|---|
| 11/03/2020 | 62 | MOTION to Strike 61 Appendix *Portions of Declaration of Patrick Gallagher and Exhibits Thereto* by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 11/03/2020) |
| 11/04/2020 | 63 | ORDER Response/Briefing Schedule re 62 Motion to Strike. Response to Motion due by 11/6/2020. Brief shall not exceed 10 pages. Signed by Judge J. Nicholas Ranjan on 11/4/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 11/04/2020) |
| 11/06/2020 | 64 | RESPONSE IN OPPOSITION to 62 Motion to Strike, filed by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) Wrong version. Documents removed from public view and refiled as an errata at 65 . Modified on 11/9/2020 (ma). (Entered: 11/06/2020) |
| 11/06/2020 | 65 | Errata re 64 Response in Opposition by SOUTHERN PINES TRUCKING, INC.. Reason for Correction: Wrong Version. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 11/06/2020) |
| 11/09/2020 | 66 | ORDER. A Telephonic Oral Argument re the 62 Motion to Strike is set for 11/13/2020 at 01:30 PM before Judge J. Nicholas Ranjan. See 28 Notice for dial-in instructions. Signed by Judge J. Nicholas Ranjan on 11/9/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 11/09/2020) |
| 11/13/2020 | 67 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Oral Argument held on 11/13/2020. (Court Reporter: K. Earley) (av) (Entered: 11/13/2020) |
| 11/13/2020 | 68 | ORDER. Plaintiff's motion to strike (ECF 62 ) is DENIED. As stated on the record, Plaintiff will be authorized to conduct limited discovery on the issues related to SPT's 15-employee defense and Plaintiff's single enterprise liability theory. The parties shall produce, without awaiting a formal discovery request, all documents in their possession, custody, and control related to those issues, and Plaintiff may take a Rule 30(b)(6) deposition as to those issues. This discovery must be completed by 12/31/20. By 11/30/20, counsel must also confer to determine whether any of this discovery can be avoided through stipulation or otherwise. Defendant's supplemental summary-judgment brief as to these issues is due 1/11/21. Plaintiff's supplemental summary-judgment brief as to these issues is due 1/18/21. Signed by Judge J. Nicholas Ranjan on 11/13/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 11/13/2020) |
| 11/25/2020 | 69 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings re Telephonic Oral Argument held on November 13, 2020 before Judge J. Nicholas Ranjan. Court Reporter Karen Earley, Telephone number 412-201-2660. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter or viewed at the clerk's office public terminal. **Any Notice of Intent to Request Redaction and Redaction Request must be separately mailed to the court reporter of said proceedings.** Notice of Intent for Redaction of Personal Data Identifiers due by 12/2/2020. Redaction Request due 12/16/2020. Redacted Transcript Deadline set for 12/28/2020. Release of Transcript Restriction set for 2/23/2021. (kme) Modified on 12/3/2020 (jjg). Modified on 12/29/2020 (jjg). Modified on 2/24/2021 (jjg). (Entered: 11/25/2020) |

**000054a**

| 12/01/2020 | 70 | MOTION for Leave to File Third Amended Complaint by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Proposed Third Amended Complaint, # 2 Proposed Order) (Elzer, Christine) (Entered: 12/01/2020) |
| --- | --- | --- |
| 12/01/2020 | 71 | ORDER Response/Briefing Schedule re 70 Motion for Leave to File Third Amended Complaint. Response to Motion due by 12/3/2020. Brief shall not exceed 10 pages. Signed by Judge J. Nicholas Ranjan on 12/1/20. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 12/01/2020) |
| 12/03/2020 | 72 | RESPONSE to Motion re 70 MOTION for Leave to File Third Amended Complaint filed by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 12/03/2020) |
| 12/07/2020 | 73 | ORDER granting 70 Motion for Leave to Amend. Upon review, Plaintiff's proposed amendment does not materially alter or expand the factual issues raised by the complaint. Nor does Plaintiff seek to add or change any of the parties to this case. Indeed, in the Court's view, amendment may not even be necessary in light of the original complaint's allegation that Defendant "employed more than 20 employees." Plaintiff is merely articulating a new legal argument as to why the statutory "number of employees" threshold is satisfied, i.e., that Defendant is part of a "single enterprise" involving several entities. See Phillips v. Baxter, 768 F. App'x 555, 559 (7th Cir. 2019) ("[A] plaintiff is not required to plead legal theories.... Therefore, invoking the wrong theory in the complaint is not fatal.... All a complaint must do is narrate a grievance sufficiently to place the defendants on notice of the challenged conduct."). Further, the Court finds that Defendant would not suffer any prejudice from the proposed amendment. No additional discovery will be required beyond that the Court already authorized. Rather, the only evidence relevant to this issue is information about Defendant's corporate structure -- information that Defendant already possesses and is presumably intimately familiar with. To the extent Defendant has additional documentation that it intends to rely on to refute Plaintiff's single enterprise theory, it may produce and rely on such information by timely supplementing its initial disclosures. For these reasons, and in light of the liberal federal policy favoring amendment, the Court will GRANT Plaintiff's motion. Plaintiff shall file an amended complaint by 12/9/2020. Signed by Judge J. Nicholas Ranjan on 12/7/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 12/07/2020) |
| 12/07/2020 | 74 | Third AMENDED COMPLAINT against SOUTHERN PINES TRUCKING, INC., filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 12/07/2020) |
| 12/30/2020 | 75 | STIPULATION to Number of Employees Under ADA and ADEA by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 12/30/2020) |
| 02/16/2021 | 76 | ANSWER to 74 Amended Complaint (Third) by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 02/16/2021) |
| 03/04/2021 | 77 | SCHEDULING ORDER. In light of the recent administrative order suspending jury trials in this District until at least 5/3/2021 (https://www.pawd.uscourts.gov/sites/pawd/files/Administrative_Order_February_3.pdf), and because of the likelihood that the number of civil trials held after 5/3/2021 will be very limited for several months thereafter, it is highly unlikely that trial in this case could proceed on 6/14/2021, as currently scheduled. Thus, it is HEREBY ORDERED that the trial set for 6/14/2021 is CONTINUED until further order of the Court. The Court will reschedule the trial, if necessary, after resolving Defendant's motion for summary judgment. Signed by Judge J. Nicholas Ranjan on 3/4/2021. Text-only entry; no PDF |

| | | document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 03/04/2021) |
|---|---|---|
| 05/21/2021 | 78 | NOTICE. The Court notifies the parties that it is aiming to issue its decision on the pending 49 and 51 cross-motions for summary judgment by Monday afternoon, 5/24/2021. This notice is a courtesy to the parties and public, and is for informational-purposes only. The parties should not take any action in response to this order. Signed by Judge J. Nicholas Ranjan on 5/21/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/21/2021) |
| 05/24/2021 | 79 | OPINION re: 49 51 motions for summary judgment. Signed by Judge J. Nicholas Ranjan on 5/24/2021. (av) (Entered: 05/24/2021) |
| 05/24/2021 | 80 | ORDER re: 49 51 motions for summary judgment. Signed by Judge J. Nicholas Ranjan on 5/24/2021. (av) (Entered: 05/24/2021) |
| 05/25/2021 | 81 | ORDER RE: SETTLEMENT CONFERENCE. Jury trials were only recently authorized to resume in this District, and only on a limited basis. Given the limited availability of jury pools, criminal trials are currently taking precedence over civil trials, and the Court does not expect to schedule any civil trials until after Labor Day. Given this likely time lag, the parties may benefit from a second settlement conference with Judge Lenihan, now that summary judgment motions have been resolved. The Court therefore directs the parties to confer to determine whether there is mutual interest in holding a second settlement conference. The parties shall file a joint notice indicating their interest by 5/31/2021. Alternatively, if the parties prefer to use a private neutral or some other procedure for facilitating settlement, they should also file a joint notice to that effect by 5/31/2021. Signed by Judge J. Nicholas Ranjan on 5/25/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/25/2021) |
| 05/28/2021 | 82 | STATUS REPORT *(Joint Report of the Parties Re: ECF 81)* by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 05/28/2021) |
| 06/01/2021 | 83 | PRETRIAL ORDER: Plaintiff witness list due by 8/30/2021; Defendant Witness list due by 8/30/2021; Designation of discovery excerpts due by 8/30/2021; Exhibit List due by 8/30/2021; Proposed Verdict Slips due by 9/10/2021; Proposed Voir Dire by 9/17/2021; Stipulation due by 9/17/2021; Motions in Limine due by 9/3/2021; Response to Motions in Limine due by 9/10/2021; Final Pretrial Conference set for 9/28/2021 at 5:30 PM before Judge J. Nicholas Ranjan. Jury Selection set for 10/4/2021 at 9:30 AM in Courtroom 6C before Judge J. Nicholas Ranjan. Jury Trial set for 10/4/2021 at 9:30 AM in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 6/1/2021. (av) (Entered: 06/01/2021) |
| 08/30/2021 | 84 | Witness List by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 08/30/2021) |
| 08/30/2021 | 85 | DESIGNATION of Deposition Excerpts to be offered at trial by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 08/30/2021) |
| 08/30/2021 | 86 | Witness List by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 08/30/2021) |
| 08/30/2021 | 87 | Exhibit List *(JOINT)* by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 08/30/2021) |
| 09/02/2021 | 88 | ORDER. The Final Pretrial Conference set for 9/28/2021 at 5:30 p.m. is hereby RESCHEDULED for 9/28/2021 at 2:00 p.m. before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 9/2/2021. Text-only entry; no PDF document will issue. |

**000056a**

| | | |
|---|---|---|
| | | This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/02/2021) |
| 09/03/2021 | 89 | First MOTION in Limine *regarding Plaintiff's Designation of Discovery Excerpts to be Offered at Trial* by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit A, # 2 Proposed Order) (Sirianni, Teresa) (Entered: 09/03/2021) |
| 09/03/2021 | 90 | BRIEF in Support re 89 Motion in Limine *regarding Plaintiff's Designation of Discovery Excerpts to be Offered at Trial* filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 09/03/2021) |
| 09/03/2021 | 91 | MOTION in Limine *to Preclude Introduction of Exhibits 8, 9 and 12* by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Proposed Order) (Sirianni, Teresa) (Entered: 09/03/2021) |
| 09/03/2021 | 92 | BRIEF in Support re 91 Motion in Limine 2 *to Preclude Introduction of Exhibits 8, 9 and 12* filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 09/03/2021) |
| 09/03/2021 | 93 | ORDER. A Telephonic Status Conference is set for 9/3/2021 at 1:00 p.m. before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 9/3/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/03/2021) |
| 09/03/2021 | 94 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Status Conference held on 9/3/2021. (Court Reporter: none) (lmg) (Entered: 09/03/2021) |
| 09/03/2021 | | ORDER. As discussed during the 9/3/2021 Telephonic Status Conference, the 83 Pretrial Order is hereby MODIFIED as follows: Response to Motions in Limine due by 1/14/2022; Proposed Jury Instructions due by 1/14/2022; Proposed Verdict Slips due by 1/14/2022; Proposed Voir Dire by 1/21/2022; Joint Stipulations due by 1/21/2022; Final Pretrial Conference set for 1/31/2022 at 10:00 AM in Courtroom 6C before Judge J. Nicholas Ranjan; Jury Selection and Trial set for 2/7/2022 at 09:30 AM in Courtroom 6C before Judge J. Nicholas Ranjan. All other aspects of the 83 Pretrial Order shall remain in effect. Signed by Judge J. Nicholas Ranjan on 9/3/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 09/03/2021) |
| 12/14/2021 | 95 | NOTICE of Appearance by Tamra Van Hausen on behalf of THOMAS J. KAIRYS. (Van Hausen, Tamra) (Entered: 12/14/2021) |
| 12/21/2021 | 96 | ORDER. The Final Pretrial Conference set for 1/31/2022 at 10:00 a.m. is hereby RESCHEDULED for 1/31/2022 at 2:00 p.m. in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 12/21/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 12/21/2021) |
| 01/11/2022 | 97 | BRIEF in Opposition re 89 Motion in Limine *Regarding Designation of Discovery Excerpts* filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit 1-Notice of Depo) (Elzer, Christine) Modified text to remove duplicate word on 1/12/2022. (keh) (Entered: 01/11/2022) |
| 01/11/2022 | 98 | BRIEF in Opposition re 91 Motion in Limine 2 *to Preclude Exhibits 8, 9, 12* filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Revised Exhibit 9) (Elzer, Christine) (Entered: 01/11/2022) |
| 01/14/2022 | 99 | PROPOSED VERDICT FORM by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 01/14/2022) |

**000057a**

| 01/14/2022 | 100 | PROPOSED VERDICT FORM by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 01/14/2022) |
| 01/19/2022 | 101 | STIPULATION *JOINT* by SOUTHERN PINES TRUCKING, INC.. (Randle, Morgan) (Entered: 01/19/2022) |
| 01/25/2022 | 102 | ORDER regarding voir dire. The Court has reviewed both parties' proposed voir dire questions. After its review, the Court has adopted substantially all of the proposed questions, but has altered the wording of certain questions to narrow the focus to the specifics of the case, and to account for certain objections. In addition to open court voir dire, the jury pool will be required to complete a written questionnaire, which will provide counsel with additional information. Attached to this order is the Court's voir dire script and questions, and the written questionnaire. The Court will further discuss these matters with counsel at the final pre-trial conference, before finalizing the voir dire. Signed by Judge J. Nicholas Ranjan on 1/25/2022. (Attachments: # 1 Supplement) (av) (Entered: 01/25/2022) |
| 01/25/2022 | 103 | ORDER REGARDING TENTATIVE TRIAL TIME LIMITS. The Court has reviewed the relevant pre-trial submissions, including the parties' exhibits and witness lists, and has set the following time parameters for this trial. The Court will allot 8 hours per side for direct and cross-examination, with 30 minutes each for opening and closing statements, for a total of 18 hours of trial time. The clock will not run against any party during sidebars. These are tentative time parameters, and can be further discussed at the final pre-trial conference after further consultation with counsel. Signed by Judge J. Nicholas Ranjan on 1/25/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 01/25/2022) |
| 01/25/2022 | 104 | ORDER ON DEFENDANTS' MOTIONS IN LIMINE 89 91 . Upon review of Defendants' two motions in limine, the Court denies the motions. Plaintiff is authorized to use the deposition designations of Mr. Gallagher at trial. As the CEO of SPT, his unavailability is not necessary for use of the deposition. See FRCP 32(a)(3). The excerpts otherwise do not contain any objectionable material. As to Defendant's motion to exclude exhibits 8, 9, and 12, the Court finds that those documents are relevant, and otherwise not unduly prejudicial compared to their probative value. Ultimately, Defendant's dispute with these exhibits concerns the weight of the evidence, not admissibility. Signed by Judge J. Nicholas Ranjan on 1/25/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 01/25/2022) |
| 01/28/2022 | 105 | ORDER REGARDING JURY INTRUCTIONS. Upon review of the parties' proposed jury instructions and the applicable law, the Court has finalized the jury instructions. See attached. The Court will explain its resolution of the parties' disputes on the record at the final pre-trial conference. Signed by Judge J. Nicholas Ranjan on 1/28/2022. (av) (Entered: 01/28/2022) |
| 01/28/2022 | 106 | ORDER REGARDING VERDICT FORM. Upon review of the parties' proposed verdict forms and the applicable law, the Court has finalized the verdict form. See attached. Signed by Judge J. Nicholas Ranjan on 1/28/2022. (av) (Entered: 01/28/2022) |
| 01/31/2022 | 107 | MOTION *TO EXCLUDE ANTICIPATED HEARSAY STATEMENTS AT TRIAL* by SOUTHERN PINES TRUCKING, INC. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 01/31/2022) |
| 01/31/2022 | 108 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Final Pretrial Conference held on 1/31/2022. (Court Reporter: N. Re) (av) (Entered: 01/31/2022) |
| 01/31/2022 | 109 | |

