**NOs. 22-1783 and 22-2055**

In the

# United States Court of Appeals
# for the Third Circuit

**THOMAS J. KAIRYS,**
**Appellee**

**v.**

**SOUTHERN PINES TRUCKING, INC.,**
**Appellant**

**REPLY BRIEF FOR APPELLANT SOUTHERN PINES TRUCKING, INC.**

On consolidated appeals from the Final Judgment (ECF 132) entered March 31, 2022 pursuant to the March 31, 2022 Opinion (ECF 131) and Order and Judgment entered May 9, 2022 (ECF 146), of the United States District Court for the Western District of Pennsylvania, No. 2:19-cv-1031-NR

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
Audrey J. Copeland, Esq.   PA I.D. No. 44291
620 Freedom Business Center, Suite 405
King of Prussia, PA 19406
Ph: (610) 354-8274/Fax: (610) 354-8299

Teresa O. Sirianni, Esq.   PA I.D. 90472
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
Ph:(412) 803-1140  Fax:(412) 803-1188/fax

*Attorneys for Appellant Southern Pines Trucking, Inc.*

# **<u>TABLE OF CONTENTS</u>**

Page

TABLE OF AUTHORITIES i

REPLY ARGUMENT 1

I. THE DISTRICT COURT ERRED BY ENTERING
JUDGMENT IN FAVOR OF PLAINTIFF KAIRYS ON
HIS ERISA CLAIM 1

 A. SPT's arguments that it was entitled to judgment on
the ERISA claim as a matter of law and other errors
are properly before this Court 1

  1. Kairys waived his argument that SPT waived its
ERISA issues 2

  2. SPT preserved its argument that it was entitled to
a judgment as a matter of law and that the evidence
was legally insufficient to support Kairys' ERISA
claim 3

  3. SPT was not required to renew its Rule 50 motion
at the close of the evidence 4

  4. SPT preserved the issues on appeal in its ERISA
brief before the ERISA claim was submitted for
the non-jury verdict 6

  5. SPT preserved its issues through its direct appeal
to this Court 8

  6. SPT preserved the issue that the District Court was
required to adhere to the jury's binding factual and
credibility findings in the intertwined claims on the
common evidence 11

  7. SPT did not forfeit its right to challenge remedies 14

8.    SPT's arguments should be addressed as a matter of public interest and in the interest of justice    15

II.    THE DISTRICT COURT ERRED BY FINDING THAT KAIRY'S USE/FUTURE USE OF ERISA BENEFITS WERE DETERMINATIVE FACTORS IN HIS TERMINATION    17

A.    The District Court was not free to reject the jury's finding of fact on common evidence    17

B.    The District Court's factual findings were clearly erroneous    17

C.    The District Court's findings disbelieving Pat Gallagher were clearly erroneous and inconsistent with the jury    18

D.    The District Court's findings that Pat Gallagher was upset about the cost of Kairys' surgery were unsupported and otherwise clearly erroneous    19

E.    The District Court did not draw reasonable inferences from the circumstantial evidence about the the health insurance invoices    20

F.    The District Court's legal conclusions were not supported by the evidence    21

III.    THE JURY'S VERDICT AND FACTUAL AND CREDIBILITY FINDINGS IN THE AGE AND DISABILITY CLAIMS PRECLUDED THE ERISA VERDICT IN KAIRYS' FAVOR    24

IV.    THE DISTRICT COURT ERRED IN ITS FRONT PAY AWARD    26

V.    THE DISTRICT COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEYS' FEES AND COSTS    26

CONCLUSION    27

CERTIFICATE OF BAR MEMBERSHIP 28

CERTIFICATE OF COMPLIANCE 28

CERTIFICATE OF SERVICE 29

# TABLE OF AUTHORITIES

**Cases:**

*Council of Alter. Pol. Parties v. Hooks*, 179 F.3d 64 (3d Cir.1999) ......................15

*Davies By & Through Davies v. Lackawanna Cty.*, 3:15-CV-1183, 2018 WL 924205 (M.D. Pa. Feb. 14, 2018)..........................................................................12

*Franki Found. Co. v. Alger–Rau & Assoc., Inc.*, 513 F.2d 581 (3d Cir. 1975) ................................................................................................15

*Gilbert v. Sterrett*, 509 F.2d 1389 (5th Cir. 1975)....................................................10

*Pennington v. W. Atlas, Inc.,* 202 F.3d 902 (6th Cir. 2000) ....................................12

*Romero v. Allstate*, 2016 WL 2595102 (E.D. Pa. May 3, 2016)...................... 24, 25

*Tri-M Grp., LLC v. Sharp*, 638 F.3d 406 (3d Cir. 2011)..........................................15

*Veverka v. Royal Caribbean Cruises Ltd.,* 649 Fed.Appx. 162 (3d Cir. 2016) ..............................................................................................2, 16

*Washington v. Gilmore*, CV 18-340, 2022 WL 4279858 (W.D. Pa. Sept. 15, 2022).........................................................................................5

*Williams v. Runyon*, 130 F.3d 568 (3d Cir. 1997). .....................................................3

**Rules:**

Fed.R.C.P. 50 ................................................................................. *passim*

Fed.R.C.P. 52(a)(5) ................................................................ 9, 10, 14

Fed.R.C.P. 59(a)(2). ................................................................ 10, 14

Fed.R.Civ.P. 52(a)(6)..............................................................................12

Fed.R.Civ.P. 52(b) ................................................................. 9, 10, 14

## **REPLY ARGUMENT**

Appellant Southern Pines Trucking, Inc. ["SPT"] requests that this Court reverse the District Court's judgment for Mr. Kairys on his ERISA claim and award of attorney fees and costs, all of which errors were preserved below.  SPT's principal brief is incorporated as if fully set forth herein.