**000058a**

| | | |
|---|---|---|
| | | ORDER. The parties shall confer and jointly file a proposed limiting instruction regarding the back pay and front pay charts discussed at the pre-trial conference by 2/3/2022 at 12:00 p.m. Signed by Judge J. Nicholas Ranjan on 1/31/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 01/31/2022) |
| 01/31/2022 | 110 | ORDER Response/Briefing Schedule re 107 Motion to Exclude. Defendant shall file any supporting factual documentation in support of its motion by 2/1/2022 at 3:00 p.m. Plaintiff shall file a response brief, responding to the motion and also including any supporting factual documentation, by 2/2/2022 at 3:00 p.m. Signed by Judge J. Nicholas Ranjan on 1/31/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 01/31/2022) |
| 02/01/2022 | 111 | SUPPLEMENT by SOUTHERN PINES TRUCKING, INC. to 107 Motion TO EXCLUDE ANTICIPATED HEARSAY STATEMENTS AT TRIAL. (Attachments: # 1 Exhibit "A", # 2 Exhibit "B", # 3 Exhibit "C") (Sirianni, Teresa) Modified text on 2/7/2022. (keh) (Entered: 02/01/2022) |
| 02/01/2022 | 112 | Proposed Jury Instructions *on Demonstrative Charts* by SOUTHERN PINES TRUCKING, INC. (Randle, Morgan) (Entered: 02/01/2022) |
| 02/01/2022 | 113 | ORDER REGARDING JURY INTRUCTIONS. The Court has revised the jury instructions as discussed on the record at the 1/31/2022 final pre-trial conference. See attached. Signed by Judge J. Nicholas Ranjan on 2/1/2022. (av) (Entered: 02/01/2022) |
| 02/02/2022 | 114 | BRIEF in Opposition re 107 Motion TO EXCLUDE ANTICIPATED HEARSAY STATEMENTS AT TRIAL filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Elzer, Christine) Modified text on 2/3/2022. (keh) (Entered: 02/02/2022) |
| 02/03/2022 | 115 | ORDER, authorizing the use of Rule 1006 Summary Exhibit. Plaintiff has presented the Court with a Rule 1006 summary chart, which summarizes 52 pages of insurance invoices in Exhibit 7. After review of the chart and the underlying invoices, the Court will allow Plaintiff to introduce the summary (Exhibit 7A). The underlying documents within Exhibit 7 are admissible (no party objected to them), and the chart merely copies and pastes the invoice data in a summary fashion that is not pedagogical in any way. Defendant has argued that a person with personal knowledge of the invoices must be the one to prepare the chart, but that is not necessarily so. Testimony concerning the authenticity and accuracy of a summary may be provided by a person who supervised its preparation or carefully reviewed its content. See United States v. Lynch, 735 F. App'x 780, 785 (3d Cir. 2018). Defendant also argues that a Rule 1006 chart is unnecessary because the records here are not so voluminous. True, 52 pages isnt a lot; but the nature of these records (dry insurance invoices) would make it inconvenient and inefficient to proceed through each page one at a time. The Court will therefore allow the chart. But the Court will also confer with counsel to provide a supplemental limiting instruction as to the proper consideration of a Rule 1006 chart. Signed by Judge J. Nicholas Ranjan on 2/3/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 02/03/2022) |
| 02/03/2022 | 116 | MEMORANDUM ORDER denying 107 Motion to Exclude Anticipated Hearsay Statements at Trial. Signed by Judge J. Nicholas Ranjan on 2/3/2022. (lmg) (Entered: 02/03/2022) |
| 02/08/2022 | 117 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Jury Selection and Trial held on 2/7/2022. (Court Reporter: N. Re) (av) (Entered: 02/08/2022) |
| 02/08/2022 | | |

**000059a**

| | | Set/Reset Hearings: Jury Trial set for 2/8/2022 at 8:30 AM in Courtroom 6C before Judge J. Nicholas Ranjan. (av) (Entered: 02/08/2022) |
|---|---|---|
| 02/09/2022 | [118](#) | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Jury Trial held on 2/8/2022. (Court Reporter: N. Re) (av) (Entered: 02/09/2022) |
| 02/09/2022 | [119](#) | FINAL JURY INSTRUCTIONS. (av) (Entered: 02/09/2022) |
| 02/10/2022 | [120](#) | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Jury Trial completed on 2/9/2022. (Court Reporter: N. Re) (Attachments: # [1](#) Exhibit and Witness List) (av) (Entered: 02/10/2022) |
| 02/10/2022 | [121](#) | JURY VERDICT in favor of THOMAS J. KAIRYS, in part, and SOUTHERN PINES TRUCKING, INC., in part. (av) (Entered: 02/10/2022) |
| 02/10/2022 | 122 | ORDER regarding post-trial submissions. All counsel shall confer and file a joint notice by 2/11/21, proposing a procedure and schedule by which the remaining liability, damages, fees, and interest issues shall be addressed by the Court. Signed by Judge J. Nicholas Ranjan on 2/10/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 02/10/2022) |
| 02/11/2022 | [123](#) | NOTICE *re Post-Trial Submissions (Joint)* by THOMAS J. KAIRYS re 122 Order, (Attachments: # [1](#) Proposed Order) (Elzer, Christine) (Entered: 02/11/2022) |
| 02/14/2022 | [124](#) | ORDER regarding post-trial submissions. Each party shall file a brief regarding its respective position on Plaintiff's ERISA claim by 2/25/2022. The parties shall file all other applicable post-trial motions, including motions for attorneys' fees, interest, and any Rule 50 motions, by 3/9/2022. Signed by Judge J. Nicholas Ranjan on 2/14/2022. (av) (Entered: 02/14/2022) |
| 02/25/2022 | [125](#) | BRIEF in Support of 123 Notice *Plaintiff's ERISA Claim* filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 02/25/2022) |
| 02/25/2022 | [126](#) | MOTION Mold the Verdict by THOMAS J. KAIRYS. (Attachments: # [1](#) Proposed Order) (Elzer, Christine) (Entered: 02/25/2022) |
| 02/25/2022 | [127](#) | BRIEF in Support re 126 Motion Mold the Verdict filed by THOMAS J. KAIRYS. (Elzer, Christine) Modified text on 2/28/2022 (keh) (Entered: 02/25/2022) |
| 02/25/2022 | [128](#) | BRIEF in Support of 124 Order, Set Deadlines, *Brief Regarding Plaintiff's ERISA Claim* filed by SOUTHERN PINES TRUCKING, INC. (Attachments: # [1](#) Exhibit "A") (Sirianni, Teresa) (Entered: 02/25/2022) |
| 03/01/2022 | 129 | ORDER Response/Briefing Schedule re 126 Motion to Mold the Verdict, and amending the Court's [124](#) post-trial order. The Court hereby amends and clarifies the current post-verdict briefing schedule. On or before 3/9/2022, Defendant shall file a response to the Plaintiff's motion to mold the verdict. The response shall be no more than five pages. The Court is presently taking the ERISA claim under advisement, and will issue an order on the ERISA count and also on the matters raised in the motion to mold the verdict, and then will enter final judgment as to all claims in this case. After the Court enters final judgment, the parties should then file any motions affecting the judgment (e.g., under FRCP 50, 52, 59, or otherwise) within the time limitations of the applicable rules, and any fee petitions within the appropriate time as set by law. Signed by Judge J. Nicholas Ranjan on 3/1/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 03/01/2022) |
| 03/31/2022 | [130](#) | MEMORANDUM ORDER granting 126 Motion to Mold Verdict. Signed by Judge J. Nicholas Ranjan on 3/31/2022. (av) (Entered: 03/31/2022) |

| | | |
|---|---|---|
| 03/31/2022 | [131](#) | OPINION re ERISA claim. Signed by Judge J. Nicholas Ranjan on 3/31/2022. (av) (Entered: 03/31/2022) |
| 03/31/2022 | [132](#) | JUDGMENT pursuant to Rule 58 entered in favor of SOUTHERN PINES TRUCKING, INC. and against THOMAS J. KAIRYS as to Counts I, II, and VI of the Second Amended Complaint. IT IS FURTHER ORDERED that JUDGMENT is entered in favor of THOMAS J. KAIRYS and against SOUTHERN PINES TRUCKING, INC. as to Counts III, IV, and V of the Second Amended Complaint. &67.500 is awarded as to count III and $8,104.53 as the Counts IV and V. See attached Judgment for further details. Signed by Judge J. Nicholas Ranjan on 3/31/2022. (av) Modified on 4/11/2022 (ept). (Entered: 03/31/2022) |
| 04/12/2022 | [133](#) | MOTION for Attorney Fees by THOMAS J. KAIRYS. (Attachments: # [1](#) Exhibit Elzer Declaration, # [2](#) Exhibit Van Hausen Declaration, # [3](#) Exhibit Cordes Declaration, # [4](#) Exhibit Daller Declaration, # [5](#) Exhibit Horowitz Declaration, # [6](#) Exhibit Lamberton Declaration, # [7](#) Exhibit McElroy Declaration, # [8](#) Exhibit Pre-Verdict Attorneys' Fees, # [9](#) Exhibit Post-Verdict Attorneys' Fees, # [10](#) Exhibit Expenses, # [11](#) Proposed Order) (Elzer, Christine) (Entered: 04/12/2022) |
| 04/12/2022 | [134](#) | BRIEF in Support re [133](#) Motion for Attorney Fees, filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 04/12/2022) |
| 04/13/2022 | 135 | ORDER Response/Briefing Schedule re [133](#) Motion for Attorney Fees. Response to Motion due by 4/27/2022. Signed by Judge J. Nicholas Ranjan on 4/13/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 04/13/2022) |
| 04/26/2022 | [136](#) | NOTICE OF APPEAL as to [132](#) Rule 58 Judgment,, by SOUTHERN PINES TRUCKING, INC.. Filing fee $505, receipt number APAWDC-7071436. Motion for IFP N/A. Certificate of Appealability N/A. Court Reporter(s): N. Re. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will NOT be mailed to the parties. The form is available on the Court's internet site. (Attachments: # [1](#) Exhibit "A", # [2](#) Exhibit "B", # [3](#) Exhibit "C") (Sirianni, Teresa) (Entered: 04/26/2022) |
| 04/26/2022 | [137](#) | MOTION to Stay re [132](#) Rule 58 Judgment, by SOUTHERN PINES TRUCKING, INC. (Attachments: # [1](#) Proposed Order) (Sirianni, Teresa) (Entered: 04/26/2022) |
| 04/27/2022 | [138](#) | USCA Case Number 22-1783 for [136](#) Notice of Appeal, filed by SOUTHERN PINES TRUCKING, INC. USCA Case Manager Stephanie (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (sb3c) (Entered: 04/27/2022) |
| 04/27/2022 | 139 | ORDER Response/Briefing Schedule re [137](#) Motion to Stay. Response to Motion due by 5/4/2022. Brief shall not exceed 10 pages. Signed by Judge J. Nicholas Ranjan on 4/27/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 04/27/2022) |
| 04/27/2022 | [140](#) | RESPONSE IN OPPOSITION to [133](#) Motion for Attorney Fees, filed by SOUTHERN PINES TRUCKING, INC. (Sirianni, Teresa) (Entered: 04/27/2022) |
| 04/27/2022 | [141](#) | BRIEF in Opposition re [137](#) Motion to Stay filed by SOUTHERN PINES TRUCKING, INC. (Sirianni, Teresa) (Entered: 04/27/2022) |
| 04/29/2022 | [142](#) | RESPONSE to Motion re [137](#) MOTION to Stay re [132](#) Rule 58 Judgment filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 04/29/2022) |
| 04/29/2022 | [143](#) | |

**000061a**

|  |  | MOTION for Leave to File Reply Brief by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Proposed Reply Brief, # 2 Proposed Order) (Elzer, Christine) (Entered: 04/29/2022) |
|---|---|---|
| 05/02/2022 | 144 | ORDER granting 143 Motion for Leave to File Reply Brief. The reply brief shall be filed today, 5/2/2022. Signed by Judge J. Nicholas Ranjan on 5/2/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/02/2022) |
| 05/02/2022 | 145 | REPLY BRIEF re 133 Motion for Attorney Fees, filed by THOMAS J. KAIRYS. (Van Hausen, Tamra) (Entered: 05/02/2022) |
| 05/09/2022 | 146 | ORDER granting in part 133 Motion for Attorney Fees. Signed by Judge J. Nicholas Ranjan on 5/9/2022. (lmg) (Entered: 05/09/2022) |
| 05/09/2022 | 147 | ORDER denying 137 Motion to Stay, without prejudice. By 5/16/2022, the parties shall confer and file a proposed stipulated consent stay order, with an agreed-to bond amount. If the parties cannot agree, Defendant may re-file the motion. Signed by Judge J. Nicholas Ranjan on 5/9/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 05/09/2022) |
| 05/10/2022 | 148 | MOTION to Withdraw as Attorney by SOUTHERN PINES TRUCKING, INC. (Attachments: # 1 Proposed Order) (Randle, Morgan) (Entered: 05/10/2022) |
| 05/11/2022 | 149 | ORDER granting 148 Motion to Withdraw as Attorney. Attorney Morgan M. J. Randle terminated. Signed by Judge J. Nicholas Ranjan on 5/11/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/11/2022) |
| 05/16/2022 | 150 | STIPULATION re 147 Order on Motion to Stay, *Stipulated Consent Stay Order* by SOUTHERN PINES TRUCKING, INC. (Sirianni, Teresa) (Entered: 05/16/2022) |
| 05/16/2022 | 151 | MOTION for Reconsideration re 146 Order on Motion for Attorney Fees *related to ADR Costs* by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 05/16/2022) |
| 05/16/2022 | 152 | BRIEF in Support re 151 Motion for Reconsideration *related to ADR Costs* filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 05/16/2022) |
| 05/17/2022 | 153 | ORDER re 150 Stipulation. The Court approves a supersedeas bond in the amount of $180,000, as the parties stipulated. The Court will enter an order staying the case upon posting of this bond. Signed by Judge J. Nicholas Ranjan on 5/17/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/17/2022) |
| 05/17/2022 | 154 | ORDER Response/Briefing Schedule re 151 Motion for Reconsideration. Response to Motion due by 5/24/2022. Brief shall not exceed 5 pages. If Defendant does not oppose the motion, no response need be filed. Signed by Judge J. Nicholas Ranjan on 5/17/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/17/2022) |
| 05/24/2022 | 155 | RESPONSE to Motion re 151 MOTION for Reconsideration re 146 Order on Motion for Attorney Fees *related to ADR Costs* filed by SOUTHERN PINES TRUCKING, INC. (Sirianni, Teresa) (Entered: 05/24/2022) |
| 05/24/2022 | 156 | BRIEF in Support of 155 Response to Motion filed by SOUTHERN PINES TRUCKING, INC. (Sirianni, Teresa) (Entered: 05/24/2022) |

**000062a**

| 05/27/2022 | 157 | ORDER denying 151 Motion for Reconsideration re 146 *Order on Motion for Attorney Fees related to ADR Costs* filed by THOMAS J. KAIRYS. After careful consideration, the Court denies Plaintiff's motion for reconsideration. Plaintiff argues that the Court is not allowed to sua sponte reduce a cost item in assessing a fee petition. The cases on which Plaintiff relies concern a situation where there is a factual dispute over the reasonableness of fees, and not a pure legal question, and so the Court finds those cases inapposite. But even if they applied, the Court has reviewed Plaintiffs motion for reconsideration under a de novo standard, and that motion gave Plaintiff the opportunity to defend that cost reduction. *See Bell v. United Princeton Props.*, 884 F.2d 713, 720 ("Bell's attorneys were able to (and did) submit reply briefs responding to the allegations of excess[.]"). As to the merits of the cost reduction, the Court views the ADR stipulation as an agreement as to how the mediators costs were to be split, and therefore binding on the parties. *See, e.g., Atl. City Assocs., LLC v. Carter & Burgess Consultants, Inc.*, No. 05-3227, 2010 WL 1371938, at *6 (D.N.J. Mar. 31, 2010) (reducing fee petition where mediation fees were covered by a mediation agreement). If a party does not participate in the mediation in good faith, as Plaintiff alleges occurred here, the recourse is to immediately file a motion for sanctions. No such motion was filed around the time of the mediation. Plaintiff is concerned about the negative precedent that this decision may set. But each case is different. The Court confers with the parties at the initial case management conference to discuss issues as to the cost-sharing arrangement of the mediation, and there are some cases in which the parties, with Court approval, agree to different cost-sharing arrangements. Signed by Judge J. Nicholas Ranjan on 5/27/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 05/27/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/31/2022 14:01:57 | | |
| **PACER Login:** | ajcopeland440 | **Client Code:** | 41098-00154-0087 |
| **Description:** | Docket Report | **Search Criteria:** | 2:19-cv-01031-NR |
| **Billable Pages:** | 15 | **Cost:** | 1.50 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| THOMAS KAIRYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:19-cv-1031-NR |
| v. | ) | |
| | ) | |
| SOUTHERN PINES TRUCKING, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION[1]

**J. Nicholas Ranjan, United States District Judge**

On February 7, 2022, the parties in this employment-discrimination case proceeded to a jury trial on several claims, including one for retaliation of the exercise of employee benefits under ERISA. The jury returned a verdict in favor of Defendant Southern Pines Trucking on that claim. But, as the parties agreed before trial, the jury's ERISA verdict was advisory because there is no right to a jury trial for ERISA claims. Thus, the Court is not bound by the advisory verdict. *Hayes v. Cmty. Gen. Osteopathic Hosp.*, 940 F.2d 54, 57 (3d Cir. 1991) ("A trial court has full discretion to accept or reject the findings of an advisory jury.") (citation omitted).

After carefully considering the evidence admitted at trial, the Court respectfully reaches a different conclusion than the jury. The Court finds that Plaintiff Thomas Kairys has proven by a preponderance of the evidence that Southern Pines retaliated against him for exercising his rights to ERISA-protected benefits, and that it interfered with his right to future benefits. As such and for the reasons

---

[1] This Opinion serves as the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). *See* Fed. R. Civ P. 52(a) ("In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.").

discussed below, the Court awards equitable relief to Mr. Kairys on this claim equal to $67,500 in front pay, plus reasonable attorneys' fees and costs.

## FINDINGS OF FACT[2]

Initially, the Court notes – and the parties agree – that the Court is not bound in any way by the jury's advisory verdict as to the ERISA claim. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 249 (3d Cir. 2013) ("District courts are…free to reject [advisory] verdicts, as long as doing so is not independently erroneous."). Further, while Southern Pines asks this Court to give "due regard" to the advisory verdict, it is difficult to do so because the jury made no specific findings of fact. Instead, "the ultimate responsibility for finding the facts remains with the Court[.]" *Wilson v. Prasse*, 463 F.2d 109, 116 (3d Cir. 1972).

After independently considering the documentary and testimonial evidence admitted at trial, including weighing the credibility of the testimony of the witnesses, the Court finds as follows.