### I.  THE DISTRICT COURT ERRED BY ENTERING JUDGMENT IN FAVOR OF PLAINTIFF KAIRYS ON HIS ERISA CLAIM

#### A.  SPT's arguments that it was entitled to judgment on the ERISA claim as a matter of law and other errors are properly before this Court

SPT properly preserved the issues on appeal at every stage of the proceedings, including its entitlement to  judgment as a matter of law.  Kairys admits that SPT raised this argument in its Rule 50(a) motion at trial.  Appellees' brief, p. 18.  Kairys is incorrect, however, in asserting that SPT improperly raised "new" issues on appeal.  SPT has always argued Kairys' failure to establish an ERISA claim, and any new issues addressed in SPT's brief are specific to the District Court's nonjury verdict, opinion and findings and conclusions.  Kairys also mischaracterizes SPT's arguments and the issues and errors alleged by SPT, all of which have been timely and thoroughly raised, documented and explained.  *See*, for instance, SPT's Rule 50 motion (A.438a-441a) and ERISA Brief (A. 740-751), as described, *infra.*

1

### 1.    Kairys waived his argument that SPT waived its ERISA issues

As Kairys raises SPT's alleged waiver of the ERISA issues for the first time on appeal, Kairys waived this issue for consideration. *Veverka v. Royal Caribbean Cruises Ltd.,* 649 Fed.Appx. 162, 166 (3d Cir. 2016)(finding that plaintiff waived argument that defendant waived its statute of limitations defense by "failing to raise it below.") *Id.* Like the *Veverka* plaintiff, Kairys did not argue that SPT waived the issues SPT asserts on appeal before the District Court below. This includes, but is not limited to Kairys' arguments that SPT did not preserve an issue that it was entitled to judgment as a matter of law or the full record was legally insufficient, and that SPT "forfeited" the argument that the District Court was bound by the jury's verdict. *See* Appellees' brief, pp. 23. None of Kairys' newly raised waiver arguments were specifically preserved below, such as at trial or in Kairys' Brief in Support off ERISA Section 510 Claim.

Kairys also does not explain why he did not argue SPT's purported waiver below, or request that his omission should be excused or the rule relaxed in the public interest or interests of justice. *See Veverka*, 649 Fed.Appx. at 166. As a result, Kairys waived its right to contest SPT's appellate issues on the basis of SPT's purported waiver.

**2.      SPT preserved its argument that it was entitled to a judgment as a matter of law and that the evidence was legally insufficient to support Kairys' ERISA claim**

SPT has not waived any of its issues regarding the erroneous ERISA judgment, and raised and preserved its ERISA issues at each appropriate stage of this case: that SPT was entitled to judgment on the ERISA claim as a matter of law; that Kairys is not entitled to judgment because the evidence was legally insufficient to support the ERISA claim; that the ERISA determination in Kairys' favor is not supported by the record and was against its weight; and, that the District Court had to abide by the jury's binding factual and credibility findings on the intertwined claims and common facts and return a verdict consistent with them. "The issue of waiver is a legal question for this Court, and the scope of review is plenary." *Williams v. Runyon*, 130 F.3d 568, 571 (3d Cir. 1997).

As Kairys acknowledges, SPT made a Rule 50 motion at the close of Kairy's case, arguing that SPT was entitled to judgment as a matter of law and that the evidence was legally insufficient to sustain the ERISA claim. *See* A38a; A438a-441a.  SPT's Rule 50 motion also preserved the argument that SPT was entitled to judgment as a matter of law based upon the full record.  Specifically, SPT argued as to Kairys' claims that the evidence was merely hearsay testimony by Kairys that Bob Gallagher told him Pat Gallagher was unhappy, and even assuming this November 2016 conversation occurred "which both witnesses we anticipate will

deny," there was no temporal proximity as it was a year before the November surgery and 17 months before Kairys' termination; there was no direct evidence that Pat Gallagher knew about the surgery beforehand; SPT paid for and did not challenge the surgery; the insurance invoices did not identify any entity, employee or procedure; there was no evidence, and it could not be deduced that Kairys incurred the charges; there was no evidence that Pat Gallagher knew of the costs or believed the charges related to Kairys (and he would testify to the contrary); and, Gerald Hickly testified that Paul Vargo, not Gallagher; handled the insurance expenses. *Id.* SPT further argued that Kairys did not introduce proof that SPT's legitimate nondiscriminatory reason that it had maxed out its sales was pretextual; that Kairys agreed that when he left all customers were contracted for; and, that there would be no additional sales work and Kairys had completed that task. *Id.*[1]

### 3.    SPT was not required to renew its Rule 50 motion at the close of the evidence

Kairys argues that SPT did not renew its Rule 50(a) motion at the conclusion of all of the evidence, thus waived its prior arguments that it was entitled to judgment as a matter of law and as to the insufficiency of the evidence. *See* Appellee's brief, p. 19.  SPT was not required to renew its Rule 50 motion to preserve its issues for appellate review.  Rule 50(a)(2) provides that "[a] motion for