1.    Mr. Kairys served as Southern Pines Trucking's Vice President of Sales from March 14, 2016 until April 23, 2018. Ex. 1; T. Kairys Testimony; 67:15-17. Southern Pines's owner and CEO, Patrick "Pat" Gallagher, personally recruited him for the job.[3] P. Gallagher Testimony, 8:16-25. Mr. Kairys's primary duty was to grow Southern Pines's cryogenic trucking portfolio. *Id.* at 9:3-9; 10:9-11. The vision for his job was long-term, rather than temporary. *See* T. Kairys Testimony, 9:7-24.

---

[2] The Findings of Fact identify certain critical facts, but are not exhaustive. The Court finds and considers other relevant facts, which are described in the "Conclusions of Law & Analysis" section below as they relate to the application of certain legal principles.

[3] Because there are two Gallaghers that testified at trial, the Court does not refer to them by use of any honorific or title. Instead, the Court refers to Patrick Gallagher as "Pat Gallagher" and Robert Gallagher as "Bob Gallagher."

2.    When Mr. Kairys started at Southern Pines, his annual base salary was $125,000.  Ex. 1.  In January 2017, Southern Pines raised his base pay to $140,000.  Ex. 5; Ex. 29.  Mr. Kairys was also eligible for monthly bonuses of up to $3,000 depending on the level of truck utilization he secured.  Ex. 1.  Full utilization earned the maximum bonus.  *Id.*  Mr. Kairys earned several bonuses throughout his tenure at Southern Pines.  *See* Ex. 10; Ex. 15.

3.    In accepting the job with Southern Pines, Mr. Kairys considered health insurance to be an important benefit.  T. Kariys Testimony, 10:18-11-9.  Accordingly, his offer letter from Southern Pines specially provided that his coverage would begin on April 1, 2016 – about 1.5 months earlier than the standard policy for new employees.  Ex. 1.

4.    In October 2016, Mr. Kairys was diagnosed with degenerative arthritis in both hips and learned that he would need to have hip-replacement surgery.  T. Kairys Testimony, 40:19-41:7.  On November 6, 2017, he notified his supervisor – Chad Vittone – about his upcoming procedure.  Ex. 6, SPT 001975.  Mr. Vittone responded that it was "no problem."  *Id.*

5.    Mr. Kairys underwent hip-replacement surgery on November 30, 2017, and he missed some work as a result.  T. Kairys Testimony, 50:24-51:17.

6.    Mr. Kairys's medical expenses, including his surgery, were covered under Southern Pines's employee health insurance plan.  *Id.* at 98:13-16.

7.    Southern Pines's insurance policy was self-insured, meaning that it paid out of pocket for a portion of each claim made on the policy.  P. Gallagher Testimony, 22:24-23:23.  The company periodically received invoices itemizing the cost of medical and pharmaceutical claims for its employees; the invoices showed weekly charges for claims processed by date.  Ex. 7.

8.    Pat Gallagher did not review the weekly invoices himself.  P. Gallagher Testimony, 25:1-12.  But he did review the company's medical costs on an annual

- 3 -

**000066a**

basis. *Id.* at 54:23-55:1. The Court draws from this a reasonable inference that Pat Gallagher was generally aware of the expenses incurred by the company under its health plan.

9.    After Mr. Kairys's November 30, 2017, hip surgery, Southern Pines did incur a spike in medical costs. *See* Ex. 7, SPT002611. The invoices in Southern Pines's records reflected that Mr. Kairys's costs were highlighted on the spreadsheets, though the spreadsheets had code numbers rather than names. *Id.* This suggests to the Court that the costs caught the attention of someone in the company.

10.    Pat Gallagher found out about the hip surgery and became upset. Mr. Kairys testified that Pat Gallagher was upset about the costs of the surgery, and that his brother – Southern Pines Vice President Bob Gallagher – told him to "lay low." T. Kairys Testimony, 48:4-17; 55:20-56:5. The Court finds this testimony to be credible.

11.    In or around Summer 2017, Mr. Kairys informed Southern Pines representatives, including Pat Gallagher, that he would eventually need to have both hips replaced. *Id.* at 55:12-19.

12.    Southern Pines terminated Mr. Kairys on April 23, 2018. T. Kairys Testimony, 67:15-17. Pat Gallagher made this decision unilaterally. P. Gallagher Testimony, 30:1-3. This occurred right around the end of the benefits calendar year – which was May 1. P. Vargo Testimony, Trial Transcript III:180. Mr. Kairys did not receive any advance notice, and his employment ended immediately. *See* T. Kairys Testimony, 69:20-70:15. Additionally, during his termination meeting, Southern Pines representatives asked Mr. Kairys to sign a severance agreement that included a release. *Id.* at 72:8-24.

13.    Pat Gallagher knew that Mr. Kairys's termination might result in legal trouble; he anticipated that Mr. Kairys would hire an attorney. *See* Ex. 16. Still, he said "we will not give ground on this." *Id.*

- 4 -

**000067a**

14.     Kyle Kunkle began working at Southern Pines on June 11, 2018, as part of a hybrid rotation with PGT Trucking.  Ex. 17.  Some of his duties overlapped with Mr. Kairys's role.  Ex. 18; T. Kairys Testimony, 22:7-11.

15.     After being fired, Mr. Kairys diligently sought other employment.  T. Kairys Testimony, 75:8-76:5.  But he did not obtain new employment until January 21, 2019.  Ex. 22.  In the meantime, he went on his wife's insurance plan.  Ex. 20; T. Kairys Testimony, 74:16-18.

16.     Mr. Kairys submitted evidence that while his annual base salary at Southern Pines was $140,000, his annual base salary for his current position is $132,500.  Ex. 28, p. 2.  Additionally, Southern Pines allotted a $1,000 monthly car allowance for Mr. Kairys.  *See* Ex. 15.  But his current employer only provides a $500 allowance each month.  Ex. 28, p. 2.  Mr. Kairys also earns smaller bonuses in his new position, though the bonus differential was not quantified with precision.  T. Kairys Testimony, 79:1-4.

17.     Prior to joining Southern Pines, Mr. Kairys held approximately five jobs, spending approximately one to seven years at each one.  *Id.* at 107:6-108:15.

## CONCLUSIONS OF LAW & ANALYSIS

Section 510 of ERISA provides, in relevant part: "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan … or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan[.]"  29 U.S.C. § 1140.

This provision "prohibits employers from discharging or harassing their employees in order to keep them from obtaining employee benefits." *DiFederico v. Rolm Co.*, 201 F.3d 200, 204 (3d Cir. 2000) (cleaned up).  It also "supports a claim

- 5 -

where an employee alleges that he or she was terminated in retaliation for the past exercise of protected rights" under an employee benefit plan. *Najmola v. Women's Healthcare Grp. of Pa.*, No. 13-6519, 2014 WL 3700260, at *4 (E.D. Pa. July 24, 2014) (cleaned up); *see also Kowalski v. L & F Prod.*, 82 F.3d 1283, 1287 (3d Cir. 1996) ("There is simply no limiting language in § 510 that suggests that only future benefits are protected."). Though ERISA was only one count of his complaint, Mr. Kairys essentially makes both types of claims; he alleges that Southern Pines Trucking "fired him because of the cost of a hip replacement surgery, and to avoid having to pay for a second hip replacement surgery." ECF 125, p. 1.

The parties agreed that to prove ERISA retaliation, Mr. Kairys must show – by a preponderance of the evidence – that there was a causal connection between his termination and his use of the employee benefit plan. ECF 119, p. 18 (final jury instructions); *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567-68 (3d Cir. 2002) (citation omitted). "A causal connection may be shown in many ways …. [including] through timing, …antagonism shown toward Mr. Kairys or a change in demeanor toward Mr. Kairys." ECF 119, p. 18 (final jury instructions); *cf. Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Mr. Kairys's ERISA-protected benefits need not have been the sole reason for his termination. *Dewitt v. Penn-Del Directory Corp.*, 106 F.3d 514, 522 (3d Cir. 1997). But they must have been a determinative factor. *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 347 (3d Cir. 1997). "'Determinative factor' means that if not for Mr. Kairys's engagement in the protected activity, the termination would not have occurred." ECF 119, p. 18 (final jury instructions).

On the other hand, to prove interference, Mr. Kairys must show that "(1) the employer committed prohibited conduct (2) that was taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." *Jakimas v. Hoffman-LaRoche, Inc.*, 485 F.3d 770, 785 (3d Cir. 2007)

- 6 -

**000069a**

(cleaned up). Thus, Mr. Kairys must demonstrate that Southern Pines had the specific intent to violate ERISA. *Id.* That is, he must show that Southern Pines "made a conscious decision to interfere with [his]…benefits …. Proof that the termination prevented [him] from accruing additional benefits through more years of service alone is not probative of intent." *Id.* (cleaned up). Again, Mr. Kairys's anticipated use of benefits must have been a determinative factor in his termination. *Turner*, 901 F.3d at 347. But he "need not prove that the intent to interfere was the sole reason for [his termination]." *DiFederico*, 201 F.3d at 206.[4]

In either case, "smoking gun" evidence is often rare. *See Gavalik v. Cont'l Can Co.*, 812 F.2d 834, 852 (3d Cir. 1987). Accordingly, plaintiffs may prove their ERISA discrimination claims through circumstantial evidence. *Id.* In such cases, a finder of fact may employ the *McDonnell Douglas* burden-shifting framework. *Id.* at pp. 852-853. That is, "employees alleging discrimination under ERISA bear the burden of making out a *prima facie* case of discrimination." *Id.* at p. 852. Then, the employer must "rebut the presumption of discrimination" by introducing evidence of "a legitimate, nondiscriminatory reason for its challenged actions." *Id.* at 853. Finally, the plaintiff has "the opportunity to demonstrate that the employer's articulated reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* (cleaned up).

In denying summary judgment, this Court already decided that Mr. Kairys presented a *prima facie* case, and that Southern Pines properly articulated a non-discriminatory reason for terminating him. ECF 79, pp. 14-16. The Court finds that the parties met those requirements again at trial. Now, having independently

---

[4] The parties do not dispute that Southern Pines provided employee benefits to its employees, including Mr. Kairys, pursuant to a plan governed by ERISA. *See* ECF 53, pp. 24-25. The main crux of the dispute is whether the termination decision can be causally linked to Mr. Kairys's exercise of rights under the plan.

weighed all the evidence admitted, the Court finds that Mr. Kairys has met his burden to show that Southern Pines's proffered reason was pretextual, and that Mr. Kairys's use – and anticipated future use – of ERISA-protected benefits played a determinative role in his termination. Because the evidence for the two claims overlaps, the Court will address them simultaneously.

## I. Southern Pines's explanation for the termination was pretextual.

Southern Pines claimed that Mr. Kairys's position as Vice President of Sales was simply eliminated. Ex. 19, p. 1. At trial, it argued that Mr. Kairys's job was intended to be temporary and became unnecessary once the cryogenic fleet was at full utilization. *See* ECF 119, p. 19. After reviewing the evidence, the Court finds that this explanation was pretextual for at least six reasons.

First, Southern Pines did not present any evidence that it had told Mr. Kairys he was only a temporary addition and tasked with the completion of a specific objective. His offer letter does not list a designated term. *See* Ex. 1. Mr. Kairys testified that he intended to stay at Southern Pines long-term. T. Kairys Testimony, 9:7-24. Given that Pat Gallagher personally recruited Mr. Kairys to join Southern Pines, it is unlikely that the two would have had such a divergent understanding as to the scope of the job. Additionally, there is no evidence that such a task-based arrangement was standard practice in the industry.

Second, Southern Pines's bonus plan recognized that full utilization was a goal that could fluctuate frequently. Mr. Kairys's offer letter specifically incentivized full utilization with a $3,000 maximum bonus, and it did not warn him that such an achievement may subject him to termination. Ex. 1. Moreover, the letter explained that bonuses are calculated monthly, implicitly recognizing that full utilization was not a permanent state. *Id.* Pat Gallagher himself testified that "you might be running at 100 percent this month. Two drivers quit as drivers, and now you're running at 80 percent." P. Gallagher Testimony, 31:12-24. Therefore, it is not

plausible that reaching full utilization any given month would lead Pat Gallagher to decide – that same month – that there would be no more work for Mr. Kairys to do.

Third, Pat Gallagher explained that cryogenic truck drivers such as those who drive for Southern Pines must earn a hazmat endorsement – a more stringent requirement than a traditional commercial driving license. *Id.* at 2:16-25. Pat Gallagher testified that a shortage of hazmat-certified drivers factored into his decision to fire Mr. Kairys. *E.g.*, *id.* at 28:8-19 ("It was becoming more and more difficult to get drivers."); 35:8-14 ("Once again, you can buy equipment. But if you don't have the drivers, it doesn't matter."). His trial testimony was the first time Southern Pines raised this rationale, and Pat Gallagher never mentioned it in his deposition testimony – as Mr. Kairys's counsel pointed out at trial. *See* Ex. 32. On top of that, at trial, Pat Gallagher's testimony on the driver shortage was evasive, and the Court finds it lacking in credibility. *E.g.*, *id.* at 46:3-25 (answering "no" when asked whether "the shortage of drivers [was] one of the factors" considered, and responding "that's an assumption, counselor" when asked whether the driver shortage impacted his decision).

Fourth, Pat Gallagher claimed that he became upset not because Mr. Kairys had surgery, but because, as CEO, he did not know where his employee was. P. Gallagher Testimony, 18:1-10; 19:10-13. The Court does not find this claim to be credible. For starters, Mr. Kairys did not report directly to Pat Gallagher; his immediate supervisor was Chad Vittone. *Id.* at 18:11-19.[5] Pat Gallagher also was not involved in the day-to-day management and operations of Southern Pines. *See id.* at 42:24-43:3. It is therefore unlikely that he would have always expected to know Mr. Kairys's whereabouts. Moreover, Mr. Kairys testified that Bob Gallagher –

---

[5] Pat Gallagher initially testified that Mr. Kairys was a "direct report" to him. *Id.* at 18:5-10. But immediately afterward, in response to direct questioning, he stated the opposite. *Id.* at 18:11-19. This, too, undermines his credibility.

Southern Pines executive and brother of Pat Gallagher – told him that the surgery costs made – or would make – Pat Gallagher mad, and that Mr. Kairys should "lay low." T. Kairys Testimony, 46:22-48:17. Pat and Bob Gallagher claim that these conversations did not occur. *E.g.*, P. Gallagher Testimony, 22:10-17 (Q: "Did you ever tell Bob Gallagher that you were upset about having to pay for [Mr. Kairys's] hip surgery?" A: "No."). After observing each witness's demeanor and comparing their statements with other evidence submitted, the Court finds that Mr. Kairys is more credible on this point.

Fifth, the procedure of this termination was unusual. Pat Gallagher testified that he did not consult anyone prior to making the decision to fire Mr. Kairys. P. Gallagher Testimony, 30:1-9; 59:9-17. In its interrogatory responses, Southern Pines stated that no documents were consulted before deciding to terminate Mr. Kairys, either. Ex. 19, p. 2. As CEO, Pat Gallagher had the authority to terminate employees. P. Gallagher Testimony, 43:16-44:2. But the only other examples he cited where he made a unilateral termination decision were where employees engaged in misconduct or suffered from poor performance. *Id.* at 43:16-23 ("We caught a salesman at PGT who was stealing, falsifying his expense account. We terminated him. Terminated CFOs that weren't being accountable for the department and for their accounting … Today I don't terminate as many people because I don't have that many direct reports.").

Here, there is no claim that Mr. Kairys committed any misconduct or even that he performed inadequately. Quite the opposite. *Id.* at 12:25-13:4 (explaining that Mr. Kairys received a raise because he "was doing what we hired him to do. He was maximizing the amount of equipment we had at Southern Pines"). Indeed, Mr. Kairys earned an $11,458 bonus less than one week before he was fired. Ex. 10. Pat Gallagher stated that terminating an employee is never easy and keeps him up at night. P. Gallagher Testimony, 6:9-15; 43:9-11. Yet, he gave Mr. Kairys no advance

- 10 -

**000073a**

notice and no flexibility to locate another job before his termination became effective – which would have been an obvious accommodation for laying off a highly performing executive for alleged cost-savings reasons. Furthermore, at the termination meeting, Southern Pines representatives asked Mr. Kairys to sign a release. T. Kairys Testimony, 72:8-24.

Sixth, Southern Pines's subsequent staffing decisions undermine its assertion that Mr. Kairys was no longer needed. Less than two months after firing Mr. Kairys, Southern Pines borrowed a new employee, Kyle Kunkle, from a sister company, PGT Trucking. Ex. 17. Mr. Kunkle joined Southern Pines on a "hybrid rotation" basis. *Id.* Mr. Kunkle was meant to learn the operations of the business so that he could become a better salesman. P. Gallagher Testimony, 38:13-20. Pat Gallagher explained that "to be a salesman… you have to go through operations. Because if you don't understand how it works, you can't sell." *Id.* at 37:25-38:5. Under this logic, Mr. Kairys would have already been well-versed in Southern Pines's operations during his tenure. Indeed, Mr. Kairys testified that his work frequently involved operations. T. Kairys Testimony, 21:6-22:11 (examining ex. 18).[6] Yet, Pat Gallagher refused to apply his own logic in this case; he stated that he did not keep Mr. Kairys on to do this operations work because "Mr. Kairy [sic] was sales, for the most part." P. Gallagher Testimony, 38:21-24. And on cross examination, he was evasive about the sales-operations connection he himself had explained. *Id.* at 57:3-11 ("I think [Mr. Kairys] probably knew operations, but that wasn't the role he was in. He was in sales.").