---

[1] SPT's counsel also addressed the breach of contract and WPCL claim.

judgment as a matter of law may be made at any time before the case is submitted

to the jury." Fed.R.Civ.P. 50(a)(2).  Rule 50(a)(2) states in relevant part, that "a

motion for judgment as a matter of law may be made ***at any time before the case is***

***submitted to the jury***."  Fed.R.Civ.P. 50(a)(2)(emphasis added); *see also*

*Washington v. Gilmore*, CV 18-340, 2022 WL 4279858, at *2 (W.D. Pa. Sept. 15,

2022)("At the conclusion of the non-moving party's case, the moving party may

make a motion for judgment as a matter of law any time before submission to the

jury"), citing Fed.R.Civ.P. 50(a)(2).[2]  SPT made its Rule 50(a) motion at the close

of Kairys' evidence and before the case was submitted to the jury thus preserved

the issues that it was entitled to judgment as a matter of law and regarding the

insufficiency of the evidence.

Again, SPT's Rule 50 motion also preserved the argument that SPT was

entitled to judgment on the full record even though SPT's few witnesses had not

testified at that juncture.  For instance, SPT argued that Bob Gallagher would

provide testimony denying his conversation with Kairys, and Bob and Pat

Gallagher would deny that Pat told Bob that he was upset at the cost of Kairys'

surgery, and that Pat would testify that he did not know of the cost of Kairy's

surgery as purportedly reflected on the insurance invoice, or whether the charges

---

[2] The record evidence was also argued after the close of evidence during discussion of Kairys'
Rule 50 motions, but the District Court intention to send the case to the jury was clear.  *See*
A.613a-623a.

related to Kairys.  As SPT promised, testimony was in fact heard from Pat

Gallagher, Bob Gallagher and Paul Vargo **just as SPT had described**, and SPT

rested its case.  SPT also made its arguments on the full record in its Brief

Regarding Plaintiff's ERISA Claim ["ERISA Brief"] **before** the court returned the

non-jury verdict in Kairys' favor on the ERISA claim.

> **4.      SPT preserved the issues on appeal in its ERISA brief
> before the ERISA claim was submitted for the non-
> jury verdict**

Kairys incorrectly asserts that SPT's ERISA Brief did not argue to the

District Court that that the evidence was legally insufficient and SPT's arguments

were not limited to the credibility of the witnesses.  *See* Appellee's brief, p. 19.  To

the contrary, review of SPT's ERISA brief (A.740a-751a) shows that SPT

reiterated and more fully addressed the arguments made in its Rule 50(a) motion,

including sufficiency of the evidence **before** the case was submitted for non-jury

verdict by the District Court.

SPT argued the jury's unanimous, correct verdict that Kairys failed to prove

by a preponderance of the evidence that SPT retaliated against him for having

exercised his right to ERISA-protected benefits, and/or interfered with his right to

future benefits, and that Kairys failed to prove his ERISA claim.  A.740a-741a.

SPT argued that Kairys failed to present evidence to prove the elements of an

ERISA retaliation claim - that SPT retaliated against him for exercising his right to

ERISA-protected benefits or interfered with Mr. Kairys' right to future benefits. A741a. SPT's ERISA Brief argued that Kairys' claims were based upon his unsupported speculative and subjective beliefs, his testimonial concessions, and that he was basing his case on assumptions themselves largely based on his own testimony. A747a-750a. SPT argued that Kairys failed to present concrete evidence that SPT interfered with his anticipated second surgery which was not even scheduled prior to the elimination of Kairys' position, and did not occur until December 2019. A.750a.

SPT's ERISA Brief argued that the trial record supported a defense verdict for SPT on the ERISA claim, and the weight of the evidence provided no basis for the District Court to find otherwise. A.741a. SPT also argued the full evidentiary record in urging the District Court to deny Kairys' ERISA claim and enter a verdict for SPT, including the testimony of Pat Gallagher, Bob Gallagher and Paul Vargo. R741a-742a, 748-751a. For instance, SPT argued that Pat Gallagher testified as to why no more sales were needed, and that he had nothing to do with the health insurance invoice or payment, that the unrefuted evidence showed that he did not even learn about Kairys' surgery until after the fact, and he never learned how much SPT paid for Kairys' surgery, had no such knowledge as to any specific medical payment for any employee, and was only aware of what the annual health insurance expenses were, not the expenses for any given month.

A.749a.  SPT argued that SPT's self-funded insurance is handled by a third party, and Paul Vargo testified that only himself and his administrator would receive weekly insurance invoices and Pat Gallagher was only involved in reviewing any insurance items at a high-level, and not on a weekly basis; that even if Vargo wanted information about particular medical costs incurred by an employee, he would have no access and UPMC would not provide it; and, that the invoices (Exhibit 7) were not in an amount that would cause Vargo to attempt to investigate further which would be in the $200,000 range.  A.748a-749a.  SPT argued, per the record, that the invoices lack any employee identifications, and rather show what has been incurred over a week period, including the total amount for each unidentified service, with no designation of the employee who incurred the service, what the service was or any other information that could lead to any retaliatory inference about Kairys.  A.749a.