Though his title differed, Mr. Kunkle ultimately performed some of the same tasks Mr. Kairys had done, including some operations work, as well as "sales maintenance" such as attending sporting events with clients. *Id.* at 55:2-56:10. In

---

[6] Given the small size of Southern Pines's office, the Court finds it credible that the duties of the three employees would occasionally overlap.

some respects, moreover, Mr. Kunkle was there so that the company "would at least have a warm body over there to answer the phone." *Id.* at 57:19-24. Thus, Southern Pines clearly needed a third employee to function. Pat Gallagher indicated that he preferred to save money because 'we didn't need the $150,000 salesperson at that time.' *Id.* at 51:3-8. Notably, however, Pat Gallagher avoided answering a juror question – posed by the Court – asking why he did not consider offering Mr. Kairys a different position at Southern Pines or a pay cut to keep his position. *See id.* at 72:8-16.

Based on these ample inconsistencies, the Court finds it reasonable to infer that Southern Pines's stated reason for firing Mr. Kairys was not its true reason and was instead a pretext for unlawful discrimination.

## II. The preponderance of the evidence demonstrates that the exercise of Mr. Kairys's ERISA-protected benefits was the real determinative reason behind his termination.

When coupled with the pretextual nature of Southern Pines's proffered reason, as discussed above, the following evidence leads the Court to find that the pretext provided was intended to disguise discrimination because of Mr. Kairys's use – and anticipated future use – of his ERISA-protected health benefits.

To start, Pat Gallagher explained that twenty years ago, Southern Pines chose a self-insured health plan specifically to "keep our cost down." P. Gallagher Testimony, 23:18-23. He admitted that "20 years ago I did [question health costs], yeah. Because I didn't know how I was paying for it…you're trying to negotiate to keep your medical costs down." *Id.* at 23:24-24:7. Twenty years later, although Pat Gallagher's companies are now much larger, their health plan remains self-insured. *Id.* at 22:24-23:2; 23:22-23. Therefore, even if the company has more funds, the incentive to "keep costs down" remains strong.

- 12 -

**000075a**

To that end, Pat Gallagher demonstrated awareness that the age and health status of employees would affect the company's health insurance rates. Under Southern Pines's plan, "you accumulate how many claims you have …. And based on the age of your employees, they give you a number." *Id.* at 23:24-24:7. He understood that age factors in because "when you're 56 years old," the average age of his employees, "you're going to have some medical issues." *Id.* at 27:17-20. But again, on cross, Pat Gallagher was evasive on these topics. *E.g.*, *id.* at 53:14-54:12 (Q: "But at an earlier time you had testified that the insurance rates were based on the employee's age and number of claims; correct?" A: "I don't recall that." Q: "Is it true?" A: "I don't know." … "No. I didn't say I didn't know."); *id.* at 62:20-63:9 (Q: "Who is more likely to need a more expensive medical procedure, a person in their 50s or a person in their 20s?" A: "I'm not an expert in the field.").

At trial, Southern Pines argued that a general awareness of costs could not lead to individualized discrimination because Pat Gallagher would not have been able to discern which costs came from Mr. Kairys. *E.g.*, *id.* at 22:21-23. After all, his various companies have hundreds of employees in total. *Id.* at 4:6-13; 71:14-17. Additionally, Pat Gallagher claimed that he never discussed the cost of Mr. Kairys's surgery with Bob Gallagher or did any investigation to find out the cost. *Id.* at 20:13-20. The Court does not find this testimony to be credible.

As shown at trial, Southern Pines kept health insurance invoices with a single line highlighted on each page – "SP01." Ex. 7. The invoices show weekly expenses for Pat Gallagher's employees enrolled in the UPMC health plan. *Id.* It would not have been difficult to discover that "SP01" was the line item for Mr. Kairys. Only 20 employees utilized this plan. *Id.* And though the employees were "anonymized" with codes instead of names, the codes began with "P," "S," or "SP." Common sense leads the Court to infer that the codes correspond with Pat Gallagher's three companies: "PGT," "Sudbury," and "Southern Pines," respectively. *Id.* There were only three

- 13 -

**000076a**

total employees at Southern Pines. *See* P. Gallagher Testimony, 16:1-3. Plus, Southern Pines officials were aware that Mr. Kairys had surgery, which would appear on an invoice as a larger medical expense than usual. Indeed, claims paid the week of December 10-16, 2017 – shortly after Mr. Kairys's surgery – amounted to $23,277.07. Ex. 7, p. 13, SPT002611. Of these, $13,394.94 corresponded to "SP01." Therefore, it would not have been difficult to identify "SP01" as Mr. Kairys and parse his expenses. Someone at Southern Pines highlighting the "SP01" charges on each invoice suggests that Southern Pines did exactly that.

Finally, Paul Vargo – who oversaw risk management for both Southern Pines and PGT Trucking – testified that the "[health] plan year runs from May 1st to May 1st." P. Vargo Testimony, Trial Transcript III:180. Mr. Kairys was terminated on April 23, 2018. T. Kairys Testimony, 67:15-17. Even if Pat Gallagher did not review health insurance invoices week-to-week, he did examine healthcare costs on an annual basis. P. Gallagher Testimony, 24:11-13 ("[Mr. Vargo and I] look at the numbers, and then I sign off on it."); *id.* at 54:23-55:1 (Q: "[D]o you become aware on an annual basis of the amount of employee health care expenses?" A: "Yes. As CEO, that's my responsibility. It's a cost."). From this timeline, the Court draws the reasonable inference that Pat Gallagher and Mr. Vargo would have reviewed medical costs near the end of the benefit year as an annual summation. Around that same time, Southern Pines chose to fire Mr. Kairys. Though this occurred nearly five months after the surgery itself, the termination's close proximity to the annual cost review period is evidence of a causal connection. Pat Gallagher's anger – a change in demeanor toward Mr. Kairys – strengthens this inference, especially because of his demonstrated priority of saving on costs.

Similarly, terminating Mr. Kairys shortly before a new benefit year started also suggests a specific intent to prevent him from costing the company money again. Mr. Kairys had long known that both hips needed replacement. *See* T. Kairys

Testimony, 46:11-15.  Pat Gallagher also knew that Mr. Kairys would need a second surgery because Mr. Kairys testified that he had informed him of that fact at a meeting.  *Id.* at 55:12-19.  Tellingly, Pat Gallagher was evasive on the subject.  *Compare* P. Gallagher Testimony, 21:13-15 (Q: "Were you ever aware that Mr. Kairys might have to have a second hip surgery?"  A: "No.") *with id.* at 21:16-24 (immediately backtracking: "I'm just vaguely remembering if Bob Gallagher mentioned it walking past in the hall.").  He also knew that investigating an employee's health care costs is illegal.  *Id.* at 22:21-23.  Pat Gallagher even expected to hear from a lawyer after firing Mr. Kairys.  *See* Ex. 16.  Southern Pines's attempt to secure a release from Mr. Kairys upon his termination also indicates consciousness of liability for wrongdoing.  Especially when coupled with the evidence of pretext discussed above, this evidence permits the Court to infer and specifically find a specific intent to interfere with Mr. Kairys's benefits.  *DiFederico*, 201 F. 3d at 207 ("If the plaintiff proves that [his] employer's proffered reason was pretext, the court may infer that the employer was in fact motivated by the specific intent to interfere with the attainment of benefits.").

Taken together, the preponderance of the evidence ultimately shows retaliation for use of benefits, and/or specific intent to prevent future use of benefits.

## III.  The Court awards Mr. Kairys equitable front pay and reasonable attorneys' fees and costs.

Under Section 502(a)(3) of ERISA – the enforcement mechanism for Section 510 violations – successful plaintiffs may "enjoin any act or practice which violates…the terms of the plan, or [] to obtain other appropriate equitable relief to (i) redress such violations or (ii) to enforce any provisions of…the terms of the plan."  29 U.S.C. § 1132(a)(3).  The Supreme Court has explained that "equitable relief must mean *something* less than *all* relief."  *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 258 n.8 (1993) (emphasis in original).  Instead, it refers to "those categories of relief that were *typically* available in equity[] in the days of the divided bench."  *Eichorn v. AT&T*

- 15 -

*Corp.*, 484 F.3d 644, 654 (3d Cir. 2007) (citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002)). Therefore, compensatory damages are not available. *Mertens*, 508 U.S. at 255. The Third Circuit excludes back pay as well. *Eichorn*, 484 F.3d at 656 ("The remedy they seek is thus akin to 'back pay,' which is not an equitable remedy within the meaning of the statute." (citing *Great-West*, 534 U.S. at 218 n.4)). But monetary relief is still available in "limited circumstances." *Id.* at 655 n.6 ("This is not to say that an ERISA plaintiff's demand for money necessarily requires the conclusion that the relief sought is not 'equitable' within the meaning of the statute."). Indeed, "whether the remedy a plaintiff seeks is legal or equitable depends on (1) the basis for the plaintiff's claim and (2) the nature of the underlying remedies sought." *Montanile v. Bd. Of Trs. of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 142 (2016) (cleaned up). This is "largely dependent on the facts of a particular case and cannot be assessed in [a] sweeping [] fashion." *Sessions v. Owens-Illinois, Inc.* No. 07-1669, 2008 WL 4821755, at *6 n.10 (M.D. Pa. Nov. 4, 2008).

Reinstatement is the typical remedy for an ERISA Section 510 violation. *Eichorn*, 484 F.3d at 658. It is "indisputably an equitable remedy." *Schwartz v. Gregori*, 45 F.3d 1017, 1023 (6th Cir. 1995). But it is not always feasible or appropriate. *Id.* For example, there may be a high likelihood of continuing hostility between the parties, or the position may no longer be available. *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 86 (3d Cir. 2009). It may also be unduly difficult for the Court to police an ongoing relationship between the parties. *Goss v. Exxon Off. Sys. Co.*, 747 F.2d 885, 890 (3d Cir. 1984). "Guided by the particular circumstances of a case, the district court has broad discretion in determining whether reinstatement is appropriate[.]" *Feldman v. Phila. Hous. Auth.*, 43 F.3d 823, 832 (3d Cir. 1994) (citation omitted).

In this case, the Court finds that reinstatement is not a viable option. The

- 16 -

course of this litigation has shown – and engendered – strong animosity between the parties.[7]  This animosity would be difficult to avoid or overcome, given Southern Pines's small staff.  The contentiousness and frequency of disputes also persuade the Court that policing an ongoing relationship would require frequent, burdensome intervention.  Finally, there is currently no open position at Southern Pines.  P. Gallagher Testimony, 33:20-23.  Because the preferred remedy of reinstatement is not available, the Court will instead award front pay.

When reinstatement is not workable, ERISA Section 510's purpose would be thwarted if front pay were not available as an alternate remedy.  *Cf. Maxfield v. Sinclair Int'l*, 766 F.2d 788, 796 (3d Cir. 1985) (citation omitted).  "The principal object of ERISA is to protect plan participants and beneficiaries."  *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 324 (2016) (cleaned up).  And, as the Third Circuit has explained, "Congress enacted § 510 primarily to prevent employers from discharging or harassing their employees in order to keep them from obtaining ERISA-protected benefits."  *Kowalski*, 82 F.3d at 1287 (citation omitted).  This applies to past benefit recipients as well; otherwise, "employers would be free to pay ERISA benefits to an employee and then discharge the employee for having exercised his or her right to the benefits."  *Kowalski*, 82 F.3d at 1288.  Foreclosing front pay as a substitute for reinstatement would mean that "the most egregious offenders could be subject to the least sanctions."  *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 853 (2001).  That is, employers who create a hostile environment or cause psychological injuries to the plaintiff would be able to avoid liability and continue their unlawful behavior.  *See id.*  This result squarely conflicts with the purposes of Section 510.

---

[7] For example, Mr. Kairys and his wife both testified that Southern Pines caused him mental anguish to the point of depression.  *See* T. Kairys Testimony, 83:7-84:5; 87:22-88:8.  For its part, Southern Pines immediately declared that it "[would] not give ground on this" and refused to pay Mr. Kairys severance pay for nearly four years, as discussed above.  Ex. 16.

In other statutory contexts, the Third Circuit has held that front pay is an acceptable substitute when reinstatement is not appropriate. *E.g.*, *Feldman*, 43 F.3d at 831 (Section 1983); *Donlin*, 581 F.3d at 86 (Title VII); *Maxfield* 766 F.2d at 797 (ADEA). And though it has not addressed front pay in ERISA cases, other courts have permitted such an award. *E.g.*, *Schwartz*, 45 F.3d at 1023. In light of this close association with reinstatement, and considering Section 510's similarity to other antidiscrimination statutes, the Court finds that awarding front pay is appropriate here.

Front pay is a forward-looking remedy. At bottom, its purpose is to allow a victim of discrimination to "reestablish [his] rightful place in the job market."[8] *Goss* 747 F.2d at 889. The Court must exercise its discretion in selecting a cut-off date that represents "a reasonable future period" to achieve this goal. *Donlin*, 581 F.3d at 87 (citing *Goss*, 747 F.2d at 889). When calculating an appropriate front-pay award, courts consider a variety of factors. These include "an employee's duty to mitigate, the availability of employment opportunities, the period within which one by reasonable efforts may be re-employed, the employee's work and life expectancy…the plaintiff's age, length of employment, likelihood that [he] would have remained in [his] position," among other pertinent factors. *Hosler v. Jay Fulkroad & Sons*, No. 13-1153, 2015 WL 3865877, at *13 (M.D. Pa. June 23, 2015) (cleaned up).

Here, Mr. Kairys's mitigation efforts are not in dispute. He testified that over the nine months he was unemployed, he participated in networking and job boards, reached out to industry contacts, and applied to hundreds of jobs. T. Kairys Testimony, 75:8-76:5. Based on the specialized nature of the cryogenic trucking industry, the Court can reasonably conclude that comparable employment

---

[8] This differentiates it from back pay, which aims to compensate plaintiffs for *past* losses rather than *future* losses. *See Eichorn*, 484 F.3d at 657. Here, the Court is not requiring Southern Pines to pay the lost wages Mr. Kairys would have been due under his contract. *Compare Great-West*, 534 U.S. at 714.

- 18 -

opportunities would be few and far between. Mr. Kairys's age – 55 – may limit his hiring prospects further. *See* T. Kairys Testimony, 2:7-8. Mr. Kairys had been at Southern Pines for over two years, and he expressed a desire to remain there. *Id.* at 8:24-9:24. Each of these factors weighs toward a longer front pay period.

Ultimately, the Court finds it most appropriate to determine a front pay period by analogizing it as closely as possible to reinstatement – the preferred remedy this award seeks to approximate. That is, the Court will estimate how long Mr. Kairys would remain in his position if the limitations discussed above did not exist, and he were reinstated at Southern Pines immediately. Mr. Kairys testified that he hoped to stay at Southern Pines until retirement. T. Kairys Testimony, 114:19-23. But front pay is not meant to "guarantee every claimant…an annuity to age 70." *Anastasio v. Schering Corp.*, 838 F.2d 701, 709 (3d Cir. 1988). Therefore, the Court cannot rely on Mr. Kairys's stated hopes alone.

Mr. Kairys has been in sales for over twenty years. T. Kairys Testimony, 106:23-107:1. Before joining Southern Pines, Mr. Kairys held approximately five jobs, spending approximately one to seven years at each one. *Id.* at 107:6-108:15. Based on this track record and the nature of the industry, balanced against Mr. Kairys's advancing years and expressed desire for stability, the Court finds that five years of front pay is an appropriate period.

As to amount, there are multiple ways the Court could calculate a reasonable rate for front pay. First, focusing squarely on the defendant's gain, the Court could award Mr. Kairys the amount that Southern Pines would have had to pay for his second hip surgery – money that the company saved by ensuring he could not exercise his health benefits a second time. The Court could then add the difference between Mr. Kairys's annual salary and Kyle Kunkle's annual compensation for his work at Southern Pines – money the company saved by utilizing a younger worker who was

000082a

less likely to incur health expenses.[9] Alternatively, the Court could award Mr. Kairys the difference between his compensation at Southern Pines and what he is earning now at his new position. Based on the record introduced at trial, the latter option is more appropriate; it is designed to help Mr. Kairys re-establish himself in a cryogenic trucking sales position, eliminate the need for additional accounting and expert testimony, and avoid overcharging Southern Pines.

Mr. Kairys submitted evidence that while his base salary at Southern Pines was $140,000 per year, his base salary for his current position is $132,500 per year. Ex. 28, p. 2. So, despite his additional years of experience, he still earns $7,500 less per year.[10] Additionally, Southern Pines allotted a $1,000 monthly car allowance for Mr. Kairys. *See* ex. 15. But his current employer only provides a $500 allowance each month. Ex. 28, p. 2. That is a difference of $6,000 per year.

Upon his termination in 2018, Mr. Kairys had already earned $16,337 in bonuses that year. Ex. 15. At his new job, on the other hand, Mr. Kairys's bonuses are smaller and less frequent. T. Kairys Testimony, 79:1-7. However, the Court finds that factoring bonuses into front pay would be inappropriately speculative here. For one thing, there is little evidence regarding the details of the Southern Pines bonus plan in place when Mr. Kairys was fired. *See* ex. 14; P. Gallagher Testimony, 16:1-17. Moreover, Southern Pines changed its bonus plan after Mr. Kairys's termination. P. Gallagher Testimony, 16:18-22. And the new plan differs significantly from the old model. *See id.* at 16:25-17:3. Even with more information, though, the Court

---

[9] Even if Southern Pines really did intend to scale back its sales activities and would have cut Mr. Kairys's compensation accordingly, this wage difference likely would still be substantial, given the difference in age and experience between Mr. Kairys and Mr. Kunkle.