Therefore, SPT preserved its ERISA issues in its Brief opposing Kairys' ERISA claim, and placed all issues before the District Court ***before*** it entered its non-jury ERISA verdict (A740a).  These are all arguments that SPT has also fully developed in its principal brief.

### 5.    SPT preserved its issues through its direct appeal to this Court

Also contrary to Kairys, SPT preserved the issues that it argues on appeal through its direct appeal from the judgment entered by the District Court on its

non-jury ERISA verdict, and no Rule 52 or 59 motion was required.  As the

ERISA claim was decided by non-jury verdict, no Rule 52 post-judgment motion

was required to preserve SPT's issues regarding the ERISA judgment for appeal.

*See* Fed.R.C.P. 52(a)(5).  Contrary to any suggestion by Kairys, SPT was not

obliged to file a motion under Fed.R.C.P. 52(b) to request amended or additional

findings to preserve its ERISA issues.  *See* Fed.R.C.P. 52(b).  Rule 52(a)(5)

provides that a litigant may question the evidentiary support and sufficiency of the

evidence supporting a district court's findings in a non-jury determination without

filing further motions:

> (5) Questioning the Evidentiary Support. ***A party may
> later question the sufficiency of the evidence supporting
> the findings***, whether or not the party requested findings,
> objected to them, moved to amend them, or moved for
> partial findings.

Fed.R.C.P. 52(a)(5)(emphasis added).  In accordance with Rule 52(a)(5), the

failure of a litigant to file an objection to the district court's findings, to file a

motion to amend them, or a motion for judgment, does ***not*** preclude appellate

review of a district court's findings of fact.  As stated in *Wright & Miller*:

> Federal Rule 52 is not intended to create formal barriers
> to appellate review in cases tried without a jury. Requests
> for findings and conclusions are not necessary for
> purposes of review. Nor is it necessary for a party
> seeking to question the sufficiency of the evidence on
> appeal to have made an objection in the district court to
> the findings or to have made a motion to amend them or
> a motion for judgment. Rule 52(a)(5) states that a party

> may challenge the sufficiency of the evidence supporting
> the findings whether or not it requested findings, objected
> to them, moved for amended or additional findings, or
> moved for judgment on partial findings.

§ 2581 Objections to Findings Not Required, 9C Fed. Prac. & Proc. Civ. § 2581

(3d ed.); *see Gilbert v. Sterrett*, 509 F.2d 1389, 1393 (5th Cir. 1975)("[t]he text

writers emphasize that, in cases tried without a jury there should be no formal

barriers to appellate review of the court's findings."), citing *Wright and Miller*,

Federal Practice and Procedure: Civil §§ 2581-82; 5 A; *Moore's Federal Practice*

52.11(4). There is no significance to a party electing not to file a Rule 52(b)

motion post-judgment and the issue can be preserved by direct appeal, in

accordance with Fed.R.Civ.P. 52(a)(5). *See Gilbert,* 509 F.2d at 1393 (attaching

"no significance" to absence of Rule 52(b) motion for additional findings)  SPT

similarly was not required to file a motion for new trial under Fed.R.C.P. 59(a)(2)

to preserve its ERISA issues, and Kairys cites no case law otherwise[3]

In short, SPT preserved the issues that it argues on appeal, in accordance

with Fed.R.C.P. 50, as permitted by Fed.R.C.P. 52, and consistent with the other

federal civil and appellate procedural rules, through its Rule 50 motion at trial

***prior to the jury's advisory ERISA verdict***, through SPT's ERISA Brief filed ***prior***

---

[3] Fed.R.C.P. 59(a)(2) addresses further action after a nonjury trial, stating  that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."  Fed.R.C.P. 59(a)(2).

*to the non-jury verdict*, through its timely notice of appeal, and appellate briefing. Notably, there were also atypical circumstances presented by this hybrid jury and nonjury trial, and SPT raised its issues timely and appropriately.

>    **6.    SPT preserved the issue that the District Court was required to adhere to the jury's binding factual and credibility findings in the intertwined claims on the common evidence**

Kairys argues that SPT "forfeited" the argument that the District Court was bound by the jury's verdict, and had only previously argued that the District Court should find against Kairys. Appellee's Brief, p. 20. This is belied by SPT's ERISA Brief, which preserved the argument that the District Court must adhere to and rule consistently with the jury's factual and credibility findings on the common evidence in these intertwined cases, and adopt the jury's advisory defense verdict on the ERISA claim.

SPT's ERISA Brief argued the elements of Kairys' claims and the specific jury determinations at to each claim on the verdict slip, including the advisory verdict on ERISA. SPT noted that in each instance, after hearing all testimony and evidence, the jury found that Kairys failed to prove that SPT discriminated against or retaliated against him. R742a-743a.