[10] It would not be proper for the Court to speculate as to whether, when, and how much Mr. Kairys's pay may have increased had he stayed at Southern Pines. *See Donlin*, 581 F.3d at 81-82. So, the Court will adopt the $7,500 wage differential.

finds that making projected bonus calculations would be too speculative. This is because in sales, compensation depends not only on the salesperson's ability, but also on economic factors that affect entire industries. *Goss*, 747 F.2d at 890.[11]

Therefore, the Court will set front pay at a rate of $13,500 per year – which is the annualized wage and car allowance differential. Considering a five-year period, this results in a total of $67,500 in front pay.

Finally, the Court finds that an award of reasonable attorney's fees and costs is appropriate under 29 U.S.C. § 1132(g). Under *Ursic v. Bethlehem Mines*, a Court must consider five factors in determining eligibility. 719 F.2d 670, 673 (3d Cir. 1992). These factors are: "(1) the offending part[y]'s culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees; (4) the benefit conferred upon members of the pension plan as a whole; and (5) the relative merits of the parties' positions." *Templin v. Indep. Blue Cross*, 785 F.3d 861, 867 (3d Cir. 2015). Here, the factors weigh in favor of awarding attorneys' fees for several reasons.

First, a party is culpable if it is at fault, even if there was no malice or guilty purpose. *McPherson v. Emps. Pension Plan of Am. Re-Ins. Co. Inc.*, 33 F.3d 253, 257 (3d Cir. 1994). As discussed above, Southern Pines is culpable because it retaliated against Mr. Kairys for using his health benefits and interfered specifically to prevent him from using additional benefits. This is not simply a denial-of-benefits case under ERISA. It is a case of intentional retaliation, which brings with it more culpability.

Second, though Pat Gallagher testified that Southern Pines carries debt, he equated the debt to a car payment and did not suggest financial insolvency or inability to pay. P. Gallagher Testimony, 73:1-6; 75:7-22. Indeed, based on the

---

[11] There was some testimony at trial regarding increased health-benefit costs incurred by Mr. Kairys since his termination. The Court finds that there is insufficient precision with that evidence to factor it into any front pay award.

overall testimony at trial as to the operations of Southern Pines, the business was presented as profitable with ongoing operations and significant assets.

Third, an award of attorney's fees in this case is important to deter further wrongdoing by Southern Pines, especially because traditional remedies like compensatory and punitive damages are unavailable. Southern Pines demonstrated its cost-averseness, and the award of fees will chill future temptations to interfere with ERISA benefits to save money.

Fourth, regarding "the benefit conferred upon members of the pension plan as a whole," the Court finds that this factor is largely duplicative of the deterrence factor above, and is otherwise inapplicable or neutral here. *See Hamilton v. Bank of New York (Delaware)*, No. CIV.A. 94-436 MMS, 1995 WL 447659, at *6 (D. Del. July 18, 1995) ("The Court agrees that an award of fees in this case will not greatly benefit the Plan members as a whole. The settlement did not effect a change in Plan administration or policy that impacts anyone other than the plaintiff. Plaintiff asserts that the Plan will provide more information to future claimants; this, however, is the same as the deterrence argument, i.e., that an award will deter certain conduct of the defendants, and does nothing to confer a positive immediate benefit on other Plan members.").

Fifth, the Court finds that Southern Pines's version of events was pretextual, meaning that the merits of its case are weak at best. Even if the other factors Southern Pines argued played some role in Mr. Kairys's termination, the company still fired him because of his health benefits. The Court acknowledges that the jury, in effect, viewed the evidence (and likely the witnesses' credibility) in a different manner in reaching its advisory verdict in favor of Southern Pines. But the Court need not give that advisory verdict any deference. In the Court's independent review of the evidence and witness testimony, the merits of Southern Pines's basis for the termination are weak.

- 22 -

Accordingly, based on these factors, the Court will order an award of reasonable attorneys' fees and costs, with the amount to be determined upon submission of a post-judgment fee petition.

## CONCLUSION

For the foregoing reasons, the Court grants judgment in favor of Mr. Kairys as to Count III of the Second Amended Complaint and awards him equitable relief of $67,500, and any associated reasonable attorneys' fees and costs.

DATE: March 31, 2022           BY THE COURT:

/s/ <em>J. Nicholas Ranjan</em><br>United States District Judge

- 23 -

**000086a**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS J. KAIRYS,      )
                                   )
             Plaintiff,     )     2:19-cv-1031-NR
                                   )
        vs.            )
                                   )
SOUTHERN PINE TRUCKING, INC.,  )
                                   )
        Defendant.   )
                                   )

### FINAL JUDGMENT

**AND NOW,** this **31st day of March, 2022,** it is hereby **ORDERED** that, as to Counts I, II, and VI of the Second Amended Complaint (ECF 47), **JUDGMENT** is hereby entered in favor of defendant Southern Pines Trucking, Inc. and against plaintiff Thomas J. Kairys, as determined by the jury's verdict on February 9, 2022 (ECF 121).

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in favor of plaintiff Thomas J. Kairys and against defendant Southern Pines Trucking, Inc. as to Count III of the Second Amended Complaint, after the Court's ruling on the ERISA claim (ECF 131). On this claim, the Court awards Mr. Kairys $67,500 in equitable relief, plus reasonable attorneys' fees and costs associated with this claim.

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in favor of plaintiff Thomas J. Kairys and against defendant Southern Pines Trucking, Inc. as to Counts IV and V of the Second Amended Complaint, as determined by the jury's verdict on February 9, 2022 and following the Court's ruling on the motion to mold the verdict (ECF 130). On these claims, the Court awards Mr. Kairys $8,104.53 in damages, which includes his full separation pay plus pre-judgment interest and liquidated damages.

BY THE COURT:

s/ J. Nicholas Ranjan
United States District Judge

**000087a**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS KAIRYS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:19-cv-1031-NR |
| v. | ) |
| | ) |
| SOUTHERN PINES TRUCKING, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **ORDER**

Plaintiff Thomas Kairys moves for attorneys' fees and costs, pursuant to this Court's previous opinion (ECF 131, pp. 21-23) finding that reasonable attorneys' fees and costs are appropriate under ERISA.[1] The Court grants the motion, and calculates such fees according to the lodestar method, which all parties agree is appropriate.

Defendant Southern Pines Trucking objects to certain aspects of the motion, arguing that the motion seeks excessive fees. ECF 141. But the Court finds that the rates Mr. Kairys's counsel charged are well-supported and reflective of the market rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 895 (1984).[2] Moreover, counsel's billing entries (ECF 133-8) are sufficiently

---

[1] Mr. Kairys also moves for reasonable attorneys' fees and costs pursuant to the Pennsylvania Wage Payment and Collection Law (WPCL) and the parties' contract. ECF 133, ¶¶ 6-7; Ex. 2, ¶ 8(f). The Court finds that its assessment of an appropriate fee award is the same whether made pursuant to ERISA, the WPCL, or the contract.

[2] The Court agrees that the lodestar calculation as to Mr. Kairys's lead counsel, Ms. Elzer, should be made using Ms. Elzer's current hourly rate of $400/hour. *Lanni v. New Jersey*, 259 F.3d 146, 149-150 ("When attorney's fees are awarded, the current market rate must be used. The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed." (cleaned up)). Though Southern Pines contends that this rate is excessive and unreasonable, the Court notes that Judge Wiegand approved this same rate recently in *Turco v. Zambelli Fireworks Mfg. Co.*, No. 19-174, 2022 WL 395245 at *3 (W.D. Pa. Feb. 9, 2022). The rate is

specific and detailed to support the fee award requested. *See Hensley*, 461 U.S. at 433*; Ursic v. Bethlehem Mines* , 719 F.2d 670, 676 (3d Cir. 1983).

The parties agree that Mr. Kairys's limited success here warrants some reduction in fees. *Hensley*, 461 U.S. at 434-35. That is, at trial, Mr. Kairys lost on his discrimination and disability claims, but prevailed only on a relatively modest statutory wage claim ($8,104.53 in total damages), as well as the ERISA claims later submitted to the Court ($67,500 in equitable relief awarded). Mr. Kairys argues that up to a 10% fee reduction is sufficient to take into account the limited success. ECF 133, ¶¶ 9-10. Southern Pines, on the other hand, requests at least a 40% discount. ECF 141, pp. 7-8.

As the Supreme Court and Third Circuit have made clear, there is no precise mathematical formula for determining fee reductions in cases of partial success. But based on the evidence presented at trial, it is clear that a substantial portion of the case presented was tied to the claims on which Mr. Kairys did not ultimately prevail: disability discrimination and age discrimination. For example, Mr. Kairys sought back pay of approximately $535,000 and front pay of approximately $105,000 per year, in addition to compensatory damages for emotional distress. These damages— with the exception of front pay— were based almost entirely on the claims on which Mr. Kairys lost at trial. That said, as Mr. Kairys correctly points out, much of the evidence presented did overlap between the successful and unsuccessful claims, since all the claims had a "common core of facts" and were "based on related legal theories" of discrimination and pretext. *Hensley,* 461 U.S. at 435.

After considering the record, the parties' arguments, and relevant case law, the Court finds that an approximate 25% total reduction in pre-verdict fees is reasonable. Reduction in post-verdict fees, however, is not warranted. Those fees all

---

otherwise not unreasonable or out of line with current market rates, as reflected in the various declarations submitted with Mr. Kairys's motion.

**000089a**

relate to Mr. Kairys's successful ERISA claims, his successful motion to mold the verdict, and his counsel's fee petition. Accordingly, the Court awards a reduced fee of $90,404[3] for pre-verdict work and a full fee of $15,362.50 for post-verdict work, for a total of $105,766.50 in attorneys' fees.

Finally, Southern Pines quibbles over some of the costs claimed. Upon a review of the invoices, the Court finds that Southern Pines's objections to awarding costs are not well-taken. There is, however, one reduction that the Court will independently make. The Court will not order that Southern Pines reimburse Mr. Kairys for the ADR costs as he requests. The ADR stipulation the parties submitted in December 2019 (ECF 12) was an agreement the parties mutually reached and the Court approved that each side would pay 50% of the mediation costs. Shifting those costs after trial would be contrary to that ADR agreement and would undermine the "spirit" of the ADR cost-sharing arrangement. Therefore, the Court awards a total of $6,215.29 in costs, which equates to a reduction of the costs bill of $1,750. *See* ECF 133-10.

**\* \* \***

For the foregoing reasons, it is hereby ORDERED that Mr. Kairys's petition for attorneys' fees and costs is GRANTED in part, as discounted herein. The Court orders that Southern Pines pay Mr. Kairys a grand total of $111,981.79 in reasonable attorneys' fees and costs.

DATE: May 9, 2022                                     BY THE COURT:

                                                                      /s/ *J. Nicholas Ranjan*
                                                                      United States District Judge

---

[3] Mr. Kairys's counsel wrote off time related solely to work on the unsuccessful claims, resulting in an approximate 5% reduction. This resulted in pre-verdict fees of $113,005. The Court discounts this total by 20%, which results in an approximate total 25% reduction and a total of $90,404 in pre-verdict fees.

- 3 -

**000090a**

**Query**    **Reports**    **Utilities**    **Help**    **Log Out**

<span style="color:red">APPEAL,JUD-MED,LG,STAYED</span>

## U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
## CIVIL DOCKET FOR CASE #: 2:19-cv-01031-NR

KAIRYS v. SOUTHERN PINES TRUCKING, INC.
Assigned to: Judge J. Nicholas Ranjan
Case in other court: Third Circuit, 22-01783
                   Third Circuit, 22-02055
Cause: 42:12101 The Americans with Disabilities Act of 1990

Date Filed: 08/16/2019
Jury Demand: Both
Nature of Suit: 445 Civil Rights: Americans
with Disabilities - Employment
Jurisdiction: Federal Question

**Plaintiff**

**THOMAS J. KAIRYS**                          represented by   **Christine T. Elzer**
Elzer Law Firm, LLC
100 First Avenue
Suite 1010
Pittsburgh , PA 15222
(412) 230-8436
Fax: (412) 206-0855
Email: celzer@elzerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tamra Van Hausen**
Elzer Law Firm, LLC
100 First Avenue
Suite 1010
Pittsburgh, PA 15222
412-230-8436
Email: tvanhausen@elzerlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SOUTHERN PINES TRUCKING, INC.**            represented by   **Teresa O. Sirianni**
Marshall, Dennehey, Warner, Coleman &
Goggin
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
(412) 803-1140
Email: tosirianni@mdwcg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morgan M. J. Randle**

Lewis Brisbois Bisgaard & Smith
One PPG Place
28th Floor,
Pittsburgh, PA 15219
412-752-7253
Email: Morgan.Randle@lewisbrisbois.com
*TERMINATED: 05/11/2022*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/16/2019 | 1 | COMPLAINT against SOUTHERN PINES TRUCKING, INC. (Filing fee, including Administrative fee, $400, receipt number 0315-5250040), filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet) (jjg) (Entered: 08/20/2019) |
| 08/21/2019 | 2 | NOTICE that instant civil action has been designated for placement into the United States District Court's Alternative Dispute Resolution program. Parties are directed to fully complete the required 26(f) report, which includes the stipulation of selecting an ADR process. Counsel for plaintiff (or in the case of a removal action, counsel for removing defendant) shall make service of the notice on all parties. (av) (Entered: 08/21/2019) |
| 09/19/2019 | 3 | WAIVER OF SERVICE Returned Executed by THOMAS J. KAIRYS. SOUTHERN PINES TRUCKING, INC. waiver sent on 8/20/2019, answer due 10/21/2019. (Elzer, Christine) (Entered: 09/19/2019) |
| 10/21/2019 | 4 | ANSWER to 1 Complaint by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 10/21/2019) |
| 10/22/2019 | 5 | CASE MANAGEMENT ORDER: Initial Case Management Conference set for 12/18/2019 at 01:00 PM in Courtroom 6C before Judge J. Nicholas Ranjan. Exchange of required Rule 26(a)(1) information due by 12/13/2019; Rule 26 Meeting Report due by 12/13/2019; Stipulation Selecting ADR Process due by 12/13/2019. Signed by Judge J. Nicholas Ranjan on 10/22/2019. (av) (Entered: 10/22/2019) |
| 10/22/2019 | 6 | ORDER ESTABLISHING PRESUMPTIVE TRIAL DATE IN CIVIL CASE. Trial set for 6/14/2021. See accompanying Order for additional details. Signed by Judge J. Nicholas Ranjan on 10/22/2019. (av) (Entered: 10/22/2019) |
| 12/13/2019 | 7 | REPORT of Rule 26(f) Planning Meeting. (Elzer, Christine) (Entered: 12/13/2019) |
| 12/13/2019 | 8 | STIPULATION selecting ADR process by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 12/13/2019) |
| 12/18/2019 | 9 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Initial Case Management Conference held on 12/18/2019. (Court Reporter: R. Ford) (av) (Entered: 12/18/2019) |
| 12/19/2019 | 10 | CASE MANAGEMENT ORDER: Exchange of required Rule 26(a)(1) information due by 1/3/2020; Amended Pleadings due by 1/31/2020; Fact Discovery due by 5/18/2020; Post-Discovery Status Conference set for 5/19/2020 at 10:00 AM in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 12/18/2019. (av) (Entered: 12/19/2019) |
| 12/19/2019 | 11 | ORDER re 9 Initial Case Management Conference. Amended ADR Stipulation that includes date of mediation session due by 12/25/2019. Signed by Judge J. Nicholas Ranjan on 12/18/2019. Text-only entry; no PDF document will issue. This text-only |