SPT did acknowledge the case law providing that a jury's advisory verdict per se is not binding on the District Court. A.741a. However, SPT argued that a jury's advisory determinations of credibility must be given "due regard" by a

district court, "when, as here, credibility of witnesses is involved in ascertaining the claim", such as pretext, and where the issues to be decided for other discrimination claims overlap with the issue where advisory findings are requested. A745a, citing *Pennington v. W. Atlas, Inc.,* 202 F.3d 902, 910-911(6th Cir. 2000)("[w]e are further persuaded in our opinion by the fact that an advisory jury rendered its decision in this case, the credibility of witnesses is involved in ascertaining pretext, and that this Court should give 'due regard' to the jury's determination of credibility.")[4]  SPT argued in its ERISA Brief that this  comports with Fed.R.Civ.P. 52(a)(6), which states that "[f]indings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."  A745a.  SPT also asserted that the District Court should adopt the jury's advisory verdict and "advisory findings" that Kairys failed to prove that SPT failed to establish his ERISA claim by a preponderance of the evidence, and that the advisory verdict for SPT was supported by substantial evidence and in accordance with its weight.  A.740a, 746a, 747a, 751a.

---

[4] SPT's ERISA Brief also cited *Davies By & Through Davies v. Lackawanna Cty.*, 3:15-CV-1183, 2018 WL 924205, at *2 (M.D. Pa. Feb. 14, 2018) which found the plaintiff's claims of discrimination based on failure to accommodate disability to be factually intertwined with the retaliation claim.  A. 745a.

Finally, SPT argued in its ERISA Brief that issues involving credibility and evidentiary weight necessarily overlapped in Kairys' disability discrimination, age discrimination and ERISA claims; that the jury's advisory verdict on ERISA was consistent with its defense verdicts on the age and disability claims; that the jury the jury uniformly rejected all of Kairys' discrimination/retaliation claims, consistent with the great weight of the evidence; and, that the jury necessarily credited SPT's witnesses over Kairys' evidence on the common evidence, thus rejected Kairy's testimony that Bob Gallagher told Kairys that Pat Gallagher was upset about having to pay for Kairys' surgery and for a second one in the future and to lay low.  A.746a-748a.

SPT therefore preserved the issue that the District Court must give due regard to the jury's factual and credibility findings, which were controlling, particularly where credibility of witnesses is involved in ascertaining the claim and the issues are intertwined and involve common facts and witnesses as here, and the District Court was obliged to adhere to and rule consistently with the jury's advisory findings and render a nonjury verdict in SPT's favor.

After the District Court issued its non-jury verdict for Kairys, opinion, and findings of fact and conclusions, SPT properly preserved the errors as to the District Court's clearly erroneous findings of fact and conclusions through its direct appeal to this Court, principal brief and this reply brief.  *See* Fed.R.Civ.P.

52(a)(5). SPT has argued to this Court that the District Court's factual findings were clearly erroneous as they were not supported by the evidence, and as the court erroneously failed to adhere to the jury's binding express and implied factual and credibility findings, and alternatively that the court's findings and verdict were erroneous as inconsistent and irreconcilable with the jury's findings and defense verdicts.

Kairys also argues that SPT's ERISA Brief did not cite the cases SPT argues in its appellate brief to support the binding nature of the jury's findings of fact. SPT was certainly permitted to more fully develop its argument before this Court, which includes citing additional supporting case law.

### 7.     SPT did not forfeit its right to challenge remedies

SPT adequately preserved its right to challenge Kairys' remedy of $67,500, and most particularly that Kairys is entitled to no remedy having failed to prove his ERISA claim.  The District Court did not require the parties to address remedies but merely to brief their "respective position on Plaintiff's ERISA claim..." (A720a), and initially stated that it needed no briefing at all (A.708a).  SPT was not required to file a Fed.R.Civ.P. 52(b) motion to preserve its right to challenge the court's findings on remedies.  *See* Fed.R.Civ.P. 52(a)(5).

**8.    SPT's arguments should be addressed as a matter of public interest and in the interest of justice**

SPT denies waiver or forfeiture of its asserted errors, but should this Court find otherwise, there are compelling reasons to relax the waiver rule and address the issues on their merits.  This Court may exercise its discretion to address arguments raised for the first time on appeal based on the "facts of individual cases." *Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011) (quoting *Council of Alter. Pol. Parties v. Hooks*, 179 F.3d 64, 69 (3d Cir.1999)(further citations omitted)).  The principle of waiver "is only a rule of practice and may be relaxed whenever the public interest or justice so warrants." *Tri-M Grp*, 638 F.3d at 416 (public interest weighed toward consideration of market participant issue)(quoting *Franki Found. Co. v. Alger–Rau & Assoc., Inc.*, 513 F.2d 581, 586 (3d Cir. 1975)).

In this case, the public interest and justice warrants this Court to reject Kairys' waiver argument and address the ERISA merits issues, and to clarify that an employer is entitled to judgment as a matter of law when an ex-employee filed an ERISA claim not supported by evidence and based solely on speculation, conjecture, and that party's own testimony.  These same interests are supported by appellate consideration and clarification of the extent to which a district court deciding an issue in equity is bound by a jury's express or implied factual and credibility findings that the employer did not discriminate or retaliate against

plaintiff in intertwined age and disability discrimination/retaliation claims and an advisory ERISA verdict based upon common evidence and witnesses, particularly where the credibility of witnesses is involved in ascertaining issues such as pretext. Further, if the District Court is not bound per se, whether a non-jury ERISA verdict can stand when the court's factual and credibility findings and verdict are utterly inconsistent with the jury's verdicts on intertwined facts and claims.  *See Veverka*, 649 Fed.Appx. at 166.