**000092a**

| | | |
|---|---|---|
| | | entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 12/19/2019) |
| 12/23/2019 | 12 | AMENDED DOCUMENT - *Stipulation Selecting ADR Process (date and name added)* by SOUTHERN PINES TRUCKING, INC.. Amendment to 8 Stipulation Selecting ADR process. (Sirianni, Teresa) (Entered: 12/23/2019) |
| 12/26/2019 | 13 | ORDER REFERRING CASE to Early Neutral Evaluation. Kenneth Benson is appointed as an early neutral evaluator. Evaluation to occur by 2/10/2020. Signed by Judge J. Nicholas Ranjan on 12/26/2019. (av) (Entered: 12/26/2019) |
| 12/31/2019 | 14 | Unopposed MOTION for Leave to File Amended Complaint by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit, # 2 Proposed Order) (Elzer, Christine) (Entered: 12/31/2019) |
| 01/02/2020 | 15 | ORDER granting 14 Motion for Leave to File Amended Complaint. The Clerk is hereby directed to docket the Exhibit to the 14 Motion as the Amended Complaint. Signed by Judge J. Nicholas Ranjan on 1/2/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 01/02/2020) |
| 01/02/2020 | 16 | AMENDED COMPLAINT against SOUTHERN PINES TRUCKING, INC. SOUTHERN PINES TRUCKING, INC. answer due 1/16/2020, filed by THOMAS J. KAIRYS. (jjg) (Entered: 01/03/2020) |
| 02/12/2020 | 17 | REPORT of Early Neutral Evaluation Case has not resolved. KENNETH J. BENSON terminated. Attorney Kenneth J. Benson terminated. **The parties are reminded of their obligation to complete the ADR questionnaire and submit within 5 days of the conclusion of the ADR process. The questionnaire can be accessed at www.pawd.uscourts.gov. Click on the ADR icon.** ENE session was held held on 2/10/2020. (Benson, Kenneth) (Entered: 02/12/2020) |
| 03/16/2020 | 18 | STANDING ORDER IN ALL CIVIL CASES RELATED TO CORONAVIRUS. Signed by Judge J. Nicholas Ranjan on 3/16/2020. (av) (Entered: 03/16/2020) |
| 03/28/2020 | | IMPORTANT NOTICE: The United States District Court for the Western District of Pennsylvania (WDPA) will be upgrading its current CM/ECF system to the Next Generation of CM/ECF (NextGen CM/ECF) on Monday, May 26, 2020. Complete information, including a checklist of actions regarding the WDPA NexGen CM/ECF implementation, can be found at here . Currently, multiple attorneys within a firm may share a single PACER account. Shared PACER accounts cannot be used by WDPA e-filing attorneys once the WDPA NextGen CM/ECF system is implemented. Each attorney must have an individual upgraded PACER account that will be linked to the e-filing account. If you have an upgraded PACER account, no action is required until after the WDPA NextGen CM/ECF upgrade on May 26, 2020. You have an upgraded PACER account if you (1) e-file in another NextGen court, or (2) created your PACER account after August 10, 2014. If neither of these are true, you must upgrade your legacy PACER account before you will be able to link your PACER account to your current WDPA CM/ECF account for your new NextGen CM/ECF account. Further informational notices will be sent later, but if you have questions about upgrading your PACER account, please contact the PACER Service Center at 800-676-6856. (Administrator, ) (ADI) (Entered: 03/28/2020) |
| 04/17/2020 | 19 | ORDER re Discovery. Status Report due by 4/27/2020. Signed by Judge J. Nicholas Ranjan on 4/17/2020. (av) (Entered: 04/17/2020) |
| 04/17/2020 | 20 | Joint MOTION for Extension of Time to Complete Discovery by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 04/17/2020) |
| | | |

| 04/17/2020 | 21 | Errata re 20 Motion for Extension of Time to Complete Discovery by THOMAS J. KAIRYS. Reason for Correction: text inadvertently included at the top of proposed order. (Elzer, Christine) (Entered: 04/17/2020) |
| --- | --- | --- |
| 04/20/2020 | 22 | ORDER granting 20 Motion for Extension of Time to Complete Discovery. Discovery due by 7/15/2020. Post-Discovery Status Conference to be held on 7/16/2020 at 4:00PM in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 4/20/2020. (av) (Entered: 04/20/2020) |
| 04/20/2020 | 23 | ORDER. In light of the 22 Order, the Status Report ordered for 4/27/2020 is now due by 6/29/2020. Signed by Judge J. Nicholas Ranjan on 4/20/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 04/20/2020) |
| 04/26/2020 | | IMPORTANT NOTICE: The United States District Court for the Western District of Pennsylvania will be upgrading its current CM/ECF system to the Next Generation of CM/ECF on May 26, 2020. Complete information, including a checklist of actions regarding the WDPA NexGen CM/ECF implementation, can be found here. Preparing for NextGen is a two-step process. The first step is to upgrade any legacy PACER accounts. Each attorney must have an individual upgraded PACER account in order to electronically file after our conversion to NextGen. The second step will be to link that upgraded PACER account with your WDPA CM/ECF account after the Court goes live with NextGen. To link your account, you will need your current e-filing credentials from our Court. **If your CM/ECF login contains a special character (such as &, @, $, *), you will need to change it as logins with those characters will be unable to link to PACER accounts. No later than Thursday, May 21, 2020,** you should log into both PACER and the current version of CM/ECF to (1) review and record your current e-filing credentials for both, as you will need to know them in order to e-file after May 23, 2020 and (2) ensure that your primary email address to receive Notices of Electronic Filings (NEF) is accurate. Failure to provide an accurate email address may result in a delay in receiving NEFs after the Court converts to NextGen. (Administrator, ) (ADI) (Entered: 04/26/2020) |
| 05/17/2020 | | FINAL NOTICE: **In preparation of the Court's conversion to NextGen, our Court's CM/ECF system will be unavailable from 12:00 p.m. (Noon) on Friday, May 22, 2020, until 11:59 pm. Monday, May 25, 2020. Please plan accordingly.** Complete information, including a checklist of actions regarding the WDPA NexGen CM/ECF implementation, can be found here. Preparing for NextGen is a two-step process. The first step is to upgrade any legacy PACER accounts. The second step is to link that upgraded PACER account with your WDPA CM/ECF account after the Court goes live with NextGen. To link your account, you will need your current e-filing credentials from our Court. **If your CM/ECF login contains any special characters (anything other than a letter or number), you will need to change it as logins with those characters will be unable to link to PACER accounts. No later than Thursday, May 21, 2020,** you should log into both PACER and the current version of CM/ECF to review and record your current e-filing credentials for both, as you will need to know them in order to e-file after May 23, 2020. Please consult the Court's administrative order for additional information on deadlines and alternative filing options during this period. (Administrator, ) (ADI) (Entered: 05/17/2020) |
| 06/15/2020 | 24 | ORDER. Telephonic Status Conference set for 6/16/2020 at 09:00 AM before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 6/15/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 06/15/2020) |
| 06/16/2020 | 25 | |

| | | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Telephonic Status Conference held on 6/16/2020. (Court Reporter: none) (av) (Entered: 06/16/2020) |
|---|---|---|
| 06/29/2020 | 26 | STATUS REPORT *Joint* by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 06/29/2020) |
| 07/07/2020 | 27 | ORDER. The Post-Discovery Status Conference set for 7/16/2020 at 04:00 PM will now be held telephonically. Dial-in instructions to follow. Signed by Judge J. Nicholas Ranjan on 7/7/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 07/07/2020) |
| 07/14/2020 | 29 | ORDER. The Telephonic Post-Discovery Status Conference is hereby RESCHEDULED for 7/16/2020 at 12:00 PM before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 7/14/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 07/14/2020) |
| 07/14/2020 | 30 | MOTION to Continue *Post-Discovery Status Conference* by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 07/14/2020) |
| 07/15/2020 | 31 | ORDER granting 30 Motion to Continue. The Telephonic Post-Discovery Status Conference is RESCHEDULED for 7/20/2020 at 1:00PM before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 7/15/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 07/15/2020) |
| 07/20/2020 | 32 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Telephonic Post-Discovery Status Conference held on 7/20/2020. (Court Reporter: none) (av) (Entered: 07/20/2020) |
| 07/20/2020 | 33 | CASE MANAGEMENT ORDER: Summary Judgment due by 9/21/2020; Response to Summary Judgment due by 10/12/2020; Reply due by 10/19/2020. Signed by Judge J. Nicholas Ranjan on 7/20/2020. (av) (Entered: 07/20/2020) |
| 07/20/2020 | 34 | ORDER. Pursuant to the Court's 33 Case Management Order, this matter is referred to the Honorable Lisa Pupo Lenihan to schedule and conduct a judicial settlement conference by 8/31/2020. See 33 Case Management Order for additional detail and requirements. Signed by Judge J. Nicholas Ranjan on 7/20/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 07/20/2020) |
| 07/24/2020 | 35 | ORDER that a mediation is scheduled before Magistrate Judge Lisa Pupo Lenihan on August 13, 2020, starting 9:30 AM via video. No later than July 31, 2020, each party shall submit a confidential mediation statement to the magistrate judge. The mediation statement shall not become part of the file of the case, but shall be for the exclusive use of the magistrate judge in preparing for and conducting the mediation. The mediation statement shall be no longer than five pages. The statements should not be filed with the Clerk of Courts, but should be emailed to the Courtroom Deputy at Mike_Banas@pawd.uscourts.gov. Copies of the mediation statement should not be provided to the other parties in the case and will not become part of the case docket. No later than August 5, 2020, plaintiff's counsel shall submit a settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than August 10, 2020, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. These steps will enable the mediation to progress more expeditiously. As a test run of the hearing technology, a pre-mediation video conference is scheduled for August 11, 2020 at 11:00 A.M. and will be conducted by video, using Zoom. The Courts Courtroom Deputy will |

| | | email counsel a link to access the Zoom meeting room prior to the status conference. Signed by Magistrate Judge Lisa Pupo Lenihan on 07/24/2020. (jmb) (Entered: 07/24/2020) |
|---|---|---|
| 08/11/2020 | 36 | Minute Entry for proceedings held before Magistrate Judge Lisa Pupo Lenihan: A Status Conference was held on 8/11/2020. Demands and offers have been exchanged. The mediation will take place as scheduled on August 13, 2020 starting at 9:30 AM. Plaintiff will participate and possibly his wife. Defendant's insurance carrier will participate, together with a company representative with full settlement authority. The Court is concerned that the company representative have full authority and will enter a separate text order to address this. (jmb) (Entered: 08/11/2020) |
| 08/11/2020 | 37 | IT IS HEREBY ORDERED that a representative of Southern Pines Trucking, Inc. participate in the mediation session scheduled with the undersigned on August 13, 2020 with full authority to settle the case without the need to consult with anyone else at the business. Signed by Magistrate Judge Lisa Pupo Lenihan on 8/11/20. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 08/11/2020) |
| 08/13/2020 | 38 | Minute Entry for proceedings held before Magistrate Judge Lisa Pupo Lenihan: A Mediation was held on 8/13/2020. The parties were unable to reach a resolution of this matter. There may be a willingness to continue the mediation after summary judgment motions have been ruled upon. Judge Lenihan indicated a willingness to assist at a later date if the parties are inclined to renew discussions. (jmb) (Entered: 08/13/2020) |
| 09/14/2020 | 39 | Consent MOTION to Amend 4 Answer to Complaint by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order, # 2 Exhibit A) (Sirianni, Teresa) (Entered: 09/14/2020) |
| 09/15/2020 | 40 | ORDER. This case was referred to Judge Lisa Pupo Lenihan for the sole purpose of holding a mediation. As the mediation was held 8/13/2020, IT IS ORDERED that Magistrate Judge Lisa Pupo Lenihan is no longer assigned to case. Signed by Judge J. Nicholas Ranjan on 9/15/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/15/2020) |
| 09/15/2020 | 41 | ORDER granting 39 Motion to Amend. The Clerk is directed to file Exhibit A to the 39 Motion to Amend as the Amended Answer. Signed by Judge J. Nicholas Ranjan on 9/15/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/15/2020) |
| 09/15/2020 | 42 | AMENDED ANSWER to 1 Complaint by SOUTHERN PINES TRUCKING, INC. (jjg) (Entered: 09/15/2020) |
| 09/16/2020 | 43 | Consent MOTION for Leave to File Second Amended Complaint by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit, # 2 Proposed Order) (Elzer, Christine) (Entered: 09/16/2020) |
| 09/16/2020 | 44 | Joint MOTION for Extension of Time to File *Motions for Summary Judgment* by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 09/16/2020) |
| 09/16/2020 | 45 | ORDER granting 43 Motion for Leave to File Amended Complaint. The Clerk is directed to file Exhibit 1 to the 43 Motion as the Second Amended Complaint. Signed by Judge J. Nicholas Ranjan on 9/16/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/16/2020) |
| | | |

**000096a**

| | | |
|---|---|---|
| 09/16/2020 | 46 | ORDER granting 44 Motion for Extension of Time to File. Summary Judgment due by 9/28/2020; Response to Summary Judgment due by 10/19/2020; Reply due by 10/26/2020. Signed by Judge J. Nicholas Ranjan on 9/16/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/16/2020) |
| 09/16/2020 | 47 | SECOND AMENDED COMPLAINT against SOUTHERN PINES TRUCKING, INC. SOUTHERN PINES TRUCKING, INC. answer due 9/30/2020, filed by THOMAS J. KAIRYS. (jjg) (Entered: 09/16/2020) |
| 09/17/2020 | 48 | NOTICE of Appearance by Morgan M. J. Randle on behalf of SOUTHERN PINES TRUCKING, INC.. (Randle, Morgan) (Entered: 09/17/2020) |
| 09/28/2020 | 49 | Partial MOTION for Summary Judgment *as to Counts IV and V* by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 09/28/2020) |
| 09/28/2020 | 50 | BRIEF in Support re 49 Motion for Summary Judgment *as to Counts IV and V* filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Kairys Declaration) (Elzer, Christine) (Entered: 09/28/2020) |
| 09/28/2020 | 51 | MOTION for Summary Judgment by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 09/28/2020) |
| 09/28/2020 | 52 | Appendix to 51 Motion for Summary Judgment by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit "A", # 2 Exhibit "B-1", # 3 Exhibit "B-2", # 4 Exhibit "C-1", # 5 Exhibit "C-2", # 6 Exhibit "D", # 7 Exhibit "E", # 8 Exhibit "F", # 9 Exhibit "G", # 10 Exhibit "H", # 11 Exhibit "I", # 12 Exhibit "J", # 13 Exhibit "K", # 14 Exhibit "L", # 15 Exhibit "M", # 16 Exhibit "N", # 17 Exhibit "O", # 18 Exhibit "P", # 19 Exhibit "Q", # 20 Exhibit "R", # 21 Exhibit "S", # 22 Exhibit "T", # 23 Exhibit "U") (Sirianni, Teresa) (Entered: 09/28/2020) |
| 09/28/2020 | 53 | BRIEF in Support re 51 Motion for Summary Judgment filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 09/28/2020) |
| 10/01/2020 | 54 | ANSWER to 47 Amended Complaint by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 10/01/2020) |
| 10/19/2020 | 55 | BRIEF in Opposition re 51 Motion for Summary Judgment filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 10/19/2020) |
| 10/19/2020 | 56 | Appendix to 55 Brief in Opposition to Motion by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Operations Manager Description, # 2 Exhibit Declaration of Kairys, # 3 Exhibit Offer Letter, # 4 Exhibit Email re Kyle Kunkle, # 5 Exhibit PGT Bonus Checks, # 6 Exhibit COBRA Notice, # 7 Exhibit Life Insurance Notice, # 8 Exhibit Original Employment Agreement, # 9 Exhibit Email re revision to agreement) (Elzer, Christine) (Entered: 10/19/2020) |
| 10/19/2020 | 57 | RESPONSE to Motion re 49 Partial MOTION for Summary Judgment *as to Counts IV and V* filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 10/19/2020) |
| 10/19/2020 | 58 | Appendix to 57 Response to Motion by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit A) (Sirianni, Teresa) (Entered: 10/19/2020) |
| 10/26/2020 | 59 | REPLY BRIEF re 49 Motion for Summary Judgment, 57 Response to Motion filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 10/26/2020) |
| 10/26/2020 | 60 | REPLY to 55 Brief in Opposition to Motion, filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 10/26/2020) |

| 10/26/2020 | 61 | Appendix to 60 Reply by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Sirianni, Teresa) (Entered: 10/26/2020) |
|---|---|---|
| 11/03/2020 | 62 | MOTION to Strike 61 Appendix *Portions of Declaration of Patrick Gallagher and Exhibits Thereto* by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 11/03/2020) |
| 11/04/2020 | 63 | ORDER Response/Briefing Schedule re 62 Motion to Strike. Response to Motion due by 11/6/2020. Brief shall not exceed 10 pages. Signed by Judge J. Nicholas Ranjan on 11/4/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 11/04/2020) |
| 11/06/2020 | 64 | RESPONSE IN OPPOSITION to 62 Motion to Strike, filed by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) Wrong version. Documents removed from public view and refiled as an errata at 65 . Modified on 11/9/2020 (ma). (Entered: 11/06/2020) |
| 11/06/2020 | 65 | Errata re 64 Response in Opposition by SOUTHERN PINES TRUCKING, INC.. Reason for Correction: Wrong Version. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 11/06/2020) |
| 11/09/2020 | 66 | ORDER. A Telephonic Oral Argument re the 62 Motion to Strike is set for 11/13/2020 at 01:30 PM before Judge J. Nicholas Ranjan. See 28 Notice for dial-in instructions. Signed by Judge J. Nicholas Ranjan on 11/9/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 11/09/2020) |
| 11/13/2020 | 67 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Oral Argument held on 11/13/2020. (Court Reporter: K. Earley) (av) (Entered: 11/13/2020) |
| 11/13/2020 | 68 | ORDER. Plaintiff's motion to strike (ECF 62 ) is DENIED. As stated on the record, Plaintiff will be authorized to conduct limited discovery on the issues related to SPT's 15-employee defense and Plaintiff's single enterprise liability theory. The parties shall produce, without awaiting a formal discovery request, all documents in their possession, custody, and control related to those issues, and Plaintiff may take a Rule 30(b)(6) deposition as to those issues. This discovery must be completed by 12/31/20. By 11/30/20, counsel must also confer to determine whether any of this discovery can be avoided through stipulation or otherwise. Defendant's supplemental summary-judgment brief as to these issues is due 1/11/21. Plaintiff's supplemental summary-judgment brief as to these issues is due 1/18/21. Signed by Judge J. Nicholas Ranjan on 11/13/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 11/13/2020) |
| 11/25/2020 | 69 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings re Telephonic Oral Argument held on November 13, 2020 before Judge J. Nicholas Ranjan. Court Reporter Karen Earley, Telephone number 412-201-2660. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter or viewed at the clerk's office public terminal. **Any Notice of Intent to Request Redaction and Redaction Request must be separately mailed to the court reporter of said proceedings.** Notice of Intent for Redaction of Personal Data Identifiers due by 12/2/2020. Redaction Request due 12/16/2020. Redacted Transcript Deadline set for 12/28/2020. Release of Transcript Restriction set for 2/23/2021. (kme) Modified on 12/3/2020 (jjg). Modified on 12/29/2020 (jjg). Modified on 2/24/2021 (jjg). (Entered: 11/25/2020) |