Additionally, any purported waiver should be excused based upon the atypical circumstances with hybrid jury and non-jury verdicts here, and where SPT made an oral Rule 50(a) motion for judgment as a matter of law ***prior to the jury's advisory ERISA verdict*** and then filed a written submission (ERISA Brief) renewing the Rule 50 issues and further arguing the insufficiency of the evidence and full evidence ***prior to the District Court's nonjury verdict***.  The situation here presents the type of extraordinary circumstances where any purported waiver should be set aside.

This Court is requested to disregard Kairys' "waiver" arguments, to find that SPT did preserve and not waive its ERISA issues, but if potential waiver is found, to address the merits of the errors argued by SPT in the public interest and considerations of justice.

## II.    THE DISTRICT COURT ERRED BY FINDING THAT KAIRY'S USE/FUTURE USE OF ERISA BENEFITS WERE DETERMINATIVE FACTORS IN HIS TERMINATION

SPT incorporates its exhaustive discussion of the merits issues in its

principal brief, and above.

### A.    The District Court was not free to reject the jury's findings of fact on common evidence

The District Court was not required to adopt the advisory verdict per se, but

was bound to adhere to the jury's previously made factual and credibility findings

(express and implied) on the evidence and witnesses common to the ERISA

discrimination claim, including those underlying the determination that SPT did

not discriminate or retaliate against Kairys.  Kairys never cross-appealed the jury's

defense verdicts on the age and disability discrimination/retaliation claims, and the

jury's express and implied findings are binding and controlling.

### B.    The District Court's factual findings were clearly erroneous

The District Court's findings were clearly erroneous because they were not

supported by the evidence.  Kairys' ERISA claim relied upon nonexistent

evidence, his own testimony which he admitted was based on his assumptions and

conjecture, and hearsay testimony regarding a conversation denied by participants

Bob Gallagher and Pat Gallagher (both of whom the jury necessarily found

credible or credited over Kairys when rejecting Kairys' other claims).  The District

Court's findings are *also* clearly erroneous because the court was required to

17

adhere to the jury's prior, controlling factual and credibility findings on the same evidence and witnesses, as argued in SPT's principal brief and above.  The District Court specifically acknowledged that "much of the evidence presented did overlap between the successful and unsuccessful claims, since all the claims had a 'common core of facts' and were based on related legal theories' of discrimination and pretext."  A89.a.

### C.    The District Court's findings disbelieving Pat Gallagher were clearly erroneous and inconsistent with the jury

Kairys argues that the District Court did not believe Pat Gallagher's testimony that Kairys was not retained by SPT in "operations" because Kairys worked in sales.  However, any such belief was unsupported.  Kairys himself admitted that he was hired ***solely*** and specifically for the newly created ***sales position*** for SPT's cryogenic fleet, that his ***job description did not include operations***, and that he only worked in operations on rare occasions to cover for the operations employees.  A.275a-277a, 280a-281a, 361a.

Kairys argues that the District Court found Pat Gallagher "evasive" on whether the age and health of employees affected SPT's insurance rates.  However, this finding was not supported by the evidence, and it could not be inferred on this basis or record that Gallagher or any SPT employee could or did ascertain the cost of Kairys' hip surgery from the insurance invoices.  Nor were there evidence or permissible inferences given the lack of a temporal connection, as Gallagher

terminated Kairys in April 2018 *five months* after his surgery, or based on the need for future surgery *which had not even been scheduled*. Also, the jury found in favor of SPT on Kairys' age and disability discrimination claims which were based upon the same evidence, thus certainly rejected Kairys' testimony and would have credited SPT's evidence and testimony. This included: Pat Gallagher's testimony that he was unaware of the cost of Kairys' November 2017 surgery and that elimination of Kairys' position was a business decision because sales were not needed and unrelated to Kairys' use or anticipated use of health benefits, and he was not mad about Kairy's surgery and never discussed the cost of Kairys' medical care; Bob Gallagher's denial of Kairys' claim that Bob related that Pat would be mad, angry or upset about Kairys' surgery or its cost; and, Paul Vargo's testimony that the invoices do not identify the employee or medical service, SPT does not have the capacity of asking providers what employees received what services, and, he received no inquiries about Kairys. P. Gallagher, A. 463a-468a, 470a-471a, 474a-479a, 519a; B. Gallagher, A.535a-539a; P. Vargo, A.572a-574a, 581a-584a, 598a, 603a-604a.

> **D.** **The District Court's findings that Pat Gallagher was upset about the cost of Kairys' surgery were unsupported and otherwise clearly erroneous**

Kairys further argues that the District Court credited Kairys' testimony that Bob Gallagher told him that Pat was upset about the costs of Kairys' surgery and to

"lay low."  Both Gallaghers denied this, and Kairys admitted he never investigated

whether Pat made this statement and that SPT paid for his surgery and gave him

time off without incident.  P. Gallagher, A.465a-468a; B Gallagher, A.535a-539a;

Kairys, A.370a-372a, 376a.  Such finding is also inconsistent with the jury's

factual and credibility findings necessarily rejecting Kairys' testimony and

accepting the testimony of Pat and Bob Gallagher and Paul Vargo as more

credible, and necessarily determining that the elimination of Kairy's position was

not pre-textual.  Kairys further argues that the District Court based its credibility

findings upon the witnesses' demeanor at trial, ***but the jury had also observed the***

***witnesses' demeanor and testimony firsthand*** in making its controlling credibility

findings as to the witnesses.