**000098a**

| | | |
|---|---|---|
| 12/01/2020 | 70 | MOTION for Leave to File Third Amended Complaint by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Proposed Third Amended Complaint, # 2 Proposed Order) (Elzer, Christine) (Entered: 12/01/2020) |
| 12/01/2020 | 71 | ORDER Response/Briefing Schedule re 70 Motion for Leave to File Third Amended Complaint. Response to Motion due by 12/3/2020. Brief shall not exceed 10 pages. Signed by Judge J. Nicholas Ranjan on 12/1/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 12/01/2020) |
| 12/03/2020 | 72 | RESPONSE to Motion re 70 MOTION for Leave to File Third Amended Complaint filed by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 12/03/2020) |
| 12/07/2020 | 73 | ORDER granting 70 Motion for Leave to Amend. Upon review, Plaintiff's proposed amendment does not materially alter or expand the factual issues raised by the complaint. Nor does Plaintiff seek to add or change any of the parties to this case. Indeed, in the Court's view, amendment may not even be necessary in light of the original complaint's allegation that Defendant "employed more than 20 employees." Plaintiff is merely articulating a new legal argument as to why the statutory "number of employees" threshold is satisfied, i.e., that Defendant is part of a "single enterprise" involving several entities. See Phillips v. Baxter, 768 F. App'x 555, 559 (7th Cir. 2019) ("[A] plaintiff is not required to plead legal theories.... Therefore, invoking the wrong theory in the complaint is not fatal.... All a complaint must do is narrate a grievance sufficiently to place the defendants on notice of the challenged conduct."). Further, the Court finds that Defendant would not suffer any prejudice from the proposed amendment. No additional discovery will be required beyond that the Court already authorized. Rather, the only evidence relevant to this issue is information about Defendant's corporate structure -- information that Defendant already possesses and is presumably intimately familiar with. To the extent Defendant has additional documentation that it intends to rely on to refute Plaintiff's single enterprise theory, it may produce and rely on such information by timely supplementing its initial disclosures. For these reasons, and in light of the liberal federal policy favoring amendment, the Court will GRANT Plaintiff's motion. Plaintiff shall file an amended complaint by 12/9/2020. Signed by Judge J. Nicholas Ranjan on 12/7/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 12/07/2020) |
| 12/07/2020 | 74 | Third AMENDED COMPLAINT against SOUTHERN PINES TRUCKING, INC., filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 12/07/2020) |
| 12/30/2020 | 75 | STIPULATION to Number of Employees Under ADA and ADEA by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 12/30/2020) |
| 02/16/2021 | 76 | ANSWER to 74 Amended Complaint (Third) by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 02/16/2021) |
| 03/04/2021 | 77 | SCHEDULING ORDER. In light of the recent administrative order suspending jury trials in this District until at least 5/3/2021 (https://www.pawd.uscourts.gov/sites/pawd/files/Administrative_Order_February_3.pdf), and because of the likelihood that the number of civil trials held after 5/3/2021 will be very limited for several months thereafter, it is highly unlikely that trial in this case could proceed on 6/14/2021, as currently scheduled. Thus, it is HEREBY ORDERED that the trial set for 6/14/2021 is CONTINUED until further order of the Court. The Court will reschedule the trial, if necessary, after resolving Defendant's motion for summary judgment. Signed by Judge J. Nicholas Ranjan on 3/4/2021. Text-only entry; no PDF |

| | | document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 03/04/2021) |
|---|---|---|
| 05/21/2021 | 78 | NOTICE. The Court notifies the parties that it is aiming to issue its decision on the pending 49 and 51 cross-motions for summary judgment by Monday afternoon, 5/24/2021. This notice is a courtesy to the parties and public, and is for informational-purposes only. The parties should not take any action in response to this order. Signed by Judge J. Nicholas Ranjan on 5/21/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/21/2021) |
| 05/24/2021 | 79 | OPINION re: 49 51 motions for summary judgment. Signed by Judge J. Nicholas Ranjan on 5/24/2021. (av) (Entered: 05/24/2021) |
| 05/24/2021 | 80 | ORDER re: 49 51 motions for summary judgment. Signed by Judge J. Nicholas Ranjan on 5/24/2021. (av) (Entered: 05/24/2021) |
| 05/25/2021 | 81 | ORDER RE: SETTLEMENT CONFERENCE. Jury trials were only recently authorized to resume in this District, and only on a limited basis. Given the limited availability of jury pools, criminal trials are currently taking precedence over civil trials, and the Court does not expect to schedule any civil trials until after Labor Day. Given this likely time lag, the parties may benefit from a second settlement conference with Judge Lenihan, now that summary judgment motions have been resolved. The Court therefore directs the parties to confer to determine whether there is mutual interest in holding a second settlement conference. The parties shall file a joint notice indicating their interest by 5/31/2021. Alternatively, if the parties prefer to use a private neutral or some other procedure for facilitating settlement, they should also file a joint notice to that effect by 5/31/2021. Signed by Judge J. Nicholas Ranjan on 5/25/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/25/2021) |
| 05/28/2021 | 82 | STATUS REPORT *(Joint Report of the Parties Re: ECF 81)* by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 05/28/2021) |
| 06/01/2021 | 83 | PRETRIAL ORDER: Plaintiff witness list due by 8/30/2021; Defendant Witness list due by 8/30/2021; Designation of discovery excerpts due by 8/30/2021; Exhibit List due by 8/30/2021; Proposed Verdict Slips due by 9/10/2021; Proposed Voir Dire by 9/17/2021; Stipulation due by 9/17/2021; Motions in Limine due by 9/3/2021; Response to Motions in Limine due by 9/10/2021; Final Pretrial Conference set for 9/28/2021 at 5:30 PM before Judge J. Nicholas Ranjan. Jury Selection set for 10/4/2021 at 9:30 AM in Courtroom 6C before Judge J. Nicholas Ranjan. Jury Trial set for 10/4/2021 at 9:30 AM in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 6/1/2021. (av) (Entered: 06/01/2021) |
| 08/30/2021 | 84 | Witness List by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 08/30/2021) |
| 08/30/2021 | 85 | DESIGNATION of Deposition Excerpts to be offered at trial by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 08/30/2021) |
| 08/30/2021 | 86 | Witness List by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 08/30/2021) |
| 08/30/2021 | 87 | Exhibit List *(JOINT)* by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 08/30/2021) |
| 09/02/2021 | 88 | ORDER. The Final Pretrial Conference set for 9/28/2021 at 5:30 p.m. is hereby RESCHEDULED for 9/28/2021 at 2:00 p.m. before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 9/2/2021. Text-only entry; no PDF document will issue. |

| | | |
|---|---|---|
| | | This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/02/2021) |
| 09/03/2021 | 89 | First MOTION in Limine *regarding Plaintiff's Designation of Discovery Excerpts to be Offered at Trial* by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit A, # 2 Proposed Order) (Sirianni, Teresa) (Entered: 09/03/2021) |
| 09/03/2021 | 90 | BRIEF in Support re 89 Motion in Limine *regarding Plaintiff's Designation of Discovery Excerpts to be Offered at Trial* filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 09/03/2021) |
| 09/03/2021 | 91 | MOTION in Limine *to Preclude Introduction of Exhibits 8, 9 and 12* by SOUTHERN PINES TRUCKING, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Proposed Order) (Sirianni, Teresa) (Entered: 09/03/2021) |
| 09/03/2021 | 92 | BRIEF in Support re 91 Motion in Limine 2 *to Preclude Introduction of Exhibits 8, 9 and 12* filed by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 09/03/2021) |
| 09/03/2021 | 93 | ORDER. A Telephonic Status Conference is set for 9/3/2021 at 1:00 p.m. before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 9/3/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 09/03/2021) |
| 09/03/2021 | 94 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Status Conference held on 9/3/2021. (Court Reporter: none) (lmg) (Entered: 09/03/2021) |
| 09/03/2021 | | ORDER. As discussed during the 9/3/2021 Telephonic Status Conference, the 83 Pretrial Order is hereby MODIFIED as follows: Response to Motions in Limine due by 1/14/2022; Proposed Jury Instructions due by 1/14/2022; Proposed Verdict Slips due by 1/14/2022; Proposed Voir Dire due by 1/21/2022; Joint Stipulations due by 1/21/2022; Final Pretrial Conference set for 1/31/2022 at 10:00 AM in Courtroom 6C before Judge J. Nicholas Ranjan; Jury Selection and Trial set for 2/7/2022 at 09:30 AM in Courtroom 6C before Judge J. Nicholas Ranjan. All other aspects of the 83 Pretrial Order shall remain in effect. Signed by Judge J. Nicholas Ranjan on 9/3/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 09/03/2021) |
| 12/14/2021 | 95 | NOTICE of Appearance by Tamra Van Hausen on behalf of THOMAS J. KAIRYS. (Van Hausen, Tamra) (Entered: 12/14/2021) |
| 12/21/2021 | 96 | ORDER. The Final Pretrial Conference set for 1/31/2022 at 10:00 a.m. is hereby RESCHEDULED for 1/31/2022 at 2:00 p.m. in Courtroom 6C before Judge J. Nicholas Ranjan. Signed by Judge J. Nicholas Ranjan on 12/21/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 12/21/2021) |
| 01/11/2022 | 97 | BRIEF in Opposition re 89 Motion in Limine *Regarding Designation of Discovery Excerpts* filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit 1-Notice of Depo) (Elzer, Christine) Modified text to remove duplicate word on 1/12/2022. (keh) (Entered: 01/11/2022) |
| 01/11/2022 | 98 | BRIEF in Opposition re 91 Motion in Limine 2 *to Preclude Exhibits 8, 9, 12* filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Revised Exhibit 9) (Elzer, Christine) (Entered: 01/11/2022) |
| 01/14/2022 | 99 | PROPOSED VERDICT FORM by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 01/14/2022) |

**000101a**

| 01/14/2022 | 100 | PROPOSED VERDICT FORM by SOUTHERN PINES TRUCKING, INC.. (Sirianni, Teresa) (Entered: 01/14/2022) |
|---|---|---|
| 01/19/2022 | 101 | STIPULATION *JOINT* by SOUTHERN PINES TRUCKING, INC.. (Randle, Morgan) (Entered: 01/19/2022) |
| 01/25/2022 | 102 | ORDER regarding voir dire. The Court has reviewed both parties' proposed voir dire questions. After its review, the Court has adopted substantially all of the proposed questions, but has altered the wording of certain questions to narrow the focus to the specifics of the case, and to account for certain objections. In addition to open court voir dire, the jury pool will be required to complete a written questionnaire, which will provide counsel with additional information. Attached to this order is the Court's voir dire script and questions, and the written questionnaire. The Court will further discuss these matters with counsel at the final pre-trial conference, before finalizing the voir dire. Signed by Judge J. Nicholas Ranjan on 1/25/2022. (Attachments: # 1 Supplement) (av) (Entered: 01/25/2022) |
| 01/25/2022 | 103 | ORDER REGARDING TENTATIVE TRIAL TIME LIMITS. The Court has reviewed the relevant pre-trial submissions, including the parties' exhibits and witness lists, and has set the following time parameters for this trial. The Court will allot 8 hours per side for direct and cross-examination, with 30 minutes each for opening and closing statements, for a total of 18 hours of trial time. The clock will not run against any party during sidebars. These are tentative time parameters, and can be further discussed at the final pre-trial conference after further consultation with counsel. Signed by Judge J. Nicholas Ranjan on 1/25/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 01/25/2022) |
| 01/25/2022 | 104 | ORDER ON DEFENDANTS' MOTIONS IN LIMINE 89 91 . Upon review of Defendants' two motions in limine, the Court denies the motions. Plaintiff is authorized to use the deposition designations of Mr. Gallagher at trial. As the CEO of SPT, his unavailability is not necessary for use of the deposition. See FRCP 32(a)(3). The excerpts otherwise do not contain any objectionable material. As to Defendant's motion to exclude exhibits 8, 9, and 12, the Court finds that those documents are relevant, and otherwise not unduly prejudicial compared to their probative value. Ultimately, Defendant's dispute with these exhibits concerns the weight of the evidence, not admissibility. Signed by Judge J. Nicholas Ranjan on 1/25/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 01/25/2022) |
| 01/28/2022 | 105 | ORDER REGARDING JURY INTRUCTIONS. Upon review of the parties' proposed jury instructions and the applicable law, the Court has finalized the jury instructions. See attached. The Court will explain its resolution of the parties' disputes on the record at the final pre-trial conference. Signed by Judge J. Nicholas Ranjan on 1/28/2022. (av) (Entered: 01/28/2022) |
| 01/28/2022 | 106 | ORDER REGARDING VERDICT FORM. Upon review of the parties' proposed verdict forms and the applicable law, the Court has finalized the verdict form. See attached. Signed by Judge J. Nicholas Ranjan on 1/28/2022. (av) (Entered: 01/28/2022) |
| 01/31/2022 | 107 | MOTION *TO EXCLUDE ANTICIPATED HEARSAY STATEMENTS AT TRIAL* by SOUTHERN PINES TRUCKING, INC. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 01/31/2022) |
| 01/31/2022 | 108 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Final Pretrial Conference held on 1/31/2022. (Court Reporter: N. Re) (av) (Entered: 01/31/2022) |
| 01/31/2022 | 109 | |

**000102a**

| | | |
|---|---|---|
| | | ORDER. The parties shall confer and jointly file a proposed limiting instruction regarding the back pay and front pay charts discussed at the pre-trial conference by 2/3/2022 at 12:00 p.m. Signed by Judge J. Nicholas Ranjan on 1/31/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 01/31/2022) |
| 01/31/2022 | 110 | ORDER Response/Briefing Schedule re 107 Motion to Exclude. Defendant shall file any supporting factual documentation in support of its motion by 2/1/2022 at 3:00 p.m. Plaintiff shall file a response brief, responding to the motion and also including any supporting factual documentation, by 2/2/2022 at 3:00 p.m. Signed by Judge J. Nicholas Ranjan on 1/31/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 01/31/2022) |
| 02/01/2022 | 111 | SUPPLEMENT by SOUTHERN PINES TRUCKING, INC. to 107 Motion TO EXCLUDE ANTICIPATED HEARSAY STATEMENTS AT TRIAL. (Attachments: # 1 Exhibit "A", # 2 Exhibit "B", # 3 Exhibit "C") (Sirianni, Teresa) Modified text on 2/7/2022. (keh) (Entered: 02/01/2022) |
| 02/01/2022 | 112 | Proposed Jury Instructions *on Demonstrative Charts* by SOUTHERN PINES TRUCKING, INC. (Randle, Morgan) (Entered: 02/01/2022) |
| 02/01/2022 | 113 | ORDER REGARDING JURY INTRUCTIONS. The Court has revised the jury instructions as discussed on the record at the 1/31/2022 final pre-trial conference. See attached. Signed by Judge J. Nicholas Ranjan on 2/1/2022. (av) (Entered: 02/01/2022) |
| 02/02/2022 | 114 | BRIEF in Opposition re 107 Motion TO EXCLUDE ANTICIPATED HEARSAY STATEMENTS AT TRIAL filed by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Elzer, Christine) Modified text on 2/3/2022. (keh) (Entered: 02/02/2022) |
| 02/03/2022 | 115 | ORDER, authorizing the use of Rule 1006 Summary Exhibit. Plaintiff has presented the Court with a Rule 1006 summary chart, which summarizes 52 pages of insurance invoices in Exhibit 7. After review of the chart and the underlying invoices, the Court will allow Plaintiff to introduce the summary (Exhibit 7A). The underlying documents within Exhibit 7 are admissible (no party objected to them), and the chart merely copies and pastes the invoice data in a summary fashion that is not pedagogical in any way. Defendant has argued that a person with personal knowledge of the invoices must be the one to prepare the chart, but that is not necessarily so. Testimony concerning the authenticity and accuracy of a summary may be provided by a person who supervised its preparation or carefully reviewed its content. See United States v. Lynch, 735 F. App'x 780, 785 (3d Cir. 2018). Defendant also argues that a Rule 1006 chart is unnecessary because the records here are not so voluminous. True, 52 pages isnt a lot; but the nature of these records (dry insurance invoices) would make it inconvenient and inefficient to proceed through each page one at a time. The Court will therefore allow the chart. But the Court will also confer with counsel to provide a supplemental limiting instruction as to the proper consideration of a Rule 1006 chart. Signed by Judge J. Nicholas Ranjan on 2/3/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 02/03/2022) |
| 02/03/2022 | 116 | MEMORANDUM ORDER denying 107 Motion to Exclude Anticipated Hearsay Statements at Trial. Signed by Judge J. Nicholas Ranjan on 2/3/2022. (lmg) (Entered: 02/03/2022) |
| 02/08/2022 | 117 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Jury Selection and Trial held on 2/7/2022. (Court Reporter: N. Re) (av) (Entered: 02/08/2022) |
| 02/08/2022 | | |