>    **E.**    **The District Court did not draw reasonable inferences from**
>    **the circumstantial evidence about the health insurance**
>    **invoices**

No witness or document ever specifically linked the invoice information

with Kairys or any particular employee or medical treatment, or established that

Gallagher or any SPT employee was aware of the cost of Kairys' surgery.  There

was no evidence as to who highlighted "SPO1" on the invoices (Ex. 7), why or

when any highlights were made, and the only evidence was Paul Vargo's

testimony that he had no information or knowledge on that issue.  A.583a.  As Pat

Gallagher testified that the invoices are paid by Paul Vargo, not Pat, that Pat did

not review the monthly invoices, and that he only examined the costs on an annual basis, there was no support for the court's finding that Pat would have reviewed medical costs at the end of the year and inference that Pat was aware of Kairys' surgery cost.  A.466a-468a, 470a-471a, 517a.

### F.     The District Court's legal conclusions were not supported by the evidence

Also contrary to Kairys, there was no evidence that would lead a reasonable factfinder to find discrimination and retaliation by SPT on the ERISA claim.  The evidence did not establish a claim for interference under ERISA, Section 510, 29 U.S.C. § 1140, or for retaliation.  As the initial "fact-finder," the jury made the controlling factual and credibility findings as to the common evidence.  The jury rejected Kairys' testimony and evidence as not credible, and necessarily credited that provided by SPT.  The District Court could not infer discrimination and retaliation from the evidence as the jury had already rejected any such inferences.

Kairys argues that the District Court found SPT's reasons implausible, but the evidence the court relied upon does not support pretext.  Kairys admits he was hired specifically to grow SPT's cryogenic trucking fleet and was successful, and SPT's witnesses testified that his Kairys' sales position became unnecessary once SPT's limited cryogenic trucking fleet (which SPT has not increased) was utilized to full capacity.  Kairys, A.275a-277a, 280a-281a, 361a; *see* P. Gallagher, A.474a-481a.

The District Court's finding that Kairys was fired in retaliation for the cost of his hip surgery is unsupported and also show's the court's conclusion to be unsupported, given that the court also noted that SPT gave Kairys a bonus before his termination.  The bonus shows Kairys' success in performing the sales job created for him, thus that SPT's elimination of that position was not pretextual given the lack of need for sales where there was 100% utilization of SPT's limited cryogenic trucking fleet, and as SPT did not want to purchase additional expensive trucks.  P. Gallagher, A.479a, 519a.  Also, the jury had *already* necessarily discredited Kairys, and found that SPT's reasons were not pretextual in the other claims.

Also, contrary to Kairys, SPT did not change its reasons for eliminating Kairys' position thus pretext could not be established on this basis.  SPT always argued that the need for Kairys' sales position was based on the availability and utilization of SPT's cryogenic trucks.  SPT's additional explanation regarding the difficulty in obtaining specialized hazmat drivers was part of that utilization. A.454a-455a.

The District Court's finding of antagonism was also clearly erroneous, not supported and could not support a finding of retaliation.  Pat Gallagher testified that he was merely upset, not mad, when he learned about Kairys' surgery because as CEO he did not know his employee was out (not its cost which he did not

know).  P. Gallagher, A.465a.  While Kairys testified that Bob Gallagher told him Pat was upset about the costs of the surgery, the jury necessarily found Kairys not credible.  This evidence was also insufficient to establish an ERISA claim by itself, and the jury necessarily found that SPT's reasons were not pretextual.

The ERISA verdict was also not supported by "evidence" of deviation because Pat Gallagher, as CEO, always had the right to terminate Kairys, thus did not depart from any standard termination procedures by acting unilaterally in that capacity..

The District Court also clearly erred in finding evidence of discrimination based upon SPT originally borrowing Kyle Kunkle from PGT Trucking for six months, for a hybrid role as an operations manger, who Kunkle did not replace Kairys or assume a sales position, and Kunkle's testimony related to the age discrimination claim upon which the jury found for SPT. *See* Kunkle, A.398a, 407a-408a; P. Gallagher, A.482a-483a.  Similarly, the finding that SPT attributed rising healthcare costs to Kairys was not supported by the evidence or any inferences therefrom as SPT has exhaustively described, including the lack of any evidence that SPT highlighted the insurance invoice.

Importantly, no evidence showed close temporal proximity between the alleged protected activity and end of Kairys' employment and the evidence was to the contrary as Kairys' hip surgery was in November 17, 2017, five months before

his April 2018 termination.  There was also no evidence from which a temporal

connection could be inferred  that Pat Gallagher terminated Kairys after

discovering the cost of Kairys' surgery close in time to the beginning of the new

benefits period, and fired him to prevent him from incurring further costs.  This is

pure conjecture and Kairy's second hip surgery had not even been scheduled at that

point and took place well after he left SPT.

### III.    THE JURY'S VERDICTS AND FACTUAL AND CREDIBILITY FINDINGS IN THE AGE AND DISABILITY CLAIMS PRECLUDED THE ERISA VERDICT IN KAIRYS' FAVOR

The issue of the prohibitive effect of the jury's determinations in the age and

disability discrimination claims on the ERISA nonjury verdict despite the different

elements, and SPT's preservation of these issues claim is discussed at length in

SPT's principal brief and above, and is incorporated here.  The District Court's

verdict was contradictory to, and irreconcilable with the age and disability verdicts,

and based on unsupported factual findings which disregarded the jury's prior,

controlling factual and credibility determinations.  As SPT observed in its principal

brief, the same facts and evidence are argued for each claim.  Based on Kairys'

claims and on this record, it was not possible factually and legally for SPT to  only

prevail on the age and disability discrimination claims and not the ERISA claim.