| | | |
|---|---|---|
| | | Set/Reset Hearings: Jury Trial set for 2/8/2022 at 8:30 AM in Courtroom 6C before Judge J. Nicholas Ranjan. (av) (Entered: 02/08/2022) |
| 02/09/2022 | 118 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Jury Trial held on 2/8/2022. (Court Reporter: N. Re) (av) (Entered: 02/09/2022) |
| 02/09/2022 | 119 | FINAL JURY INSTRUCTIONS. (av) (Entered: 02/09/2022) |
| 02/10/2022 | 120 | Minute Entry for proceedings held before Judge J. Nicholas Ranjan: Jury Trial completed on 2/9/2022. (Court Reporter: N. Re) (Attachments: # 1 Exhibit and Witness List) (av) (Entered: 02/10/2022) |
| 02/10/2022 | 121 | JURY VERDICT in favor of THOMAS J. KAIRYS, in part, and SOUTHERN PINES TRUCKING, INC., in part. (av) (Entered: 02/10/2022) |
| 02/10/2022 | 122 | ORDER regarding post-trial submissions. All counsel shall confer and file a joint notice by 2/11/21, proposing a procedure and schedule by which the remaining liability, damages, fees, and interest issues shall be addressed by the Court. Signed by Judge J. Nicholas Ranjan on 2/10/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 02/10/2022) |
| 02/11/2022 | 123 | NOTICE re Post-Trial Submissions (Joint) by THOMAS J. KAIRYS re 122 Order, (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 02/11/2022) |
| 02/14/2022 | 124 | ORDER regarding post-trial submissions. Each party shall file a brief regarding its respective position on Plaintiff's ERISA claim by 2/25/2022. The parties shall file all other applicable post-trial motions, including motions for attorneys' fees, interest, and any Rule 50 motions, by 3/9/2022. Signed by Judge J. Nicholas Ranjan on 2/14/2022. (av) (Entered: 02/14/2022) |
| 02/25/2022 | 125 | BRIEF in Support of 123 Notice Plaintiff's ERISA Claim filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 02/25/2022) |
| 02/25/2022 | 126 | MOTION Mold the Verdict by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 02/25/2022) |
| 02/25/2022 | 127 | BRIEF in Support re 126 Motion Mold the Verdict filed by THOMAS J. KAIRYS. (Elzer, Christine) Modified text on 2/28/2022. (keh) (Entered: 02/25/2022) |
| 02/25/2022 | 128 | BRIEF in Support of 124 Order, Set Deadlines, Brief Regarding Plaintiff's ERISA Claim filed by SOUTHERN PINES TRUCKING, INC. (Attachments: # 1 Exhibit "A") (Sirianni, Teresa) (Entered: 02/25/2022) |
| 03/01/2022 | 129 | ORDER Response/Briefing Schedule re 126 Motion to Mold the Verdict, and amending the Court's 124 post-trial order. The Court hereby amends and clarifies the current post-verdict briefing schedule. On or before 3/9/2022, Defendant shall file a response to the Plaintiff's motion to mold the verdict. The response shall be no more than five pages. The Court is presently taking the ERISA claim under advisement, and will issue an order on the ERISA count and also on the matters raised in the motion to mold the verdict, and then will enter final judgment as to all claims in this case. After the Court enters final judgment, the parties should then file any motions affecting the judgment (e.g., under FRCP 50, 52, 59, or otherwise) within the time limitations of the applicable rules, and any fee petitions within the appropriate time as set by law. Signed by Judge J. Nicholas Ranjan on 3/1/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 03/01/2022) |
| 03/31/2022 | 130 | MEMORANDUM ORDER granting 126 Motion to Mold Verdict. Signed by Judge J. Nicholas Ranjan on 3/31/2022. (av) (Entered: 03/31/2022) |

**000104a**

| 03/31/2022 | 131 | OPINION re ERISA claim. Signed by Judge J. Nicholas Ranjan on 3/31/2022. (av) (Entered: 03/31/2022) |
| 03/31/2022 | 132 | JUDGMENT pursuant to Rule 58 entered in favor of SOUTHERN PINES TRUCKING, INC. and against THOMAS J. KAIRYS as to Counts I, II, and VI of the Second Amended Complaint. IT IS FURTHER ORDERED that JUDGMENT is entered in favor of THOMAS J. KAIRYS and against SOUTHERN PINES TRUCKING, INC. as to Counts III, IV, and V of the Second Amended Complaint. &67.500 is awarded as to count III and $8,104.53 as the Counts IV and V. See attached Judgment for further details. Signed by Judge J. Nicholas Ranjan on 3/31/2022. (av) Modified on 4/11/2022 (ept). (Entered: 03/31/2022) |
| 04/12/2022 | 133 | MOTION for Attorney Fees by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Elzer Declaration, # 2 Exhibit Van Hausen Declaration, # 3 Exhibit Cordes Declaration, # 4 Exhibit Daller Declaration, # 5 Exhibit Horowitz Declaration, # 6 Exhibit Lamberton Declaration, # 7 Exhibit McElroy Declaration, # 8 Exhibit Pre-Verdict Attorneys' Fees, # 9 Exhibit Post-Verdict Attorneys' Fees, # 10 Exhibit Expenses, # 11 Proposed Order) (Elzer, Christine) (Entered: 04/12/2022) |
| 04/12/2022 | 134 | BRIEF in Support re 133 Motion for Attorney Fees, filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 04/12/2022) |
| 04/13/2022 | 135 | ORDER Response/Briefing Schedule re 133 Motion for Attorney Fees. Response to Motion due by 4/27/2022. Signed by Judge J. Nicholas Ranjan on 4/13/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 04/13/2022) |
| 04/26/2022 | 136 | NOTICE OF APPEAL as to 132 Rule 58 Judgment,, by SOUTHERN PINES TRUCKING, INC.. Filing fee $505, receipt number APAWDC-7071436. Motion for IFP N/A. Certificate of Appealability N/A. Court Reporter(s): N. Re. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will NOT be mailed to the parties. The form is available on the Court's internet site. (Attachments: # 1 Exhibit "A", # 2 Exhibit "B", # 3 Exhibit "C") (Sirianni, Teresa) (Entered: 04/26/2022) |
| 04/26/2022 | 137 | MOTION to Stay re 132 Rule 58 Judgment, by SOUTHERN PINES TRUCKING, INC. (Attachments: # 1 Proposed Order) (Sirianni, Teresa) (Entered: 04/26/2022) |
| 04/27/2022 | 138 | USCA Case Number 22-1783 for 136 Notice of Appeal, filed by SOUTHERN PINES TRUCKING, INC. USCA Case Manager Stephanie (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (sb3c) (Entered: 04/27/2022) |
| 04/27/2022 | 139 | ORDER Response/Briefing Schedule re 137 Motion to Stay. Response to Motion due by 5/4/2022. Brief shall not exceed 10 pages. Signed by Judge J. Nicholas Ranjan on 4/27/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 04/27/2022) |
| 04/27/2022 | 140 | RESPONSE IN OPPOSITION to 133 Motion for Attorney Fees, filed by SOUTHERN PINES TRUCKING, INC. (Sirianni, Teresa) (Entered: 04/27/2022) |
| 04/27/2022 | 141 | BRIEF in Opposition re 137 Motion to Stay filed by SOUTHERN PINES TRUCKING, INC. (Sirianni, Teresa) (Entered: 04/27/2022) |
| 04/29/2022 | 142 | RESPONSE to Motion re 137 MOTION to Stay re 132 Rule 58 Judgment filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 04/29/2022) |
| 04/29/2022 | 143 | |

**000105a**

| | | |
|---|---|---|
| | | MOTION for Leave to File Reply Brief by THOMAS J. KAIRYS. (Attachments: # 1 Exhibit Proposed Reply Brief, # 2 Proposed Order) (Elzer, Christine) (Entered: 04/29/2022) |
| 05/02/2022 | 144 | ORDER granting 143 Motion for Leave to File Reply Brief. The reply brief shall be filed today, 5/2/2022. Signed by Judge J. Nicholas Ranjan on 5/2/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/02/2022) |
| 05/02/2022 | 145 | REPLY BRIEF re 133 Motion for Attorney Fees, filed by THOMAS J. KAIRYS. (Van Hausen, Tamra) (Entered: 05/02/2022) |
| 05/09/2022 | 146 | ORDER granting in part 133 Motion for Attorney Fees. Signed by Judge J. Nicholas Ranjan on 5/9/2022. (lmg) (Entered: 05/09/2022) |
| 05/09/2022 | 147 | ORDER denying 137 Motion to Stay, without prejudice. By 5/16/2022, the parties shall confer and file a proposed stipulated consent stay order, with an agreed-to bond amount. If the parties cannot agree, Defendant may re-file the motion. Signed by Judge J. Nicholas Ranjan on 5/9/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 05/09/2022) |
| 05/10/2022 | 148 | MOTION to Withdraw as Attorney by SOUTHERN PINES TRUCKING, INC. (Attachments: # 1 Proposed Order) (Randle, Morgan) (Entered: 05/10/2022) |
| 05/11/2022 | 149 | ORDER granting 148 Motion to Withdraw as Attorney. Attorney Morgan M. J. Randle terminated. Signed by Judge J. Nicholas Ranjan on 5/11/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/11/2022) |
| 05/16/2022 | 150 | STIPULATION re 147 Order on Motion to Stay, *Stipulated Consent Stay Order* by SOUTHERN PINES TRUCKING, INC. (Sirianni, Teresa) (Entered: 05/16/2022) |
| 05/16/2022 | 151 | MOTION for Reconsideration re 146 Order on Motion for Attorney Fees *related to ADR Costs* by THOMAS J. KAIRYS. (Attachments: # 1 Proposed Order) (Elzer, Christine) (Entered: 05/16/2022) |
| 05/16/2022 | 152 | BRIEF in Support re 151 Motion for Reconsideration *related to ADR Costs* filed by THOMAS J. KAIRYS. (Elzer, Christine) (Entered: 05/16/2022) |
| 05/17/2022 | 153 | ORDER re 150 Stipulation. The Court approves a supersedeas bond in the amount of $180,000, as the parties stipulated. The Court will enter an order staying the case upon posting of this bond. Signed by Judge J. Nicholas Ranjan on 5/17/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/17/2022) |
| 05/17/2022 | 154 | ORDER Response/Briefing Schedule re 151 Motion for Reconsideration. Response to Motion due by 5/24/2022. Brief shall not exceed 5 pages. If Defendant does not oppose the motion, no response need be filed. Signed by Judge J. Nicholas Ranjan on 5/17/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 05/17/2022) |
| 05/24/2022 | 155 | RESPONSE to Motion re 151 MOTION for Reconsideration re 146 Order on Motion for Attorney Fees *related to ADR Costs* filed by SOUTHERN PINES TRUCKING, INC. (Sirianni, Teresa) (Entered: 05/24/2022) |
| 05/24/2022 | 156 | BRIEF in Support of 155 Response to Motion filed by SOUTHERN PINES TRUCKING, INC. (Sirianni, Teresa) (Entered: 05/24/2022) |
| | | |

**000106a**

| | | |
|---|---|---|
| 05/27/2022 | 157 | ORDER denying 151 Motion for Reconsideration re 146 *Order on Motion for Attorney Fees related to ADR Costs* filed by THOMAS J. KAIRYS. After careful consideration, the Court denies Plaintiff's motion for reconsideration. Plaintiff argues that the Court is not allowed to sua sponte reduce a cost item in assessing a fee petition. The cases on which Plaintiff relies concern a situation where there is a factual dispute over the reasonableness of fees, and not a pure legal question, and so the Court finds those cases inapposite. But even if they applied, the Court has reviewed Plaintiffs motion for reconsideration under a de novo standard, and that motion gave Plaintiff the opportunity to defend that cost reduction. *See Bell v. United Princeton Props.*, 884 F.2d 713, 720 ("Bell's attorneys were able to (and did) submit reply briefs responding to the allegations of excess[.]"). As to the merits of the cost reduction, the Court views the ADR stipulation as an agreement as to how the mediators costs were to be split, and therefore binding on the parties. *See, e.g., Atl. City Assocs., LLC v. Carter & Burgess Consultants, Inc.*, No. 05-3227, 2010 WL 1371938, at *6 (D.N.J. Mar. 31, 2010) (reducing fee petition where mediation fees were covered by a mediation agreement). If a party does not participate in the mediation in good faith, as Plaintiff alleges occurred here, the recourse is to immediately file a motion for sanctions. No such motion was filed around the time of the mediation. Plaintiff is concerned about the negative precedent that this decision may set. But each case is different. The Court confers with the parties at the initial case management conference to discuss issues as to the cost-sharing arrangement of the mediation, and there are some cases in which the parties, with Court approval, agree to different cost-sharing arrangements. Signed by Judge J. Nicholas Ranjan on 5/27/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lmg) (Entered: 05/27/2022) |
| 06/02/2022 | 158 | NOTICE OF APPEAL as to 146 Order on Motion for Attorney Fees by SOUTHERN PINES TRUCKING, INC. Filing fee $505, receipt number APAWDC-7133386. Motion for IFP N/A. Certificate of Appealability N/A. Court Reporter(s): Noreen Re. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will NOT be mailed to the parties. The form is available on the Court's internet site. (Attachments: # 1 5/9/22 Order - ECF 146, # 2 Docket - No: 19-1031 USDC-WD PA) (Sirianni, Teresa) (Entered: 06/02/2022) |
| 06/03/2022 | 159 | USCA Case Number 22-2055 for 158 Notice of Appeal,, filed by SOUTHERN PINES TRUCKING, INC.. USCA Case Manager Stephanie (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (sb3c) (Entered: 06/03/2022) |
| 06/06/2022 | 160 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings re Pretrial Conference held on January 31, 2022 before Judge J. Nicholas Ranjan. Court Reporter Noreen A. Re, Telephone number 412-204-6041. Tape Number: nre.usdistrictcourt@aol.com. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter or viewed at the clerk's office public terminal. **Any Notice of Intent to Request Redaction and Redaction Request must be separately mailed to the court reporter of said proceedings.** Notice of Intent for Redaction of Personal Data Identifiers due by 6/13/2022. Redaction Request due 6/27/2022. Redacted Transcript Deadline set for 7/7/2022. Release of Transcript Restriction set for 9/6/2022. (nar) (Entered: 06/06/2022) |
| 06/06/2022 | 161 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings re Jury Trial - Volume I held on February 7, 2022 before Judge J. Nicholas Ranjan. Court Reporter Noreen A. Re, Telephone number 412-204-6041. Tape Number: |

**000107a**

|  |  | nre.usdistrictcourt@aol.com. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter or viewed at the clerk's office public terminal. **Any Notice of Intent to Request Redaction and Redaction Request must be separately mailed to the court reporter of said proceedings.** Notice of Intent for Redaction of Personal Data Identifiers due by 6/13/2022. Redaction Request due 6/27/2022. Redacted Transcript Deadline set for 7/7/2022. Release of Transcript Restriction set for 9/6/2022. (nar) (Entered: 06/06/2022) |
| 06/06/2022 | 162 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings re Jury Trial - Volume II held on February 8, 2022 before Judge J. Nicholas Ranjan. Court Reporter Noreen A. Re, Telephone number 412-204-6041. Tape Number: nre.usdistrictcourt@aol.com. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter or viewed at the clerk's office public terminal. **Any Notice of Intent to Request Redaction and Redaction Request must be separately mailed to the court reporter of said proceedings.** Notice of Intent for Redaction of Personal Data Identifiers due by 6/13/2022. Redaction Request due 6/27/2022. Redacted Transcript Deadline set for 7/7/2022. Release of Transcript Restriction set for 9/6/2022. (nar) (Entered: 06/06/2022) |
| 06/06/2022 | 163 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings re Jury Trial - Volume III held on February 9, 2022 before Judge J. Nicholas Ranjan. Court Reporter Noreen A. Re, Telephone number 412-204-6041. Tape Number: nre.usdistrictcourt@aol.com. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter or viewed at the clerk's office public terminal. **Any Notice of Intent to Request Redaction and Redaction Request must be separately mailed to the court reporter of said proceedings.** Notice of Intent for Redaction of Personal Data Identifiers due by 6/13/2022. Redaction Request due 6/27/2022. Redacted Transcript Deadline set for 7/7/2022. Release of Transcript Restriction set for 9/6/2022. (nar) (Entered: 06/06/2022) |
| 06/14/2022 | 164 | Supersedeas BOND in the amount of $180,000 Receipt Number K41549385, posted by SOUTHERN PINES TRUCKING, INC. Federal Insurance Company as Surety. (Sirianni, Teresa) (Entered: 06/14/2022) |
| 06/15/2022 | 165 | ORDER STAYING EXECUTION OF JUDGMENT. As stated in the Court's 153 Order, now that bond has been posted, execution on judgment, inclusive of attorneys' fees and costs awarded, is hereby stayed pending final disposition of the appeal before the Third Circuit. The stay of execution shall remain in effect until the Court's receives the mandate from the third Circuit, or upon motion by any party. Signed by Judge J. Nicholas Ranjan on 6/15/2022. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (av) (Entered: 06/15/2022) |

**PACER Service Center**

**000108a**

| Transaction Receipt | | | |
|---|---|---|---|
| 09/29/2022 16:43:01 | | | |
| **PACER Login:** | ajcopeland440 | **Client Code:** | 41098-00153-0087 |
| **Description:** | Docket Report | **Search Criteria:** | 2:19-cv-01031-NR |
| **Billable Pages:** | 17 | **Cost:** | 1.70 |