*Romero v. Allstate*, 2016 WL 2595102 (E.D. Pa. May 3, 2016) does not

support an argument that the District Court could diverge from the jury here.

*Romero* involved different findings as to each particular plaintiff based upon the facts, the findings lacked sufficient clarity, and the matter was remanded.  Unlike *Romero,* the District Court could not could reach conclusions on the equitable claim that varied from the jury's, based on the record and issues here.  Also, unlike the *Romero* plaintiffs which changed positions to gain an advantage, SPT has continuously argued the same position: that on this record and also based on the jury's controlling findings, the non-jury ERISA verdict could not be inconsistent with the verdicts on age and disability discrimination.

Kairys argues that the precise basis for the jury's verdict is unclear, the jury also returned a defense verdict on the ERISA claim (albeit advisory).  Kairys' argument that the jury only drew "legal conclusion" ignores that the jury made implicit findings upon which those conclusions were based, and quite obviously rejected Kairys' evidence and theories, and credited SPT's evidence and testimony.  Also, Kairys never requested the jury to make findings on the questions he now claims would have clarified the jury decision.  and did not appeal the age and disability discrimination verdicts.  There is no scenario under the circumstances here that the District Court could find Kairy's use of ERISA benefits to be a determinative factor in his termination.  Finally, there is no evidence suggesting that the jury improperly considered evidence that it should not have.

## IV.    THE DISTRICT COURT ERRED IN ITS FRONT PAY AWARD

SPT adopts the arguments regarding the District Court's front pay award from its principal brief.

## V.    THE DISTRICT COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEYS' FEES AND COSTS

SPT thoroughly addressed its argument that the District Court's abused its discretion with regard to the award of attorneys' fees and costs, and adopts and incorporates them herein.  However, to address Kairys' argument, should the ERISA verdict be reversed, Kairys would not be entitled to attorney's fees in anything near the same amount for "prevailing" on the WPCL claim.  The only logical remedy would be to remand to the District Court to make specific determinations as to a fee award limited to the WPCL and contract.

## <u>CONCLUSION</u>

For the foregoing reasons and those set forth in its principal brief, Appellant Southern Pines Trucking, Inc. respectfully requests that this Honorable Court reverse the District Court's March 31, 2022 Final Judgment (ECF 132) for Plaintiff Kairys on the ERISA claim, and also enter judgment in SPT's favor, and reverse the Order and Judgment entered May 9, 2022 (ECF 146) granting Kairys' petition for attorney's fees and costs, or alternatively, significantly reduce this award.

Respectfully submitted
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY:  */s/ Audrey J. Copeland*
AUDREY J. COPELAND, ESQ.
PA I.D. 44291
620 Freedom Business Center, Suite 405
King of Prussia, PA 19406
Tel: (610) 354-8283; Fax: (610) 354-8299

TERESA O. SIRIANNI, ESQ.
PA I.D. 90472
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
Tel: (412) 803-1140; Fax: (412) 803-1188
*Attorneys for Appellant*
*Southern Pines Trucking, Inc.*

## CERTIFICATION OF BAR MEMBERSHIP

The undersigned hereby certifies that, pursuant to 3rd Circuit Local Appellate Rules 28.3(d), Audrey J. Copeland, Esquire, is a member of the bar of the Third Circuit.

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Fed. R.A.P. 32(a)(7)(B) for Reply Briefs of 6500 words because, excluding the parts of the document exempted by Fed. R.A.P. 32(f), this document contains 6243 words.

2.      This document complies with the typeface requirements of Fed. R. A. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14 point Times New Roman.

3.      The undersigned hereby certifies that the text of the electronic brief is identical to the text of the paper copies, and the McAfee VirusScan Enterprise 8.0.0 detection program has been run on the file and no virus has been detected.

MARSHALL DENNEHEY WARNER
COLEMAN AND GOGGIN
BY:  *s/s Audrey J. Copeland*
AUDREY J. COPELAND, ESQ.

Date:  January 3, 2023

NOs. 22-1783 and 22-2055

In the

# United States Court of Appeals
# for the Third Circuit

THOMAS J. KAIRYS,

**Appellee**

v.

**SOUTHERN PINES TRUCKING, INC.,**

**Appellant**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the *Reply Brief of Appellant Southern Pines Trucking, Inc.* was electronically filed with the Court and copies delivered to the below on the date indicated:

**VIA ECF**

Christine T. Elzer, Esq./Tamra VanHausen, Esq.
ELZER LAW FIRM
100 First Ave., Ste. 1010
Pittsburgh, PA  15222
*Counsel for Appellee*

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
*/s/ Audrey Jacobsen Copeland*
AUDREY JACOBSEN COPELAND, ESQ.
620 Freedom Business Ctr., Ste. 405
King of Prussia, PA  19406
(610) 354-8274
*Attorneys for Appellant*
*Southern Pines Trucking, Inc.*

Date:  January 3, 2023